COOPER, WHITE & COOPER LLP
PETER C. CALIFANO (CA SBN 129043)
  pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    (415) 433-1900
Facsimile:    (415) 433-5530


ANTHONY & PARTNERS, LLC
JOHN A. ANTHONY (FL SBN 0731013)
  janthony@anthonyandpartners.com
Admitted *Pro hac vice*
ANDREW J. GHEKAS (FL SBN 0119169)
  aghekas@anthonyandpartners.com
Admitted *Pro hac vice*
100 South Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone:    (813) 273-5616
Facsimile:    (813) 221-4113

Attorneys for Creditor CENTENNIAL BANK

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

[San Jose Division]

| | |
|---|---|
| In re:<br><br>EVANDER FRANK KANE,<br><br>    Debtor. | Case No. 21-50028 SLJ<br><br>Chapter 7<br><br>**CENTENNIAL'S EX PARTE APPLICATION FOR ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING THE EXAMINATION OF THE DEBTOR EVANDER FRANK KANE AND FOR THE PRODUCTION OF DOCUMENTS**<br><br>**[NO HEARING REQUESTED]**<br><br>**Judge: Hon. Stephen C. Johnson** |

**TO THE HONORABLE STEPHEN L. JOHNSON, U.S. BANKRUPTCY JUDGE:**

Creditor Centennial Bank ("Centennial") through its attorneys, Anthony & Partners, LLC,

Case: 21-50028    Doc# 40    Filed: 03/02/21    Entered: 03/02/21 13:14:24    Page 1 of 16

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1

seeks an order directing the examination (the "Examination") of Evander Frank Kane (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and compelling the production of such documents as are necessary to such Examination pursuant to Rule 9016 and respectfully sets forth and represents as follows:

On January 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") [PACER Doc. 1] for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

On or about January 11, 2021, a "Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline" [Doc. 4] was issued by the Clerk of the Court, which indicates that the deadline for filing an objection to discharge in the Debtor's Bankruptcy is April 5, 2021.

On January 15, 2021, a "Notice of Possible Dividend" [Doc. 13] was issued by the Clerk of the Court, which states "[i]t now appears that a payment of a dividend may be possible" and set a claims bar date of April 15, 2021.

On September 5, 2018, the Debtor executed and delivered to Centennial a "Promissory Note" (the "Original Note") in the original principal amount of $3,900,000. On that same date, and in order to secure the Debtor's payment obligation under the Original Note, the Debtor executed and delivered to Centennial a "Secured Financial Transaction and Security Agreement" (the "Original Security Agreement"), thereby granting Centennial a perfected security interest in those payments (including wages, bonuses, all payments defined as "Compensation" under the Player's Contract and any other payments due to the Debtor) as set forth in the "Standard Player's Contract" (the "Player's Contract") as between the Debtor and the San Jose Sharks.

The Original Note has been amended, renewed, and increased on three (3) separate occasions with the Debtor executing and delivering to Centennial a "First Amendment to Promissory Note," "Second Amendment to Promissory Note," and "Third Amendment to Promissory Note" (collectively, the "Note Amendments"), on October 17, 2018, February 28, 2019, and April 30, 2019, respectively.

In connection with the Debtor's execution of each and every Note Amendments, the Debtor further executed and delivered to Centennial an amendment to the Original Security

Agreement, in the form of the "First Amendment to Secured Financial Transaction and Security Agreement," "Second Amendment to Secured Financial Transaction and Security Agreement," and "Third Amendment to Secured Financial Transaction and Security Agreement" (collectively, the "Security Agreement Amendments").

Under the Original Note and Note Amendments (collectively, the "Note"), the Debtor was obligated, <u>inter</u> <u>alia</u>, to make monthly payments to Centennial, and secure its payment obligations to Centennial with a security interest in the Player's Contract as well as in a depository account the Debtor was to open and maintain at Centennial.

As of the date of initiating this Bankruptcy Case, the Debtor's obligation to Centennial remained due and owing in the total amount of approximately $8,360,092.97.

