Stephen G. Opperwall (SBN 100057)
LAW OFFICES OF STEPHEN G. OPPERWALL
4900 Hopyard Road, Suite 100
Pleasanton, California 94588
Telephone: (925) 417-0300
Facsimile: (925) 417-0301
E-mail: steve.opperwall@comcast.net

Attorneys for Creditor
Professional Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>Evander Frank Kane,<br><br>    Debtor, | No. 21-50028 SLJ 7<br><br>Chapter 7<br><br>Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee<br><br>Date: 3/30/21<br>Time: 11:00 a.m.<br>Place: Courtroom 9<br>       San Jose, California |

## I

## INTRODUCTION

Creditor Professional Bank hereby submits this Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee.

1

Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028   Doc# 41   Filed: 03/02/21   Entered: 03/03/21 00:00:58   Page 1 of 5

## II

## SUMMARY

Professional Bank joins in the motion, joins in the arguments by Zions Bancorporation, and joins in requesting the result of converting this Chapter 7 bankruptcy case to a Chapter 11 bankruptcy case, and appointing a Chapter 11 trustee.

Along with that, and as part of that same requested relief, Professional Bank also requests the reinstatement of the automatic payment arrangements that Debtor Evander Kane agreed to regarding Professional Bank and certain other banks, whereby the debt service payments on his loan with Professional Bank would be made automatically from the paycheck payments that are owed to Kane by his employer the San Jose Sharks, pursuant to the Security Agreement and UCC-1 filing in favor of Professional Bank.

## III

## LEGAL AUTHORITY

Legal authority exists for one party to join in another party's motion, and in the arguments of another party's motion, and in requesting the relief that another party's motion seeks.

See for example: Tatung Company, Ltd. v. Shu Tze Hsu, 217 F.Supp.3d 1138, 1151-52 (C.D. Cal. 2016), saying:

1. Legal Standard

> [1] When reviewing whether to allow a party to join in a motion, the court will allow the joinder when either (1) the parties are so similarly situated that filing an independent motion would be redundant, or (2) the party seeking joinder specifically points out: which parts of

2

Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028    Doc# 41    Filed: 03/02/21    Entered: 03/03/21 00:00:58    Page 2 of 5

the motion apply to the joining party, the joining party's basis for standing, and the factual similarities between the joining party and moving party that give rise to a similar claim or defense. See <u>United States v. Longoria</u>, CR No. 89-225-FR, 1990 WL 11418, at *4 (D. Or. Jan. 31, 1990) (allowing co-defendants to join on motion to compel discovery of informant's identity where same informant testified against all defendants); <u>United States v. Ledbetter</u>, No. 2:14-CR-127, 2015 WL 5954587, at *2 (S.D. Ohio Oct. 14, 2015) (allowing parties to join in discovery motions where the exact same discovery is requested); <u>United States v. Cerna</u>, No. CR-08-0730 WHA, 2011 WL 500229, at *12 (N.D. Cal. Feb. 9, 2011) (holding motion to join in another's motion should not "leave the [court] guessing as to the reasons why the motions sought to be joined apply"); <u>United States v. Svihel</u>, No. 15-cr-190 (2)(4) (DSD/LIB), 2016 WL 1212364, at *6 (D. Minn. Feb. 25, 2016) (denying "blanket authorization to join in all motions" and requiring movant to "allege *1152 a basis for standing" and a "factual basis for joining" each motion).

### III

### DISCUSSION

Professional Bank's situation vis-à-vis Debtor Evander Kane is the same as Zions Bancorporation's situation on the subject of converting this case to Chapter 11 and appointing a Chapter 11 trustee.

3

Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028   Doc# 41   Filed: 03/02/21   Entered: 03/03/21 00:00:58   Page 3 of 5

The main point is that someone other than Debtor Kane should be managing the $29,000,000 of compensation that Kane will receive over the remaining years of his $49,000,000 contract with the San Jose Sharks.

The person managing that money should have the skills and duties of a financial trustee, and that person should apply that money to the payment of Kane's significant debts and in compliance with the obligations owed by Kane to his creditors.

Professional Bank joins in the motion, joins in the arguments, and joins in the requested outcome (of conversion to Chapter 11 and appointment of a Chapter 11 trustee).

Professional Bank has standing to take these positions and to make these arguments. The standing is by virtue of being another creditor of Kane, and by being owed money by Kane to pay off approximately $1,500,000 in loans, including through a Security Agreement and a UCC-1.

Professional Bank's counsel believed at the very outset of this case that it should be a Chapter 11 case and not a Chapter 7 case. The Debtor is a professional hockey player with more than enough income in the next 3 to 4 years to pay off creditors in full. That income is virtually guaranteed by Kane's National Hockey League player contract. Creditors loaned many millions of dollars to Kane in reliance on that income, including terms that the income stream serve as the main collateral to repay the loans. Kane received approximately $20,000,000 from banks with the banks relying on that stream of income as the main source of repayment of the loans. Kane received the money from those loans, he bought multiple houses in multiple cities that are occupied by multiple

4

Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028    Doc# 41    Filed: 03/02/21    Entered: 03/03/21 00:00:58    Page 4 of 5

friends and relatives, he lost millions of dollars gambling, etc., as documented in detail in the Motion to Convert.

The Chapter 7 filings try to give the impression that Kane does not have the money "right now" to pay off his debts. However, Kane does have a stream of income of at least $29,000,000 in the next 3 to 4 years, just salary from the San Jose Sharks. He is a famous and popular NHL professional hockey player, and probably also will have millions more dollars of income from endorsements during the same period of time.

## IV

## CONCLUSION

Professional Bank joins in the Motion to Convert and to Appoint a Chapter 11 trustee, and Professional Bank asks that the motion be granted.

Dated: March 2, 2021          LAW OFFICES OF
                              STEPHEN G. OPPERWALL

                              /s/ Stephen G. Opperwall
                              ─────────────────────────
                              STEPHEN G. OPPERWALL
                              Attorneys for Creditor
                              Professional Bank

motion.Zions.convert case.JOINDER.by PB.doc.wpd

5

Notice of Joinder and Joinder by Creditor Professional Bank in the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028   Doc# 41   Filed: 03/02/21   Entered: 03/03/21 00:00:58   Page 5 of 5