Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA  94104
Telephone No.: 415-672-5991
Facsimile No.:  415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**MOTION FOR AUTHORITY TO CONVEY ESTATE'S EQUITY IN REAL ESTATE AND RESOLVE DISPUTE CONCERNING BANK ACCOUNTS**<br><br>[No Hearing Required Unless Requested] |

Fred Hjelmeset, Trustee in Bankruptcy of the estate of the above-named estate, hereby moves the Court for an order authorizing him to Agreement Concerning Real Estate and Bank Accounts" ("Agreement") with Evander Frank Kane ("Debtor"). If the Trustee is authorized to enter into the Agreement, it will result in the Estate receiving a payment in the amount of $255,000. A copy of the Agreement is attached as Exhibit A to the Trustee's Declaration filed in support of this motion.

The proposal is more thoroughly described in the Notice and Opportunity for Hearing on Motion for Authority to Convey Estate's Equity in Real Estate and Resolve Dispute Concerning Bank Accounts ("Notice") filed herewith. A copy of the Notice is attached hereto as **Exhibit A** and is incorporated by reference. As set forth in greater detail in the Notice, the Trustee is seeking authority to enter into the Agreement pursuant to: Federal Rule of Bankruptcy Procedure 9019 as applied by *In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986); and 11 U.S.C. Section 363.

By this motion, the Trustee seeks authority to:

(a) enter into the Agreement

(b) take all steps necessary to consummate the Agreement, including the execution of documents to perform the Agreement; and

(c) include a provision in the order granting this Motion that it is effective upon entry, and the stay imposed by Rule 62(a) of FRCP and/or Bankruptcy Rule 6004(h) shall not apply.

DATED: March 4, 2021          RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for FRED HJELMESET,
Trustee in Bankruptcy

| | |
|---|---|
| In re<br><br>    EVANDER FRANK KANE,<br><br>               Debtor. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION FOR AUTHORITY TO CONVEY ESTATE'S EQUITY IN REAL ESTATE AND RESOLVE DISPUTE CONCERNING BANK ACCOUNTS**<br><br>[No Hearing Required Unless Requested] |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE THAT** Fred Hjelmeset, the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Evander Frank Kane ("Estate"), has entered into an "Agreement Concerning Real Estate and Bank Accounts" ("Agreement") [1] with Evander Frank Kane ("Debtor"). If the Trustee is authorized to enter into the Agreement, the Debtor shall pay to the Estate the aggregate sum of $255,000, in exchange for the Estate's net equity in residential real property commonly referred to as 2301 Richland Avenue, San Jose, California (the "San Jose Property"), relinquish the Estate's interest in two homes in Canada, and resolve a dispute between the Trustee and the Debtor with regard to the Estate's interest in certain bank accounts scheduled in the Debtor's bankruptcy case. The Trustee seeks authorization to enter into the Agreement.

**Background**

The Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on January 9, 2021 ("Petition Date"). According to the Debtor's sworn schedules, as of the Petition Date, the Debtor and his non-debtor spouse, Deanna Sara Jean Kane ("Spouse"), are the owners of the San Jose Real Property. The San Jose Property is a community property asset and is property of the Estate pursuant to 11 U.S.C. Section 541(a)(2). Prior to the Petition Date, the San Jose Property was owned by Lions Properties, LLC ("Lions"), a limited liability company. The Debtor asserts that he formed Lions pre-petition for the sole purpose of taking title to the San Jose Property. The Debtor represents and warrants to the Trustee that: (i) the only asset of Lions was the San Jose Property and that Lions had no other debts; (ii) the sole members of Lions are the Debtor and Spouse; and (iii) the San Jose Property was transferred from Lions to the Debtor and Spouse by way of a quit claim deed recorded on or about January 8, 2021.

According to the Debtor's sworn bankruptcy schedules the Debtor: (i) is the co-owner, with his mother, of residential real property commonly referred to as 3457 W 35th Ave., Vancouver, British Columbia, Canada (the "35th Ave. Property"); and (ii) is the owner, in fee simple, of residential real property commonly

---

[1] The summary of the Agreement set forth in this Notice is for illustrative purposes only and is qualified in its entirety by reference to the Agreement. In the event of any inconsistencies between the summary in this Notice and the Agreement, the Agreement controls in all respects. A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Fred Hjelmeset in Support of Motion for Authority to Convey Estate's Equity in Real Estate and Resolve Dispute Concerning Bank Accounts.

referred to as 8447 Isabel Place, Vancouver, British Columbia, Canada (the "Isabel Property"). The Isabel Property and the 35th Ave. Property are collectively referred to as the "Canadian Properties."

