Heinz Binder, Esq. (SBN 87908)
David B. Rao (SN#103147))
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: david@bindermalter.com

Attorneys for South River Capital, LLC,
Creditor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>EVANDER F. KANE,<br><br><br><br><br>Debtor. | Case No.   21-50028 SLJ<br><br>Chapter 7<br><br>Hearing:<br>Date:  March 30, 2021<br>Time:  11:00 a.m.<br>Location: Via Tele/Video Conference<br>Judge: Honorable Stephen L. Johnson |

**SOUTH RIVER CAPITAL, LLC'S JOINDER IN MOTION BY ZIONS BANCORPORATION TO CONVERT CASE TO CHAPTER 11 AND APPOINT CHAPTER 11 TRUSTEE**

South River Capital, LLC ("South River"), by and through its undersigned counsel, hereby joins the Motion by Creditor Zions Bancorporation to Convert Case to Chapter 11 and Appoint Chapter 11 Trustee (the "Motion").

## I. BACKGROUND

1. South River is a boutique specialty lender based in Annapolis, Maryland with a focus on loans to professional athletes.

2. On May 11, 2019, South River made a loan to the Debtor in the original principal amount of $600,000 (the "SRC Loan"), as evidenced by a Promissory Note

dated May 11, 2019, made, executed, and delivered to South River by the Debtor in such amount (the "SRC Note"). A true copy of the SRC Note is attached hereto as Exhibit "A" and incorporated herein by this reference.

3. In connection with the SRC Loan, the Debtor executed and delivered to South River a Loan and Security Agreement dated May 11, 2019 (the "SRC Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference. Pursuant to the SRC Loan Agreement, the Debtor granted South River a security interest in his National Hockey League Uniform Player Contract with the San Jose Sharks Hockey Club and all of the Debtor's accounts, general intangibles, and equipment.

4. To perfect its security interest in the Debtor's assets, South River filed a UCC Financing Statement with the California Secretary of State on March 26, 2019, as Filing No. 19-7704042105, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference.

5. The Debtor defaulted in his SRC Note payments to South River, causing South River to file a complaint against the Debtor in the Circuit Court for Baltimore County, Maryland.

6. South River obtained a Judgment against the Debtor in the amount of $1,074,494.87 on November 9, 2020 in that certain case entitled <u>South River Capital, LLC vs. Evander Kane</u>, in the Circuit Court for Baltimore County, Maryland, case number C-03-CV-20-003992. A certified copy of the Notice of Confessed Judgment is attached hereto as Exhibit "D" and incorporated herein by this reference.

7. South River believes that there may have been significant irregularities in the documentation the Debtor provided to South River when he applied for the loan and

2

**SOUTH RIVER CAPITAL, LLC'S JOINDER IN MOTION BY ZIONS BANCORPORATION TO CONVERT CASE TO CHAPTER 11 AND TO APPOINT CHAPTER 11 TRUSTEE**

Case: 21-50028    Doc# 49    Filed: 03/08/21    Entered: 03/08/21 12:27:06    Page 2 of 5

upon which South River relied in making the loan. Specifically, South River believes the Debtor substantially understated his expenses and failed to disclose (a) millions of dollars in outstanding loans and gambling losses and (b) that he was a defendant in numerous lawsuits. South River is evaluating whether to file an adversary complaint to have the debt owed to it deemed nondischargeable.

## II. **JOINDER**

8. Zions Bancorporation's Motion contains a detailed statement of the facts that cry out for conversion to chapter 11 and appointment of a chapter 11 trustee, and the Motion is supported by ample case law to support the relief requested. South River wishes to supplement the legal argument contained in the Motion with the following additional case discussion in support of conversion to chapter 11.

9. A relevant case within the Ninth Circuit is *In re Parvin,* 549 B.R. 268 (W.D. Wash. 2016). The debtor in that case, an orthopedic surgeon, filed a chapter 7 petition. Shortly thereafter, the United States Trustee filed a motion to convert the case to Chapter 11 on the basis that the debtor had sufficient disposable income to repay his creditors through a Chapter 11 plan. The debtor opposed the conversion, arguing *inter alia,* that conversion was improper under 11 U.S.C. §706(b). That section provides that "[o]n request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time." The bankruptcy court concluded that the debtor-

> "stood to earn enough salary from his employment agreement that he would be able to pay off all his creditors in full within three years. In contrast, creditors would only receive at most 20% of their unsecured claims in a Chapter 7 proceeding. In addition, the bankruptcy court noted that appellant would also benefit by being able to enter into a managed payment plan for certain domestic support obligations which are not dischargeable under Chapter 7."

*Id.* at 272. Based on these facts, the bankruptcy court found that conversion served the interest of all parties and granted the U.S. Trustee's motion. "The bankruptcy court

3

**SOUTH RIVER CAPITAL, LLC'S JOINDER IN MOTION BY ZIONS BANCORPORATION TO CONVERT CASE TO CHAPTER 11 AND TO APPOINT CHAPTER 11 TRUSTEE**

explicitly addressed the concerns appellant cites as burdens he would face under Chapter 11. The bankruptcy court exercised its discretion and found that conversion would further the goals of the Bankruptcy Code." *Id.* (Citation omitted.) Because the bankruptcy court applied the correct standard, the district court concluded that conversion to chapter 11 was proper. The district court explained its rationale thusly:

> "The bankruptcy court has broad discretion in exercising this power based on a determination of what will most inure to the benefit of all parties in interest. Section 706(b) does not provide guidance regarding the factors a court should consider. Since there are no specific grounds for conversion, a court should consider anything relevant that would further the goals of the Bankruptcy Code. However, courts have recognized that the debtor's ability to pay his creditors is typically the first consideration."

*Id.* at 272 (Citations omitted.); *see, also, In re Lafountaine,* 2016 Bankr. LEXIS *6-*7 (9th Cir. BAP 2016) (same; court denied debtor's motion to convert to chapter 11 because he did not show that he could pay his creditors).

10. As was the case in *Parvin,* in the present case the Debtor will earn a tremendous salary over the next five years ($25 million), and his income will balloon to $29 million over that period with the inclusion of bonuses. (Motion: 8:11-21.) Even after deducting the Debtor's substantial annual expenses (approximately $1,118,568 calculated at $93,214 per month according to his bankruptcy Schedule J), the Debtor will have approximately $23 million of disposable income over the next five years. Clearly, the Debtor has the ability to fund a plan of reorganization that will provide a substantial distribution to general unsecured creditors.

### III. CONCLUSION

WHEREFORE, South River respectfully requests that the Court enter an order converting the Debtor's case to chapter 11 and appointing a chapter 11 trustee.

4

**SOUTH RIVER CAPITAL, LLC'S JOINDER IN MOTION BY ZIONS BANCORPORATION TO CONVERT CASE TO CHAPTER 11 AND TO APPOINT CHAPTER 11 TRUSTEE**

Dated: March 8, 2021					BINDER & MALTER, LLP

						By:  /s/ David B. Rao
						   David B. Rao, Attorneys for
						   South River Capital LLC

5
**SOUTH RIVER CAPITAL, LLC'S JOINDER IN MOTION BY ZIONS BANCORPORATION TO CONVERT CASE TO CHAPTER 11 AND TO APPOINT CHAPTER 11 TRUSTEE**

Case: 21-50028    Doc# 49    Filed: 03/08/21    Entered: 03/08/21 12:27:06    Page 5 of 5