Stephen G. Opperwall (SBN 100057)
LAW OFFICES OF STEPHEN G. OPPERWALL
4900 Hopyard Road, Suite 100
Pleasanton, California 94588
Telephone: (925) 417-0300
Facsimile: (925) 417-0301
E-mail: steve.opperwall@comcast.net

Attorneys for Creditor
Professional Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>Evander Frank Kane,<br><br>    Debtor, | No. 21-50028 SLJ 7<br><br>Chapter 7<br><br>Reply by Creditor<br>Professional Bank<br>in Support of the Motion by<br>Creditor Zions Bancorporation<br>to Convert the Case to<br>Chapter 11 and to Appoint a<br>Chapter 11 Trustee<br><br>Date: 3/30/21<br>Time: 11:00 a.m.<br>Place: Courtroom 9<br>      San Jose, California<br>      [Tele/Video Conference] |

I

INTRODUCTION

Creditor Professional Bank hereby submits this Reply in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee.

/

1

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028    Doc# 78    Filed: 03/25/21    Entered: 03/25/21 16:24:59    Page 1 of 8

## II

## PUTTING ASIDE ALL THE RHETORIC, KANE REALISTICALLY IS MAKING $7,000,000 PER YEAR (LOOKING ONLY AT COMPENSATION AND NOT EVEN CONSIDERING THINGS LIKE MONEY FROM ENDORSEMENTS, ADVERTISING, ETC.) BECAUSE HE HAS A 7 YEAR CONTRACT FOR $49 MILLION OF A VIRTUALLY GUARANTEED ACCOUNT RECEIVABLE

Putting aside all the rhetoric, Kane realistically is making $7,000,000 per year (looking only at compensation and not even considering things like money from endorsements, advertising, etc.) because he has a 7-year contract for $49 million of a virtually guaranteed account receivable.

The opposition papers by Kane make various arguments about how he is not really receiving a full $7 million per year for the next four years after deductions, etc. However, Kane does have a contract to receive $49 million per year for 7 years, and he has four years left.

/
/
/
/
/
/
/
/
/
/

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028    Doc# 78    Filed: 03/25/21    Entered: 03/25/21 16:24:59    Page 2 of 8

### III

### THERE MIGHT BE SOME REDUCTIONS BASED ON FEWER HOCKEY GAMES PLAYED IN 2021 DUE TO COVID-19, BUT THOSE REDUCTIONS ARE MADE UP NEXT YEAR AND THE YEAR AFTER THAT, SO THE REDUCTIONS ARE NOT "LOST" AS KANE'S OPPOSITION ARGUES, BUT ARE SIMPLY DELAYED AND DEFERRED, SO IT IS STILL $49 MILLION OVER 7 YEARS, AND KANE IS IN YEAR 3 OF THE 7 YEAR CONTRACT

There might be some reductions based on fewer hockey games played in 2021 due to COVID-19, but those reductions are made up next year and the year after that, so the reductions are not "lost" as Kane's opposition argues, but are simply delayed and deferred, so it is still $49 million over 7 years, and Kane is in year 3 of the 7-year contract.

/
/
/
/
/
/
/
/
/
/
/
/
/

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028   Doc# 78   Filed: 03/25/21   Entered: 03/25/21 16:24:59   Page 3 of 8

## IV

## KANE BORROWED $15.1 MILLION A MERE 18 MONTHS BEFORE DECLARING BANKRUPTCY, HE DEFAULTED ON THOSE LOAN PAYMENTS WITHIN A MERE SEVERAL MONTHS INCLUDING BY ILLEGALLY STOPPING THE AUTOMATIC PAYMENTS FROM THE SAN JOSE SHARKS, THE LOANS WERE TO BE REPAID THROUGH THE $29 MILLION REMAINING ON KANE'S $49 MILLION CONTRACT AS A PROFESSIONAL HOCKEY PLAYER, AND NOW KANE CONTENDS THAT HE DOES NOT INTEND TO REPAY ANY OF THOSE LOANS AND THAT HIS RECEIVABLE FROM THE SAN JOSE SHARKS IS SOMEHOW NOT SECURITY FOR REPAYMENT OF THE LOANS

Kane borrowed $15.1 million a mere 18 months before declaring bankruptcy, he defaulted on those loan payments within a mere several months including by illegally stopping the automatic payments from the San Jose Sharks, the loans were to be repaid through the $29 million remaining on Kane's $49 million contract as a professional hockey player, and now Kane contends that he does not intend to repay any of those loans and that his receivable from the San Jose Sharks is somehow not security for repayment of the loans.

