Stephen G. Opperwall (SBN 100057)
LAW OFFICES OF STEPHEN G. OPPERWALL
4900 Hopyard Road, Suite 100
Pleasanton, California 94588
Telephone: (925) 417-0300
Facsimile: (925) 417-0301
E-mail: steve.opperwall@comcast.net

Attorneys for Creditor
Professional Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>Evander Frank Kane,<br><br>    Debtor, | No. 21-50028 SLJ 7<br><br>Chapter 7 |

<u>OBJECTIONS BY PROFESSIONAL BANK TO DEBTOR'S</u>

<u>CLAIMED HOMESTEAD EXEMPTION</u>

    Creditor Professional Bank hereby objects to Debtor Kane's claim for a homestead exemption.

    Kane's Schedule C asserts a claimed homestead exemption of $600,000.

    The house that is the subject of the claimed homestead

1

exemption was bought by a corporation called Lions Properties on 8/21/20 by a Grant Deed from DWC Development. Lions Properties is a Florida corporation. DWC Development is apparently the builder and/or developer of the house.

On the same date as the purchase of the real property by Lions Properties, a Deed of Trust was recorded with Lions Properties as the borrower for a loan of $2,272,500 from a private party lender called Pacific Private Money. Pacific Private Money refers to itself as "alternative financing solutions" and some might call it a "hard money lender" or other terms.

On 1/8/21, the corporation Lions Properties signed a "Quitclaim Deed" to Evander Kane and Deanna Kane.

The Quitclaim Deed by Lions Properties to Kane does not indicate what consideration was paid by Kane to Lions Properties for the real property that is supposedly worth more than $3,000,000.

The next after that Quitclaim Deed by Lions Properties to Kane, on 1/9/21, Evander Kane filed his bankruptcy case.

In Kane's bankruptcy case, he claimed a homestead exemption of $600,000 for the real property that one day earlier was owned by Lions Properties.

Before 1/8/21, the real property was owned by Lion Properties, not by Evander Kane.

It is unclear where the money came from for Lions Properties to buy the real property initially and it is unclear what consideration was paid by Kane to receive the Quitclaim Deed from Lions Properties for that $3,000,000+ property.

In Kane's bankruptcy case, Kane signed under penalty of

perjury and filed an initial Schedule C, and later an Amended Schedule C, and both of them stated that he personally had owned the house for more than 1,215 days.

The statement in Schedule C that Kane had owned the real property for more than 1,215 days is clearly a false statement. The truth is that Kane owned it for only 1 day before his bankruptcy case was filed. Even Lions Properties had not owned it for nearly 1,215 days, and had owned it for less than one year.

The transfer of ownership of the house by Lions Properties to Kane 24 hours before Kane's bankruptcy filing has all of the appearances of being fraudulent regarding creditors and an attempt to create a homestead exemption where none could have existed. It appears to be an attempt at the 11th hour before a bankruptcy filing to "manufacture" a homestead exemption of $600,000 that had not existed at any point in the past.

With the real property ownership in the corporation Lions Properties, there would be no homestead exemption at all. A corporation does not get a homestead exemption for a house.

If Lions Properties is a corporation that is owned and operated by Kane, as he appears to claim now, it appears that the ownership by Lions Properties was done solely for the purpose of hindering, delaying, and defrauding creditors. The obvious reason to place one's house in the name of a corporation is to shield it from the individual's creditors. That is the obvious reason for an individual to place home ownership in a corporation. Kane has not proven any other reason. The circumstances surrounding all of this strongly indicate that defrauding creditors was the reason for the 11th hour Quitclaim Deed, just as putting title in the name of

a corporation had been in 2020.

    There should be no homestead exemption, for reasons set forth herein, including corporation ownership of the real property.

    A homestead exemption should be denied, for the reasons set forth herein, and in other pleadings filed in the bankruptcy case, which indicate conduct to hinder, delay, and/or defraud creditors.

    If there is any homestead exemption, there should be a cap on the amount that is far less than what is claimed. The Debtor is only Evander Kane, and not his wife. The Debtor is 29 years old and healthy, and the maximum homestead should be a fraction of what is claimed. If Kane contends that the ownership of the real property was actually personal and individual ownership through Lions Properties, that would establish that as of the date in 2020 that Lions Properties acquired it, which is long before the $600,000 homestead exemption in California became available and was enacted (which was on 1/1/21). The homestead exemption in 2020 for Evander Kane only would have been probably a maximum of approximately $75,000.

Dated: March 25, 2021        LAW OFFICES OF
                                      STEPHEN G. OPPERWALL

                                      /s/ Stephen G. Opperwall
                                      STEPHEN G. OPPERWALL
                                      Attorneys for Creditor
                                      Professional Bank

objections by PB re exemption homestead.doc.wpd