Christopher O. Rivas (SBN 238765)
crivas@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Tel: 213 457 8000 / Fax: 213 457 8080

Jeremy L. Retherford (*Pro Hac Vice*)
jretherford@balch.com
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Tel: 205 226 3468 / Fax: 213 457 8080

*Attorneys for Creditor*
*Loan Shark Holdings, LLC*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br><br>Chapter 7 |
| LONE SHARK HOLDINGS, LLC,<br><br>Plaintiff.<br><br>vs.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | Adv. No.<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)**<br><br>Hon. Stephen L. Johnson |

NOW COMES, Lone Shark Holdings, LLC, a Mississippi limited liability company ("<u>Lone Shark</u>"), and brings this action against Evander Frank Kane (the "<u>Defendant</u>"); objecting to the discharge of the debt the Defendant owes to Lone Shark.

## INTRODUCTION

Lone Shark made a loan to the Defendant for more than $700,000 that the Defendant used to invest in a sophisticated investment. The Defendant (or his bankruptcy estate) stands to see a return of $1.8 million from this investment. Less than a month after receiving the loan, the Defendant filed this Chapter 7 bankruptcy case in which the Defendant now seeks a discharge of the debt he owes Lone Shark. The Defendant made several misrepresentations and further withheld information all in order to induce Lone Shark into making him the Loan. Lone Shark now brings this action to bar the Defendant from discharging its claim. Lone Shark would show as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue for this adversary proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1409(a) and (c).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(A).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## PARTIES

5. The Plaintiff, Lone Shark Holdings, LLC ("<u>Lone Shark</u>"), is a limited liability company organized in the State of Mississippi and a creditor in the underlying bankruptcy case.

6. The Defendant, Evander Frank Kane (the "<u>Defendant</u>"), is the debtor in the underlying bankruptcy case and may be served with process at 2301 Richard Ave. San Jose, California 95125. The Defendant is employed by the San Jose Sharks, an NHL team, as a professional hockey player

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and is payed millions of dollars a year.

## FACTUAL ALLEGATIONS

### I. The Bankruptcy Case.

7. On January 9, 2021, the Defendant filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Northern District of California, thereby commencing Case No. 21-50028.

8. The Defendant's Schedule D lists Lone Shark as a secured creditor who is owed a debt of $750,000.00 secured by a security interest in the Defendant's 2020 federal income tax refund. Schedule A/B indicates that the Defendant expects this tax refund to be in the amount of $1,800,000.00. The loan that Lone Shark made to the Defendant, which is more fully described below, is the root cause of the Defendant's sizable expected tax refund.

9. The Defendant also lists the Internal Revenue Service as a priority unsecured creditor that is owed $242,000.00 on his Schedule E/F.

### II. Negotiation of Lone Shark's loan to the Defendant and the Letter of Intent.

10. Sometime in 2020, Lone Shark (or its affiliate) and the Defendant began negotiating the terms of a proposed loan by to the Defendant.

11. On November 20, 2020, Lone Shark sent the Defendant a Letter of Intent (the "Letter of Intent")[attached hereto as "**Exhibit 1**"], which generally outlined the purpose and the terms of the proposed loan. The purpose of the $715,000.00 loan was to allow the Defendant to invest with an entity called Asher Capital, LLC ("Asher Capital"), a Delaware limited liability company. The investment would ideally reap the Defendant a sizable tax refund for the 2020 tax year. The proposed loan was to be secured by the previously mentioned tax refund.

12. The Defendant signed the Letter of Intent on November 23, 2020, a little over a month before he filed for Chapter 7 relief. At no point during the negotiations did the Defendant give any indication that he was on the verge of filing for bankruptcy.

### III. The Promissory Note and Loan Agreement.

13. On December 9, 2020, Lone Shark transmitted a Promissory Note [attached hereto as

"**Exhibit 2**"] and Loan Agreement [attached hereto as "**Exhibit 3**"] that reflected the terms of the Letter of Intent. The pertinent terms of these documents were:

    a. Lone Shark would fund a loan of $715,000.00 to the Defendant for the purpose of allowing the Defendant to invest in Asher Capital;

    b. The loan proceeds would be used solely to fund the investment;

    c. The Defendant would also invest $35,000.00 of his own funds in Asher Capital;

    d. The loan would be secured by a security interest in the Defendant and his spouse's federal tax return for the taxable year of 2020;

    e. The Defendant's would execute certain IRS tax forms, Powers of Attorney, and Declarations of Representative to ensure that Lone Shark's agents could access the tax refund;

    f. The Defendant and his spouse would execute a security agreement creating Lone Shark's security interest in the federal tax refund; and

    g. The documents would be governed by the laws of the state of Mississippi.

14. The Defendant executed the Promissory Note and the Loan Agreement on or about December 13, 2020, less than a month before filing for Chapter 7 relief.

