ANTHONY & PARTNERS, LLC
JOHN A. ANTHONY (SBN0731013)
  janthony@anthonyandpartners.com
ANDREW J. GHEKAS (SBN 0119169)
  aghekas@anthonyandpartners.com
*Both admitted Pro Hac Vice*
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813.273.5616
Facsimile: 813.221.4113

COOPER, WHITE & COOPER LLP
PETER C. CALIFANO (SBN 129043)
  pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: 415.433.1900
Facsimile: 415.433.5530

Attorneys for Creditor CENTENNIAL BANK

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | CASE NO. 21-50028 SLJ<br><br>Chapter 7<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON CENTENNIAL BANK'S MOTION TO DISMISS LIQUIDATION**<br><br>**[NO HEARING REQUESTED]**<br><br>**Judge: Hon. Stephen L. Johnson** |

Creditor Centennial Bank ("Centennial") makes this Ex Parte Application for Order Shortening Time For Hearing on its Motion to Dismiss Liquidation ("Application"). The Application is based on this Ex Parte Application, the supporting Ghekas Declaration, Centennial's Motion to Dismiss Liquidation (already on file at Dkt. No. 83) (the "Motion"), the proposed Order Shortening Time and the files and records in this Chapter 7 case. Centennial requests that the Court issue an order setting a hearing on the Motion for within the next seven (7) to ten (10) days.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 92    Filed: 04/08/21    Entered: 04/08/21 14:03:55    Page 1 of 4

1501606.2

1. Debtor Evander Kane ("Kane") commenced this voluntary Chapter 7 bankruptcy case on or about January 9, 2021.

2. Centennial is a scheduled secured creditor in the amount of $8,360.000 (Dkt. No. 18, Schedule D, Creditor No. 2.3).

3. On or about March 29, 2021 Centennial filed the Motion based on the fact that Kane's debts were primarily consumer-based debts and therefor constituted abuse under 11 USC Sections 707(b)(2); 707(b)(3)(B) and 707(b)(3)(A).

4. Prior to filing the Motion, on March 24, 2021, Centennial conducted a Rule 2004 examination and deposition of Kane (the "2004 Examination"). At the 2004 Examination, Kane confirmed that the monies received from Centennial – as well as Zions Bancorporation ("Zions") and Professional Bank ("Professional") – were not used to invest in any real property, ongoing business enterprise, investment, or to start any business venture. Instead, the funds were used by Kane to pay down preexisting debt obligations. However, when confronted with questions regarding what purpose the preexisting debt obligations were incurred for, Kane was unable to answer the most basic questions. To be sure, it cannot be gainsaid that Kane has no ongoing business venture that he is seeking to reorganize or liquidate. Nor can it be argued that Kane has any business activity whatsoever other than playing professional ice hockey. Kane's inability to explain what happened to the nearly $50,000,000 he has earned over the last elven (11) professional ice hockey seasons in the face of the clear absence of any sizeable assets other than three (3) residential properties fully encumbered by separate debt, confirms that this is consumer case unable to be converted to Chapter 11.[1]

5. On or about March 30, 2021 the Court held a hearing on Creditor Zions Bancorporation's Motion to Convert Case to a Chapter 11 and Appoint a Chapter 11 Trustee ("Motion to Convert"). Centennial appeared and presented oral opposition and referred to its Motion

---

[1] See attached Declaration of Andrew J. Ghekas, Esquire regarding testimony of Kane at the 2004 Examination and accompanying relevant excerpts of the same.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 92    Filed: 04/08/21    Entered: 04/08/21 14:03:55    Page 2 of 4

1501606.2

2

in opposing the Motion to Convert.[2] The Court took the matter under submission and the parties are awaiting the Court's decision.

6. In light of the polar opposite relief requested by both Centennial and Zions in their respective motions, as well as their conflicting view as to the legal nature of Kane's debt obligations, Centennial respectfully suggests that the legal and factual basis for the Motion should also be considered by the Court as it decides the Motion to Convert and formulates the appropriate way to proceed with the Kane case, including the suggested non-bankruptcy option. Therefore, Centennial requests that the hearing on the Motion should be held within the next 7-10 days.

7. The Parties have met and conferred about Kane opposing the Motion and the appropriate timing for a hearing on the same. Kane, through counsel, has indicated that he does not consent to the relief requested herein, as he does not believe that the Motion and Motion to Convert are connected.

8. **COMPLIANCE WITH BLR 9006-1:**

BLR 9006-1 requires explanation of:

> (1) The reason for the particular enlargement or shortening of time requested;
> (2) Previous time modification related to the subject of the request, whether by Stipulation or Court order; (3) The effect of the requested time modification on the schedule for the case or proceeding; and (4) Where the request is not made by stipulation, the effects made to speak with the respondent, and if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

---

[2] Zions' argument in its Motion to Convert is predicated upon its mistaken belief that Kane's debts or primarily non-consumer debts. As argued by Zions in its Motion to Convert, "[a]n individual's pending chapter 7 case may be the subject of an 'involuntary' conversion to chapter 11, at least where, as with Kane in this case, the individual's debts are primarily non-consumer debts." [Dkt. 33 at 14]. Zions basis for such an argument is seemingly predicated upon Kane having checked the box on his Schedules that he felt his debts were primarily non-consumer in nature. However, as confirmed at the 2004 Examination, this is not the case.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 92    Filed: 04/08/21    Entered: 04/08/21 14:03:55    Page 3 of 4

1501606.2                                          3

The rationale for this Application is discussed above. There has been no other requests for shortening time regarding the Motion. The shortening of time is not expected to have an effect on the schedule for the case except that it may benefit this Court in considering the merits and basis of the pending Motion to Convert.

    WHEREFORE, Centennial respectfully requests that the Court grant the Application and enter an order shortening time for the hearing on the Motion setting the hearing date to occur in seven (7) to ten (10) days or as soon thereafter as the Court has time available, along with service requirements and scheduling for opposition and reply papers; and any other relief that is just and proper.

DATED: April 8, 2021      ANTHONY & PARTNERS, LLC

By:      */s/John A. Anthony*
    John A. Anthony
    Attorneys for Creditor
    CENTENNIAL BANK

DATED: April 8, 2021      COOPER, WHITE & COOPER LLP

By:      */s/Peter C. Califano*
    Peter C. Califano
    Attorneys for Creditor
    CENTENNIAL BANK

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028   Doc# 92   Filed: 04/08/21   Entered: 04/08/21 14:03:55   Page 4 of 4

1501606.2    4