1 | Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
2 | Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
    1000 Wilshire Boulevard, Nineteenth Floor
4 | Los Angeles, California 90017-2427
    Telephone: (323) 852-1000
5 | Facsimile: (323) 651-2577

6 | Attorneys for creditor ZIONS
    BANCORPORATION, N.A., dba
7 | California Bank & Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br><br>Chapter 7<br><br>**ZIONS BANCORPORATION, N.A.'S MOTION TO CONTINUE HEARING ON HOMESTEAD EXEMPTION OBJECTION PER B.L.R. 9006-1**<br><br><u>**Current Hearing:**</u><br>Date:   May 4, 2021<br>Time:   2:00 p.m.<br>Place:  Via Zoom Video Conference<br><br><u>**Proposed Continued Hearing:**</u><br>Date:   June 9, 2021<br>Time:   2:00 p.m.<br>Place:  Via Zoom Video Conference<br><br>Hon. Stephen L. Johnson |

TO: THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE, PARTIES IN INTEREST, AND THEIR COUNSEL:

Zions Bancorporation, N.A., dba California Bank & Trust ("Zions") requests that the Court continue the hearing on its Objection to Homestead Exemption ("Objection") (Dkt. 74) from May 4, 2021, to June 9, 2021, to eliminate the procedural objection raised by Evander Frank Kane ("Kane") in his Response to the Objection ("Response") (Dkt. 106), and to give Kane the additional time he's requested to substantively respond to the Objection for this Court's consideration.

## I.   Introduction

On March 25, 2021, Zions timely filed, and timely-served, the Objection on Kane's attorney, among others, both by mail and electronically. Zions inadvertently did not mail the Objection to Kane on March 25, 2021. But, on April 26, 2021, when this oversight was discovered, Zions served Kane at his residence by mail and overnight mail that same day. The next day, Kane—through his attorney—filed the Response to the objection, asking the Court to (a) overrule the Objection, based on improper service on Kane, or (b) allow Kane time to file a more substantive response to the Objection at a later date if the hearing is continued. This motion is Zion's effort to allay all of Kane's procedural concerns to ensure that the Court is able to fully address the merits of the Objection at a continued hearing with Kane's full participation and opportunity to respond.

Notably, the only case law directly on point to the present scenario provides that service of an exemption objection on the debtor's attorney alone is sufficient under Rule 4003(b). *See In re Fisher* discussed *infra* at III.A. By (a) timely filing the Objection (b) timely serving the Objection on Kane's attorney of record concurrently with its filing, (c) serving the Objection on Kane personally by mail and overnight as soon as the incorrect proof of service was noticed, and (d) by immediately requesting that the hearing on the Objection be postponed beyond any possible briefing deadlines imposed upon Kane under applicable rules, Zions has eliminated any possible procedural objections that could be asserted by Kane in connection with the service issue.

Because the service oversight has, under any and all circumstances, been rendered "no harm, no foul," by Zions' subsequent actions, the Court should simply continue the hearing on the Objection as requested by Zions to avoid and eliminate any procedural objections that could ever be asserted with respect to the Objection.

**II.  Relevant Facts**

Kane filed chapter 7 on January 9, 2021.

Kane's meeting of creditors concluded on February 23, 2021. *See* unnumbered Dkts. 30/31.

On March 25, 2021, prior to the exemption objection deadline,[1] Zions filed its Objection to Homestead Exemption ("Objection") (Dkt. 74) and served it by mail and NEF notice upon, among others, the Chapter 7 Trustee, the U.S. Trustee, certain creditors, and Kane's counsel of record. *See* Certificate of Service Dkt. 74-2.  Zions inadvertently failed to mail an additional copy of the Objection to Kane's personal residence on March 25, 2021.

On April 26, 2021, eight days prior to the initially scheduled hearing date on the Objection, Zions first became aware that Kane had not been served by mail on March 25, 2021.  Accordingly, Zions immediately served Kane by mail and overnight mail that same day.

The following day, on April 27, 2021, Kane filed his Response to the Objection, requesting that the Objection be overruled for improper service and alternatively requesting that Kane be permitted to file a more substantive response, if required, at a later date (Dkt. 106).

Zions' counsel contacted the Debtor's counsel on April, 28, 2012, and Debtor's counsel indicated that he "was not in a position" to stipulate to a continued hearing on Zions' objection, necessitating the filing of the instant motion. *See* Declaration of Reed S. Waddell ¶ 3.

---

[1] Thirty days after February 23, 2021, is March 25, 2021.

## III. Analysis

As analyzed below, Zions has now served the Objection on Kane in a manner that comports with Rule 4003(b)(4). To avoid procedural objections, however, Zions requests that the Court continue the hearing, which would allow Kane additional time to respond.

### A. The Objection was Timely Filed and Served.

An exemption objection must be filed within 30 days of the completion of the § 341(a) meeting of creditors or any amendment to list of property claimed exempt or supplemental schedules. Fed. R. Bankr. P. 4003(b)(1). A copy of the objection must also be "delivered or mailed to the trustee, the debtor and the debtor's attorney, and the person filing the list and that person's attorney." Fed. R. Bankr. P. 4003(b)(4).

