

The following constitutes the order of the Court.
Signed: April 29, 2021

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re **EVANDER FRANK KANE**,

Debtor.

Case No. 21-50028 SLJ
Chapter 7

## ORDER GRANTING MOTION TO CONTINUE HEARING
## ON OBJECTION TO HOMESTEAD EXEMPTION

On March 25, 2021, Creditor Zions Bancorporation ("Zions") filed an objection to Debtor's claim of a homestead exemption, and set a hearing on that objection for May 4, 2021 at 2:00 p.m. ECF 74–75. But on April 27, 2021, Debtor filed a response to the objection, arguing it was procedurally defective because Zions failed to serve a copy on Debtor, as required by Bankruptcy Rule 4003(b)(4). Then, on April 28, 2021, Zions filed a motion to continue the hearing on its objection to June 9, 2021 at 2:00 p.m., stating it had now served Debtor on April 26, 2021, but that a continuance would resolve any procedural issues and give Debtor ample time to formulate his response to the objection. ECF 109.

I find Zions' motion to continue the hearing complies with B.L.R. 9006-1. As such, it is hereby ordered that:

ORDER GRANTING MOTION TO CONTINUE HEARING
ON OBJECTION TO HOMESTEAD EXEMPTION
1/3

1. The hearing on Zions' objection to Debtor's homestead exemption be continued from May 4, 2021 to **June 9, 2021** at **2:00 p.m.** Pursuant to Sixth Amended General Order 38, The hearing will be held by Zoom.[1]

2. Debtor's opposition to the objection is due by **May 26, 2021**.

3. Zions' reply, if any, is due by **June 2, 2021**.

IT IS SO ORDERED.

**END OF ORDER**

---

[1] Parties can refer to the Bankruptcy Court's website for rules on accessing Zoom at: https://www.canb.uscourts.gov/procedure/zoom

ORDER GRANTING MOTION TO CONTINUE HEARING
ON OBJECTION TO HOMESTEAD EXEMPTION

Case: 21-50028    Doc# 110    Filed: 04/29/21    Entered: 04/29/21 11:25:06    Page 2 of 3

**COURT SERVICE LIST**

[ECF recipients only]

ORDER GRANTING MOTION TO CONTINUE HEARING
ON OBJECTION TO HOMESTEAD EXEMPTION
3/3