**The Debtor's Filed Schedules**

On the Petition Date, the Debtor included within the Petition his Summary of Assets and Liabilities and Schedules A-J (collectively, the "Schedules").

As stated within the Debtor's Schedules, on "Schedule I – Your Income", the Debtor indicated that he is a professional athlete employed by the San Jose Sharks, has been employed for eleven (11) years and three (3) months, but has a calculated gross income of $0.

Further, on the "Schedule J – Your Expenses," although indicate that he has a current gross income of $0, the Debtor lists monthly expenses totaling $93,214.46.

Additionally, on "Official Form 108 – Statement of Intention for Individuals Filing Under Chapter 7," the Debtor indicates that it is his intention to "[r]etain and continue to pay" all three (3) residential properties that the Debtor owns – in Canada and in the United States – along with the five (5) loans on the same. The Debtor further indicates that it is his intention to assume the two (2) leases that he currently has with Mercedes Benz of Oakland, in regards to two (2) Mercedes G6s, which the Debtor estimates on his Schedule J as costing the Debtor approximately $8,910.83 in monthly lease payments. The Debtor intends to continue to retain and pay such obligations despite indicated that his current gross income is $0.

Moreover, the Debtor indicates on the Petition that his debts are primarily business debts; however, on the "Schedule A/B – Property" the Debtor lists minimal assets other than the three (3)

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 40    Filed: 03/02/21    Entered: 03/02/21 13:14:24    Page 3 of 16

3

residential properties identified in the preceding paragraph, and identifies very minimal business investments or holdings.

**<u>Potential Dismissal of Bankruptcy Case and Further Objection</u>**
**<u>to the Bankruptcy Discharge the Debtor Seeks</u>**

The Debtor has amended his "Schedule D – Creditors Who Have Claims Secured by Property," on January 31, 2021 [Doc. 18], and identifies Centennial as a secured creditor having a secured claim on "[v]arious collateral, including an alleged interest in future wages," in the amount of $8,360,000. The Debtor does not dispute Centennial's claim or otherwise claim that it is continuing or unliquidated.

Upon reviewing the Petition and Schedules, as well as attendance at the Debtor's 341 Meeting of Creditors, Centennial may have a basis to seek dismissal of the Bankruptcy Case pursuant to Section 707(b) of the Bankruptcy Code, or otherwise have objections to the granting of the Debtor's bankruptcy discharge pursuant to Section 727(a).

By reviewing the Debtor's Schedules alone, it cannot be determined without a 2004 examination of the Debtor to what extent the Debtor's debt is in fact nonconsumer debt as the Debtor claims or to what extent the Debtor has utilized the proceeds of the Note and other loan obligations the Debtor has with a number of other financial institutions.

Through a 2004 Examination of the Debtor and inspection of his books and records, the particulars of Centennial's seeking of a dismissal of the Debtor's Bankruptcy Case or potential objections to Debtor's discharge may be determined and further discovered and clarified.

Therefore, it is respectfully submitted that such broad discovery, as permitted under Rule 2004, is warranted here to effectively investigate the details of the business and financial dealings of the Debtor.

Accordingly, this Court should authorize the requested Examination and additionally to compel production of such documents as are necessary in connection with such Examination as described in the attached document request in Exhibit "A" attached hereto. The power of the Court to authorize such relief is accorded by Rules 2004(c) and 9016.

WHEREFORE, Centennial respectfully requests an order pursuant to Rules 2004 and 9016

as follows:

1. The Debtor shall produce the documents that are requested in the attached Exhibit "A", and permit inspection and copying on March 19, 2021 at 9:00 a.m. at Cooper, White & Cooper LLP located at 201 California Street, 17th Floor, San Francisco, CA 94111.