According to the Debtor's sworn bankruptcy schedules, the Debtor maintained, as of the Petition Date, deposit accounts in the United States with Bank of America and Wells Fargo. In addition, the Debtor maintained bank accounts, as of the Petition Date, with Scotia Bank and the Royal Bank of Canada. On the Petition Date, the Spouse maintained a checking account with Wells Fargo Bank. The scheduled value of these accounts was approximately $38,895 (collectively, "Bank Accounts").[2] On February 26, 2021, the Debtor filed amended schedules with the Bankruptcy Court. Among other things, through the amended schedules, the Debtor revised some of his claims of exemption. The Debtor asserts the following claims of exemption: (i) A $600,000 homestead exemption in the San Jose Property; (ii) A claim of exemption for all funds maintained in the Bank Accounts, which claim of exemption is made pursuant to California Code of Civil Procedure Section 704.225, which provides: "Money in a judgment debtor's deposit account that is not otherwise exempt under this chapter is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor."

Following the Petition Date, the Trustee worked with real estate brokers and agents to evaluate the San Jose Property and the Canadian Properties. Based on their evaluation, the Trustee estimates that: (i) the fair market value of the San Jose Property is approximately $3,275,000. Based on this valuation the Trustee has calculated the estimated net value of the San Jose Property, before estimated capital gains taxes,[3] but after payment of liens and real estate commissions, to be approximately $238,750:

| | |
|---|---|
| Senior lien encumbering the San Jose Property | -$2,272,500 |
| estimated costs of sale of 5% - | -$163,750, and |
| the Debtor's homestead exemption | -$600,000 |
| net proceeds | $238,750 |

The fair market value of the Isabel Property is approximately $2,900,000 (CAN). Based on this valuation the Trustee has calculated the estimated net value of the Isabel Property, after payment of liens and real estate commissions, as negative $272,500 (CAN):

| | |
|---|---|
| Senior lienholder, Scotia Bank, | -$2,450,000 (CAN) |
| Junior lien cross-collateralized on 35th Ave. Property | -$600,000 (CAN) |
| estimated costs of sale of 5% | -$122,500 (CAN) |
| net proceeds | -$272,500 (CAN) |

The fair market value of the 35th Ave. Property is approximately $3,300,000 (CAN). Based on this valuation the Trustee has calculated the estimated net value of the 35th Ave. Property, after payment of liens and real estate commissions, as negative $131,843 (CAN):

| | |
|---|---|
| Senior lienholder, Scotia Bank, | -$2,994,343 (CAN) |
| Unpaid junior lien cross-collateralized on Isabel Property | -$272,500 (CAN) |
| estimated costs of sale of 5% | -$165,000 (CAN) |
| net proceeds | -$131,843 (CAN) |

---

[2] Based on the Trustee's review of the statements for the bank accounts, on the Petition Date the aggregate balance in the accounts was approximately $33,538.

[3] While the sale will result in modest capital gains, the gains are likely to be offset by administrative expenses.

The Trustee disputes the Debtor's blanket claim of exemption as to the Bank Accounts. The Debtor dispute the Trustee's estimated cost of sale for the San Jose Property which the Debtor believes should be 6% ($196,500), not 5% ($163,750). Rather than litigate these issues, the Parties have agreed for purposes of this Agreement to: accept cost of sale for the San Jose Property of 5%; and value the Estate's interest in the Bank Accounts as of the Petition Date in the amount of $16,250.

**Agreement**
Under the provisions of the Agreement, the Debtor has agreed to pay to the Estate the sum of $255,000 for the Estate's net equity in the San Jose Property, which is estimated to be $238,750, and the sum of $16,250 in resolution of a dispute between the Trustee and the Debtor with regard to the Estate's interest in the Bank Accounts. Under the provisions of the Agreement, the Debtor shall deliver the Payment to the Trustee in five monthly installments. The first installment is due on March 16, 2021, in the amount of $55,000. The remaining four subsequent installments are in the amount of $50,000 each, payable on the 16th day of the month or the next business day thereafter. The Agreement provides that, in the event of a default, the Debtor shall have seven calendar days to cure. If he fails to cure a default, the Debtor will be required to vacate the San Jose Property to the Trustee so the Trustee can market the San Jose Property for sale. The Agreement further provides that the Debtor will acquire the Estate's right, title and interest in the Canadian Properties. As noted above, there is no equity in the Canadian Properties after payment of liens and costs of sale. Finally, the Agreement provides for the resolution of a dispute with regard to the Estate's interest in the Bank Accounts. The Debtor asserts that, under California Code of Civil Procedure 704.225, he is entitled to exempt all funds in the Bank Accounts at the time that the case was filed, as the sums were necessary for the support of the Debtor and his Spouse and dependents.

The Trustee seek authorization to include a provision in the order granting the Motion that it is effective upon entry, and the stay imposed by Rule 62(a) of FRCP and/or Bankruptcy Rule 6004(h) shall not apply.