/
/
/
/
/
/

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028   Doc# 78   Filed: 03/25/21   Entered: 03/25/21 16:24:59   Page 4 of 8

## V

## THE $29 MILLION LEFT ON KANE'S CONTRACT WITH THE SAN JOSE SHARKS IS MORE THAN SUFFICIENT TO REPAY THE $15.1 MILLION OF LOANS THAT KANE TOOK OUT 18 MONTHS BEFORE DECLARING BANKRUPTCY, AND SHOULD BE USED FOR THAT PURPOSE WITH FINANCIAL MANAGEMENT BY A CHAPTER 11 TRUSTEE, BECAUSE KANE OBTAINED THE LOANS AND PROMISED TO USE THAT INCOME FOR THAT PURPOSE, WHICH NOW APPEARS TO HAVE BEEN A FRAUDULENT PROMISE BY KANE

The $29 million left on Kane's contract with the San Jose Sharks is more than sufficient to repay the $15.1 million of loans that Kane took out 18 months before declaring bankruptcy, and should be used for that purpose with financial management by a Chapter 11 trustee, because Kane obtained the loans and promised to use that income for that purpose, which now appears to have been a fraudulent promise by Kane.

## VI

## IF THE CASE IS NOT CONVERTED TO CHAPTER 11 WITH A CHAPTER 11 TRUSTEE TO MANAGE THE $29 MILLION INCOME STREAM, KANE WILL LIKELY BE SUED TO HAVE THOSE LOANS DETERMINED TO BE NONDISCHARGEABLE

If the case is not converted to Chapter 11 with a Chapter 11 trustee to manage the $29 million income stream, Kane will likely be sued to have those loans determined to be nondischargeable.

All of the financial institutions who are owed $15+ million have obtained a Stipulation and Order extending the time periods

5

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028    Doc# 78    Filed: 03/25/21    Entered: 03/25/21 16:24:59    Page 5 of 8

for them to file Adversary Proceedings and Complaints against Kane to deny a discharge and to determine that the obligations owed by Kane to them are nondischargeable.

## VII
### KANE'S OWN ACTIONS HAVE AMPLY PROVEN THAT KANE CANNOT BE TRUSTED TO MANAGE HIS $49 MILLION INCOME STREAM, AND KANE'S SKILL IS IN MAKING MONEY AS A EXCEPTIONAL PROFESSIONAL HOCKEY PLAYER AND NOT AT ALL AS A FINANCIAL MANAGER IN MANAGING MONEY

Kane's own actions have amply proven that Kane cannot be trusted to manage his $49 million income stream, and Kane's skill is in making money as an exceptional professional hockey player and not at all as a financial manager in managing money.

It is not unfair or unreasonable to point out that Kane is a fantastic professional hockey player and to also point out that Kane is a very bad manager of money.

The opposition papers argue that the motion papers are "heavy on snark and innuendo" [page 1, line 12] and then argue or try to suggest that "snark and innuendo" do not justify the relief that the creditors seek.

The motion to convert is not about "snark" and is not about "innuendo."

It is not "snark" and "innuendo" to say that Kane is a fantastic professional hockey player and at the same time to also point out that Kane is a very bad manager of money.

/

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028   Doc# 78   Filed: 03/25/21   Entered: 03/25/21 16:24:59   Page 6 of 8

## VIII. THERE WOULD NOT BE ANY SIGNIFICANT EXPENSE TO HAVE A CHAPTER 11 TRUSTEE OVERSEE A CHAPTER 11 PLAN TO DISTRIBUTE THE $29 MILLION GUARANTEED RECEIVABLE OVER THE NEXT THREE YEARS TO REPAY THE $15.1 MILLION OF BANK LOANS FROM THE PAYMENT BY THE SAN JOSE SHARKS OF KANE'S GUARANTEED RECEIVABLE

There would not be any significant expense to have a Chapter 11 trustee oversee a Chapter 11 plan to distribute the $29 million guaranteed receivable over the next three years to repay the $15.1 million of bank loans from the payment by the San Jose Sharks of Kane's guaranteed receivable.

Kane's opposition suggests that a Chapter 11 with a Chapter 11 trustee would be very expensive.

That suggestion is not established, and the argument does not even make logical sense here.

All that is needed here is to have Kane's $29 million receivable over the next 3 years be set up to be paid automatically from Kane's receivable from the San Jose Sharks hockey team. That is what Kane initially agreed to in the loan documents with the banks that are owed $15.1 million plus more than a year of accrued and unpaid interest.

Kane would spend far more money litigating what are likely to be half a dozen or more Adversary Proceedings involving Complaints to Determine Dischargeability of Debt and/or to deny discharge.

/

/

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

# IX
## CONCLUSION

The Motion to Convert and to Appoint a Chapter 11 trustee should be granted.

Dated: March 25, 2021

LAW OFFICES OF
STEPHEN G. OPPERWALL

/s/ Stephen G. Opperwall
_____
STEPHEN G. OPPERWALL
Attorneys for Creditor
Professional Bank

motion.Zions.convert case.REPLY.by PB.doc.wpd

8

Reply by Creditor Professional Bank in Support of the Motion by Creditor Zions Bancorporation to Convert the Case to Chapter 11 and to Appoint a Chapter 11 Trustee

Case: 21-50028    Doc# 78    Filed: 03/25/21    Entered: 03/25/21 16:24:59    Page 8 of 8