### IV. The Security Agreement

15. On December 9, 2020, Lone Shark transmitted the Security Agreement [attached hereto as "**Exhibit 4**"] that would create Lone Shark's security interest in the federal tax refund to the Defendant for execution. The Security Agreement stated that, to secure repayment of the loan, the Defendant would assign all rights, interests, and properties he owned in general intangibles in the form of the proceeds from federal income tax refunds due for the taxable year ending in December 31, 2020. Furthermore, the agreement stated that the Defendant covenanted and agreed that he would execute several official IRS forms to facilitate Lone Shark's access to the tax refund. Despite having signed the Security Agreement, the Defendant failed and/or refused to sign these forms.

16. Additionally, the Security Agreement stated that the Defendant made the following representations and warranties:

    a. That he had timely filed all of his tax returns for the last three years and paid all tax

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

shown as due from the last three years;

  b. That he did not receive notice of the commencement of an audit examination, or an Investigation by the IRS or Department of Justice related to his tax returns for the last three years; and

  c. That the amount claimed by the Defendant as a refund on his federal tax return for the taxable year of ending December 31, 2020, is not subject to offset for payment of any obligations.

17. Additionally, the Security Agreement stated that the Defendant would not pledge, mortgage, or create or suffer to exist a security interest in the collateral other than that of Lone Shark's.

18. The Defendant executed the Security Agreement on December 13, 2020.

### V. The Defendant's Misrepresentations.

19. As stated above, the Defendant, in signing the above discussed documents, made several representations and covenants to induce Lone Shark to fund the loan. Several of these representations were purposefully misleading or patently false.

20. For example, in each of the documents, the Defendant agreed and represented that he would execute IRS forms, Powers of Attorney, and other documents to ensure that Lone Shark's agents would have access to his tax refund. The Defendant has not executed or caused to be executed any of these forms. Lone Shark would not have funded the loan had it know that the Defendant had no intention to execute the forms required to give it access to the tax refund.

21. Additionally, the Defendant misrepresented his financial condition to Lone Shark when he warranted in the Security Agreement that he had paid all of his taxes due from the preceding three years. This is evidenced by the fact that the Defendant's own schedules indicates that he owes the IRS $240,000.00 in back taxes.

22. Furthermore, the Defendant made a false representation when he warranted in the Security Agreement that his 2020 federal tax refund was not subject to offset for payment of other obligations. The Defendant knew when he executed the Security Agreement that his tax refund would be subject to offset to pay his back taxes. As such, the Defendant knew that his tax refund may be subject to offset by the IRS and never disclosed this information to Lone Shark.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

23. In addition to all of this, the Defendant negotiated and took Lone Shark's loan proceeds all within less than a month of the time when the Defendant would file this bankruptcy case without ever disclosing to Lone Shark that bankruptcy was on the horizon.

24. The Defendant made all of these misleading and false misrepresentations to induce Lone Shark to fund the loan, likely knowing all the while that he would file for Chapter 7 relief less than a month later. Lone Shark has been materially damaged by the Defendant's deception conduct because it would not have made the loan absent the Defendant's misrepresentations and it must now spend time and funds to attempt to collect the debt through bankruptcy process.

## COUNT I

### Objection to Discharge Pursuant to 11 U.S.C. § 523 (a)(2)(A)

25. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 24.

26. Plaintiff contends that the Defendant made false representations when he never took any overt actions to execute the required forms to give Lone Shark's agents access to the tax refund. Therefore, the Defendant: (1) made a misrepresentation or fraudulent omission; (2) with knowledge of his deceptive conduct; (3) with an intent to deceive; (4) caused Lone Shark to justifiably rely on the his deceptive conduction; and (5) proximately caused damage to Lone Shark with his deceptive conduct.

27. Accordingly, Lone Shark requests that the Court enter an order declaring that Lone Shark's claim against the Defendant is non-dischargeable.

## COUNT II

### Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B)

28. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27.

29. Plaintiff contends that the Defendant made false representations when he signed the Security Agreement, thereby warranting that his tax refund was not subject to offset for payment of

obligations other than the Lone Shark loan. Therefore, the Defendant: (1) for money or the extension of credit; (2) used a statement in writing; (3) that the Defendant knew was materially false; (4) respecting his financial condition; (5) on which Lone Shark reasonably relied on to make the loan; and (5) caused the statement to be made or published with intent to deceive.

30. Accordingly, Lone Shark requests that the Court enter an order declaring that Lone Shark's claim against the Defendant is non-dischargeable.

## COUNT III

### Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(B)

31. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30.

32. Plaintiff contends that the Defendant made false representations when he signed the Security Agreement, thereby warranting that he paid all of his taxes due in the preceding last three years. Therefore, the Defendant: (1) for money or the extension of credit; (2) used a statement in writing; (3) that the Defendant knew was materially false; (4) respecting his financial condition; (5) on which Lone Shark reasonably relied on to make the loan; and (5) caused the statement to be made or published with intent to deceive.

33. Accordingly, Lone Shark requests that the Court enter an order declaring that Lone Shark's claim against the Defendant is non-dischargeable.

**WHEREFORE**, the Plaintiff respectfully asks the Court to enter a judgment holding that Lone Shark's claim against the Defendant is non-dischargeable and grant all other relief that is proper.

DATED: April 5, 2021.   REED SMITH LLP

By   /s/ Christopher O. Rivas
   Christopher O. Rivas
   Attorneys for Plaintiff
   Lone Shark Holdings, LLC