Here, Zions filed its Objection timely on March 25, 2021—within 30 days of the completion of Kane's meeting of creditors. Zions served its Objection that same day, upon, among others, Kane's counsel of record by mail and electronically. But, due to an error, Kane's home address was omitted from the Certificate of Service. And, the Objection was not mailed to Kane until the error was discovered on April 26, 2021, whereupon Zions immediately served Kane at his residence by mail and overnight mail. The next day, Kane, through his attorney, filed a Response, requesting that the Court overrule the Objection under Rule 4003(b)(4), and stating alternatively that he may file more substantive briefing if the hearing is continued. *See* Response at 2:3-4.

By this motion, Zions seeks to avoid procedural objections, to permit Kane's full participation and substantive response, and to allow the Court to rule on the merits of the Objection.

The only case on point holds that a creditor's service of an exemption objection on the debtor's attorney alone is sufficient under (substantively identical) predecessor Rule 4003(b). *See In re Fisher*, 63 B.R. 649, 651 (Bankr. W.D. Ky. 1986) (analyzing predecessor Rule 4003(b) which has essentially the same language as the current Rule 4003(b)(4)).[2]

---

[2] Predecessor Rule 4003(b) and current Rule 4003(b)(4) have essentially identical operative language. Predecessor Rule 4003(b) provided that "Copies of the objections shall be

In *Fisher*, a creditor filed an exemption objection and served it on the debtor's counsel, but failed to serve it on the debtor. *Id.* In turn, the debtor argued that the creditor failed to serve the objection properly under predecessor Rule 4003(b). *See id.* The Court rejected this argument. The Court analyzed predecessor Rule 4003(b) and found that service was proper. *Id.* The Court reasoned as follows:

> [W]e find that debtor's argument that the objection must be mailed to both the debtor and his attorney, to be without merit. Service on the debtor's attorney was obviously sufficient to give the debtor notice of the objections. Rule 4003(b) states that copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney. Reading this language literally and carried to the extreme, one could conclude that "the person filing the list" means someone from the attorney's office who *physically* filed the same. We decline to read the Rule so literally as to mandatorily require service on both the debtor and his attorney.

*Id.*

Here, Zions served the Objection on Kane's counsel on March 25, 2021, and then served Kane by mail and overnight mail on April 26, 2021. Service on Kane's counsel on March 25 was unquestionably sufficient to give Kane notice of the Objection. And, the Objection was also mailed and overnighted on April 26, 2021, eight days prior to the hearing and one day prior to Kane's Response. Accordingly, Zions' service of the Objection comports with Rule 4003(b)(4).

Nonetheless, out of an abundance of caution, and to avoid procedural objections, Zions requests that the Court continue the hearing, thereby obviating Kane's procedural objection, and allowing the Court to rule on the merits of the Objection.

    **B.    The Court Should Continue the Hearing on the Objection to Obviate Kane's Procedural Objection.**

Bankruptcy Local Rule 9006-1 allows a party in interest to request to enlarge or shorten time and may be made by stipulation or motion. B.L.R. 9006-1.

---

delivered or mailed to the trustee and to the person filing the list and his attorney," whereas the current version of Rule 4003(b)(4) provides that "A copy of any objection shall be delivered or mailed to the trustee, the debtor and the debtor's attorney, and the person filing the list and that person's attorney."

5

Here, Zions requests a continuance of the hearing on the Objection from May 4, 2021, to June 9, 2021, to obviate Kane's procedural objection and allow Kane sufficient additional time to file substantive briefing regarding the Objection. This is the first continuance request related to this matter. This requested continuance will not adversely affect the schedule for this case. Zions notes that the hearing on Centennial Bank's motion to dismiss is presently scheduled for May 18, 2021, at 2:00 p.m. However, Zions does not believe that continuing the hearing on the Objection should impact or interfere with the Court's schedule and/or ruling on the motion to dismiss.

Counsel to Zions and Kane have discussed this continuance, but at this time Kane's counsel is not in a position to stipulate to continue the matter. *See* Declaration of Reed S. Waddell ¶ 3.

Accordingly, Zions requests that the Court continue the hearing on the Objection to June 9, 2021, at 2:00 p.m. or another date convenient to the Court thereafter and to allow Kane to file a response in advance of the continued hearing, should he desire to do so, per B.L.R. 9014-1(b)(1)(E) and (c)(1).

## IV. Conclusion

As analyzed above, Zions submits that the Objection was timely served under Rule 4003(b)(4). Nonetheless, Zions still requests that the Court continue the hearing on the Objection as requested so as to avoid all possible procedural objections, to accommodate Kane's, and to allow sufficient time to all parties and the Court to brief and/or rule on the merits.

DATED: April 28, 2021

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for creditor Zions Bancorporation, N.A.

4210872v1 | 031205-0132