2. The Debtor shall appear and testify on March 22, 2021 beginning at 9:00 a.m. via the Zoom video platform, until concluded; and

3. For such other and further relief as the Court deems just and proper.

DATED: March 2, 2021         COOPER, WHITE & COOPER LLP

By:        /s/*Peter C. Califano*
    Peter C. Califano
    Attorneys for Creditor
    CENTENNIAL BANK

DATED: March 2, 2021         ANTHONY & PARTNERS, LLC

By:        /s/*John A. Anthony*
    John A. Anthony
    Attorneys for Creditor
    CENTENNIAL BANK

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

In re Evander Frank Kane
U.S. Bankruptcy Court N.D. California
Case No. 21-50028

**EXHIBIT "A"**

**I.      DEFINITIONS AND INSTRUCTIONS**

**CENTENNIAL BANK 2004 EXAMINATION**

The following definitions and instructions are to be used or referred to in connection with "Notice of Rule 2004 Examination Duces Tecum of Debtor" (the "2004 Examination"):

1.      The term "Debtor" shall refer to Evander Frank Kane, together with any managing members, members, employees, accountants, attorneys, or other agents of the Debtor.

2.      The term the "Centennial" shall refer to Centennial Bank, an Arkansas state-chartered bank, together with any officers, directors, shareholders, employees, accountants, attorneys, or other agents of Centennial.

3.      The term the "Liquidation" shall refer to this chapter 7 bankruptcy proceeding, styled In re Evander Frank Kane, Case No. 21-50028, currently pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

4.      The term "Schedules" shall refer to any schedules or statement of financial affairs hereafter filed by the Debtor.

5.      The term "District Court Action" shall refer to an underlying federal district court action involving the Debtor, which was initiated by the filing of the initial complaint on January 7, 2021, styled as Centennial Bank, an Arkansas state-chartered bank v. Evander Kane. et. al, Case No. 21-cv-60045, pending in the United States District Court, Southern District of Florida, Fort Lauderdale Division (the "Florida Federal Court").

6.      The term "State Action" shall refer to an underlying state court proceeding involving the Debtor, styled Centennial Bank v. Evander Kane et al., Case No. 20CV364167, recently pending in the Superior Court of the State of California, County of Santa Clara (the "California State Court").

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

7. The term the "Sharks" shall refer to San Jose Sharks, LLC, a Delaware limited liability company, together with any managing members, members, affiliates, subsidiaries, employees, accountants, attorneys, parent companies, officers, directors, or other agents of the Sharks.

8. The term the "Player's Contract" shall refer to that certain "Standard Player's Contract" by and between the Debtor and the Sharks, dated May 25, 2018.

9. The term "Pledged Payments" shall refer to any and all amounts due and owing to the Debtor by the Sharks pursuant to the Player's Contract, including without limitation, any compensation, signing bonus, or player's bonus, that have been pledged by the Debtor to Centennial.

10. The term "Designated Account" shall refer to the controlled deposit account opened by the Debtor with Centennial as required under the Original Security Agreement.

11. The term the "Loan" shall refer to the obligation created by the Loan Documents as defined herein, this being a debt of the Debtor to Centennial, that was in the original amount of $3,900,000.

12. The term the "Original Note" shall refer to the executed and delivered "Promissory Note," in the original amount of $3,900,000, delivered by the Debtor to Centennial on or about September 5, 2018.

13. The term the "Original Security Agreement" shall refer to the executed and delivered "Secured Financial Transaction and Security Agreement" delivered by the Debtor to Centennial on or about September 5, 2018.

14. The term "Garnishment Waiver" shall refer to the executed and delivered "Florida Agreement to Waive Garnishment Protection" delivered by the Debtor to Centennial on or about September 5, 2018.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 40    Filed: 03/02/21    Entered: 03/02/21 13:14:24    Page 7 of 16

Exhibit A Page 2

15. The term "First Amended Note" shall refer to the "First Amendment to Promissory Note" executed and delivered by the Debtor to Centennial on or about October 17, 2018, increasing the Loan by an additional $2,000,000.

16. The term "Second Amended Note" shall refer to the "Second Amendment to Promissory Note" executed and delivered by the Debtor to Centennial on or about February 28, 2019, increasing the Loan from $5,181,691.17 to $5,900,000.

17. The term "Third Amended Note" shall refer to the "Third Amendment to Promissory Note" executed and delivered by the Debtor to Centennial on or about April 30, 2019.