**Standards for Approval of a Compromise**

Approval or rejection of a compromise is within the Court's discretion. In considering the approval of a proposed compromise, the Court must take into account the following factors: 1. The probability of success in the litigation; 2. The difficulty, if any, to be encountered in collection; 3. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; 4. The paramount interest of creditors and proper deference to their reasonable views. *In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

There are two basic disputes resolved under the Agreement: (i) the estimated costs of sale for the San Jose Property: 6% - $196,500, or 5% $163,750, a difference of $32,750;[4] and (ii) the sums, if any, the Debtor is entitled to exempt in the Bank Accounts.

With regard to the probability of success, the Trustee believes that if he were to pursue litigation to seek to resolve the Estate's interest in the Bank Accounts, he is unsure if he would prevail. California Code of Civil Procedure Section 704.225, which was enacted on January 1, 2020, allows a debtor a very broad claim of exemption in funds in deposit accounts. While the Debtor's income is unquestionably significant, the

---

[4] There is no meaningful dispute about the costs of sale when expenses other than real estate commissions are factored in. The typical commission bankruptcy trustees pay to brokers of residential real estate is 5%. The commission *does not* include other costs of sale for homes sold in San Jose, California - a County Transfer Tax equal to $1.10 per $1,000; a City Transfer Tax equal to $3.30 per $1,000 that is divided between buyer and seller; and a San Jose Conveyance tax equal to .75% of the sale price divided between buyer and seller. If the San Jose Property was sold for $3,275,000, the estimated taxes the Estate would pay would be approximately $21,287.50, in addition to the 5% real estate commission.

Trustee believes that the Debtor could be able to retain at least 50% of the funds on deposit on the Petition Date - $16,769 - if he is able to establish that sums he has exempted in the Bank Accounts are actually necessary for his support and the support of his Spouse and dependents. Rather than litigating this issue, the parties agree to settle the matter, with the Estate receiving approximately 50% of the sums maintained in the Bank Accounts as of the Petition Date. The Trustee has not investigated the difficulties that might be encountered in collection. The Trustee does note that several of the Bank Accounts are maintained in Canada and the Trustee anticipates that it would difficult to collect sums maintained outside of the United States. The potential litigation to resolve the dispute with regard to the Bank Accounts may be expensive. The Trustee believes that, in order to determine whether or not the funds in the Bank Accounts are necessary for the support of the Debtor and his dependents would require discovery, including engaging accountants to review the Debtor's expenses and income, and a mini-trial as part of a contested matter. A trial would not likely result in a material delay of the Trustee's administration of the Estate. It is possible that the likely legal and accounting fees and expenses that could be incurred could exceed the disputed portion of the Deposit Account balances. Entering int to the Agreement is in the best interest of creditors as the Estate will receive a fixed sum, $16,250, without the costs and risks of litigation.

**PLEASE TAKE NOTICE THAT** due to the shelter in place requirements caused by the COVID-19 pandemic, all appearances will be by telephone, or, in the Court's sole discretion, by video conference. Instructions on how to file opposition, if any, and how to appear by phone are contained provided at the following link on the Court's website
https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak
and further detailed in the Court's Fifth Amended General Order 38, effective March 1, 2021.

The Court's Fifth Amended General Order specifies the following: "All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website."

All Bankruptcy Court locations are closed to the general public, and no court staff will be physically present to assist any attorney, party or other interested person or accept any document for filing at any court location. This closure will remain in effect until otherwise ordered. ECF Registered Participants must file all documents electronically. All other parties may submit documents for filing by mail, electronically via the court's website, or in designated drop-box locations. Filing fee payments (no cash) may be submitted electronically, by mail or drop-box. Information regarding electronic submission of documents, mailing addresses, drop-box location and hours, are available under the "Court Operations during the COVID-19 Outbreak Information about Hearings, Filings, and Operations" banner on the court's website:
https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak

Documents and filing fees submitted by mail should be sent by U.S. Mail to United States Bankruptcy Court, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, CA 94102 or United States Bankruptcy Court, 280 South First Street, Suite 3035, San Jose, CA 95113.

Documents submitted by e-mail should be sent to:
CANB-EMERGENCY-FILINGS@canb.uscourts.gov.

All counsel, parties and other interested persons who intend to appear on a calendared motion or application shall appear telephonically or, at the presiding judge's discretion, by video. Again, absent express order of the presiding judge, there will be no physical access to any courtroom. Instructions for appearing can be

found on each individual judge's calendar page on the Bankruptcy Court's website: https://www.canb.uscourts.gov/calendars/judges.

Effective March 1, 2021, the Bankruptcy Court will no longer use CourtCall for its hearings. Instead, counsel, parties and other interested persons may appear telephonically via AT&T or Zoom. Instructions for appearing telephonically can be found on each individual judge's calendar page on the Bankruptcy Court's website: https://www.canb.uscourts.gov/calendars/judges. There will be NO COST for these services

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed sale or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: March 4, 2021  RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA  94104
Telephone No.:  415-672-5991
Facsimile No.:  415-680-1712
Email: gkleiner@rinconlawllp.com

5

**EXHIBIT A**