18. The term "Note" shall collectively refer to the Original Note, First Amended Note, Second Amended Note, and Third Amended Note.

19. The term "First Amended Security Agreement" shall refer to the "First Amendment to Secured Financial Transaction and Security Agreement" executed and delivered by the Debtor to Centennial on or about October 17, 2018.

20. The term "Second Amended Security Agreement" shall refer to the "Second Amendment to Secured Financial Transaction and Security Agreement" executed and delivered by the Debtor to Centennial on or about February 28, 2019.

21. The term "Third Amended Security Agreement" shall refer to the "Third Amendment to Secured Financial Transaction and Security Agreement" executed and delivered by The Debtor to Centennial on or about April 30, 2019.

22. The term "Security Agreements" shall collectively refer to the Original Security Agreement, the First Amended Security Agreement, the Second Amended Security Agreement, and the Third Amended Security Agreement.

23. The term "Loan Documents" shall refer to every contract placing Centennial in privity with the Debtor.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Exhibit A Page 3

Case: 21-50028   Doc# 40   Filed: 03/02/21   Entered: 03/02/21 13:14:24   Page 8 of 16

24. The term "Sure Sports" shall refer to Sure Sports LLC, together with any and all officers, managing members, members, managers, employees, accountants, attorneys, or other agents of Sure Sports.

25. The term "South River" shall refer to South River Capital, LLC, together with any managing members, members, affiliates, subsidiaries, employees, accountants, attorneys, parent companies, officers, directors, or other agents of South River.

26. The term the "Cosmopolitan" shall refer to The Cosmopolitan of Las Vegas, together with any managing members, members, affiliates, subsidiaries, employees, accountants, attorneys, parent companies, officers, directors, or other agents of the Cosmopolitan.

27. The term "communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

28. The term "control," when applied to a business entity, shall mean the ownership, individually, singularly, or together with a spouse (as co-obligor, as tenants by the entireties, or otherwise), on in conjunction with any person, partnership, corporation, or other business entity (to the extent also so controlled) of more than half of the authorized, issued, and outstanding shares of such business entity. This term shall also include a de facto control of such business entity, including exercise of day-to-day responsibility for business or financial affairs of such business entity.

29. The term "identify,"
   a. when used in reference to any individual person, shall mean to state that individuals full name, present address, present employer, and occupation;
   b. when used as reference to a person other than an individual, shall mean to state the legal nature of that person (e.g., a corporation, partnership, trust, estate,

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 40    Filed: 03/02/21    Entered: 03/02/21 13:14:24    Page 9 of 16
Exhibit A Page 4

association, company), and to state its full name, address, and principal place of business; and

    c. when used in reference to a document (or documents), shall mean to state the document's author, signatory, addressee, title, date, and page length.

30. The term "or" shall be construed by their conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

31. The term "document" shall mean any and all information in tangible form, including without limitation, all letters, telegrams, telexes, teletypes, correspondence, e-mail transmissions and comparable computerized communications, SMS, MMS, and iMessage or similar communications, contracts, drafts, agreements, notes to file, reports, memoranda, electrical or mechanical recordings or transcripts of such recordings, blueprints, flow sheets, calendar or diary entries, memoranda of telephone or personal conversations, memoranda or meetings or conferences, studies, reports, intra-office communications, manuals, newsletters, compilations, charts, graphs, compositions, bids, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, promissory notes, evidence of indebtedness, and all drafts and copies of documents as herein defined, by whatever means made.

32. The term "related to" or any form thereof means to embody, record, refer to, concern, reflect, or in any manner involved or otherwise implicate the subject matter of this 2004 Examination.

33. To the extent that the Debtor is unable to respond to any of the request herein, the Debtor must set forth in detail the reasons why he cannot do so.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028   Doc# 40   Filed: 03/02/21   Entered: 03/02/21 13:14:24   Page 10 of 16

Exhibit A Page 5

34. To the extent that the Debtor considers any of the following requests objectionable, the Debtor must respond to as much of such request or each part thereof, as is not objectionable, in his view, then separately set forth the basis for such objection.

35. The repetition of definitions or instructions herein is intended to assist the Debtor in responding to and complying with this request; however, such repetition shall in no way limit the application of the definitions herein.

36. Any defined term contained herein may be used, when applicable, in its possessive or plural form as reasonably applicable, as well as in masculine, feminine, or neuter form.

## II. AREAS OF INQUIRY

The examination will inquire into the acts, conduct, or property or the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or the Debtor's right to a discharge. Additionally, the examination will also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the Debtor or offered therefor, and any other matter relevant to the case or the formulation of a plan.

## III. CATEGORIES OF DOCUMENTS TO BE PRODUCED

1. All documents that the Debtor contend place him in privity with Centennial, including all originals and non-conforming copies of the Loan Documents, whether in final or draft form.

2. All documents relating to or evidencing the negotiation, closing, performance, or breach of all or any of the Loan Documents.

3. All documents reflecting any advances to or from Centennial pursuant to the Loan Documents.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028   Doc# 40   Filed: 03/02/21   Entered: 03/02/21 13:14:24   Page 11 of 16

Exhibit A Page 6

4. All documents evidencing payments made by or on account of the Debtor to service the Loan.

5. All documents that evidence or constitute invoices that constitute bank account records for any account utilized by the Debtor at any point in time during the last seven (7) years preceding the date of the Debtor's initiation of the Liquidation.

6. All documents evidencing the financial status of the Debtor at any point in time within the last seven (7) years, including all balance sheets, income statements, financial statements, and accounting documents or communications relating in any way to the assets, liabilities, income, or expenses of the Debtor at any time, whether actual or projected, whether prepared by an accountant, a bookkeeper, or any other person, and whether audited, reviewed, or compilation.

7. All documents reflecting any form of emolument ever made by the Debtor to Centennial for any reason, including without limitation, any payment made pursuant to the Loan Documents to service the Loan.

8. All demand letters, pleadings, and other documentation reflecting efforts by any creditor to collect a debt as against the Debtor, to the extent generated during the twelve (12) months preceding the date of the Debtor's initiation of the Liquidation.

9. All documents relating to the federal tax history of the Debtor, during the last seven (7) years, including federal tax returns, schedules, any correspondence or evidence of communications with the accountant or tax preparer for the same, and any audit materials or other related communications by and between either the Debtor and any federal taxing authority representative, whether within the United States or within Canada.

10. All official documents for any business entity, including without limitation any limited company, limited liability company. corporation, limited partnership or joint venture that Kane has any direct or indirect interest in, and all other evidences of the ownership, management,

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028   Doc# 40   Filed: 03/02/21   Entered: 03/02/21 13:14:24   Page 12 of 16

Exhibit A Page 7

or control of such business entity, and the formal business and financial decisions making authority of such business entity.

11. All documents constituting financial statements, credit reports, loan applications, or other summary presentation to any potential lender that the Debtor consulted with prior to the initiation of the Liquidation.

12. All documents evidencing the value of any component of any property, tangible or intangible, real or personal, owned by the Debtor within the last seven (7) years, including, without limitation, appraisals, purchase offers, letters of intent, listing agreements, balance sheets, pro formas, or other documents pertaining to all or any portion of such property.

13. A copy of any and all licenses held by the Debtor, including without limitation professional licenses and driver's license.

14. A copy of any passport issued to the Debtor.

15. All documents evidencing any transfer in ownership of any business entity, including without limitation any limited company, limited liability company, limited partnership, general partnership, joint venture, or corporation, to or from the Debtor.

16. All documents reflecting any form of communication between the Debtor and any financial services provider, relating to any funding, transfer of funds, debt obligations, service agreements, or other transactions or financial services being provided to the Debtor.

17. All documents reflecting any form of communication between the Debtor and Sure Sports relating to the Debtor or any financial institution.

18. All documents reflecting any form of communication by and between Centennial and the Debtor regarding the Loan Documents, the Loan, applications for loans, financial reporting, and the Player's Contract.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 40    Filed: 03/02/21    Entered: 03/02/21 13:14:24    Page 13 of 16

Exhibit A Page 8

19. All documents reflecting litigation during the past five (5) years in which the Debtor has been involved, including but not limited to any past bankruptcy proceedings.

20. All documents tending to confirm, rebut, or otherwise relate to any valuation of any asset identified in the Schedules.

21. All documents that constitute evidence of financial activity on any account of the Debtor, including without limitation, account statements, checks and copies of checks, advice of wire transfer, information pertaining to deposits and withdrawals, signature cards, and any other condition of account activity.

22. All documents evidencing the fixed assets of the Debtor at any point in time during which the Loan has been outstanding.

23. All applications for a loan, or financial statements, together with any documents supporting or qualifying the same, presented by or prepared for the Debtor at any point in time during which the Loan has been outstanding.

24. All documents that evidence any contractual relationship by and between the Debtor and the Sharks.

25. All documents reflecting any form of communication by and between the Debtor and the Sharks regarding the Pledged Payments.

26. All documents reflecting any amounts due and owing to the Debtor under the Player's Contract.

27. All documents relating to any payments of Pledged Payments received by the Debtor under the Player's Contract at any point in time.

28. All documents relating to the Pledged Payments.

29. All documents relating to the manner in which the proceeds from the Loan were utilized by the Debtor.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028   Doc# 40   Filed: 03/02/21   Entered: 03/02/21 13:14:24   Page 14 of 16

Exhibit A Page 9

30. All documents relating to any form of compensation received by the Debtor from the Sharks at any point in time.

31. All documents that evidence the liquidation, transfer, or abandonment by the Debtor of real or personal property.

32. All documents reflecting the existence and activity of any account on which the Debtor is an authorized signatory, owner, or beneficiary, including without limitation any checking account, deposit account, securities account, loans, or other financial relationship, including all corresponding statements and other evidence of account activity during the past twelve (12) years.

33. All documents reflecting any transfers originating from any account on which the Debtor is the authorized signatory, owner, or beneficiary, including without limitation any checking account, deposit account, or securities account by or for the Debtor's benefit activity during the past twelve (12) years.

34. Copies of the Debtor's bank account statements, including any canceled checks, signature cards, wire transfers, withdrawals, debits and credits, cashier checks, and account closing documents, during the past twelve (12) years.

35. Copies of all deeds, leases, mortgages, or any other written instrument evidencing the Debtor's direct or indirect interest or ownership in any real property at any time, including but not limited to real properties located at: 2301 Richland Ave., San Jose, California 95125; 3457 W. 35th Ave., Vancouver, British Columbia, Canada, 8447 Isabel Place; and Vancouver, British Columbia, Canada.

36. All bills of sale or other written evidence of any personal or real property purchased, sold, or otherwise transferred by you during the past twelve (12) years.

37. All documents evidencing any gambling, either formal at a casino or informal, together with any sports betting, conducted by the Debtor within the last seven (7) years.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

38. All documents evidencing any direct or indirect interest in any publicly traded company, including stock certificates and related valuation of such certificates.

39. All documents evidencing any direct or indirect interest in any non-publicly traded company, partnership, or joint venture, including any stock certificates, member shares, partnership agreements or joint venture agreements, and any related documents evidencing valuation of such interest.

40. All documents evidencing the Debtor's ability or inability to pay the liabilities as listed on the Schedules.

41. All documents evidencing the manner in which the any of the Pledged Payments were utilized by the Debtor during the last two (2) years.

42. All pending mediation and arbitration agreements as between the Debtor and any third-party.

43. Copies of any and all titles or registration statements for motor vehicles, aircraft, boats, golf carts, or any such other vehicle in which the Debtor has a direct or indirect interest in.

44. All documents evidencing the manner in which the Debtor has utilized, gifted, invested, or otherwise disposed of any compensation, salary, signing bonuses, or other monies received by the Debtor from the Sharks or any other professional team within the National Hockey League for services rendered by the Debtor on behalf of the same during the past twelve (12) years.

1499820.1

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002