Heinz Binder, Esq. (SBN 87908)
David B. Rao (SN#103147))
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: david@bindermalter.com

Attorneys for Plaintiff South River Capital, LLC,

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 21-50028 SLJ |
| EVANDER FRANK KANE, | Chapter 7 |
|                 Debtor. | |
| SOUTH RIVER CAPITAL, LLC, | Adv. Proceeding No.: |
|      Plaintiff, | |
| v. | |
| EVANDER FRANK KANE, | |
|      Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**(11 U.S.C. §523(a)(2)(A) and (B))**

COMES NOW Plaintiff South River Capital, LLC ("Plaintiff") which alleges and complains of Defendant Evander Frank Kane ("Defendant") as follows:

GENERAL ALLEGATIONS

1. This complaint initiates an adversary proceeding as contemplated in Fed.R.Bank.P. 7001.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §523. Venue is proper in this Court pursuant to 28 U.S.C. §1409 by virtue of the Chapter 7 case pending before the United States Bankruptcy Court for the Northern District of California, San Jose Division, entitled <u>In re Evander Frank Kane</u>, Bankruptcy Case No. 21-50028 SLJ (the "Bankruptcy Case"), filed on January 9, 2021 (the "Petition Date") by Defendant.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(I). Pursuant to B.L.R. 7008-1, Plaintiff consents to entry of a final judgment by the Bankruptcy Court.

4. Plaintiff is a creditor of Defendant and has standing to bring this action pursuant to 11 U.S.C. §523(a) and Fed.R.Bank.P. 4007.

5. On or about May 11, 2019, Plaintiff made a loan to Defendant in the original principal amount of $600,000 (the "Loan"), as evidenced by a Promissory Note dated May 11, 2019, made, executed, and delivered to Plaintiff by Defendant in such amount (the "Note"). A true copy of the Note is attached hereto as Exhibit "A" and incorporated herein by this reference. Pursuant to the payment schedule attached as Exhibit "A" to the Note, Defendant was required to make monthly payments to Plaintiff beginning on November 30, 2019 until the Loan was paid in full.

6. In connection with the Loan, Defendant executed and delivered to Plaintiff a Loan and Security Agreement dated May 11, 2019 (the "Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference. Pursuant to the Loan Agreement, Defendant granted Plaintiff a security interest in, *inter alia,* his National Hockey League ("NHL") Uniform Player Contract with the San Jose Sharks Hockey Club dated May 24, 2018, all cash proceeds, future income, and earnings therefrom, and all of Defendant's deposit accounts, general intangibles, and equipment (the "Collateral"), as more particularly described in the Loan Agreement.

7. To perfect its security interest in the Collateral, Plaintiff filed a UCC Financing Statement with the California Secretary of State on March 26, 2019, as Filing

No. 19-7704042105, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference.

8. Defendant defaulted on his Note payments to Plaintiff. Consequently, on November 5, 2020, Plaintiff filed a complaint for judgment by confession against Defendant in the Circuit Court for Baltimore County, Maryland, entitled <u>South River Capital, LLC vs. Evander Kane</u>, case number C-03-CV-20-003992 (the "State Court Action").

9. On November 9, 2020, a Judgment in the State Court Action was entered against Defendant and in favor of Plaintiff in the amount of $1,074,494.87 (the "Judgment"). A certified copy of a Notice of Confessed Judgment in the State Court Action is attached hereto as Exhibit "D" and incorporated herein by this reference.

10. Pursuant to the Judgment, post-judgment interest accrues at the rate of 15% per annum. As of the Petition Date, interest had accrued on the Judgment in the amount of $26,935.00. The amount owed to Plaintiff on the Judgment as of the Petition Date was $1,101,429.87.

## FIRST CLAIM FOR RELIEF
(11 U.S.C. §532(a)(2)(B))

11. Plaintiff incorporates by reference paragraphs 1 through 10 above as though fully set forth herein.

12. The Loan Agreement contains representations and warranties in sections 4.1.b, 4.1.h. and 4.1.k. (collectively referred to as the "Representations and Warranties") respecting Defendant's financial condition:

A. Defendant owns the Collateral free and clear of all liens, security interests, and other encumbrances except for those in favor of Plaintiff (Loan Agreement, §4.1.b.).

B. There are no lawsuits pending, or to the knowledge of Defendant, threatened against Defendant (Loan Agreement, §4.1.h.).

C. All taxes due have been paid (Loan Agreement, §4.1.k.). 12.

13. The representation and warranty that Defendant made to Plaintiff in §4.1.b. of the Loan Agreement (to wit: that Defendant owned the Collateral free and clear of all liens, security interests, and other encumbrances except for those in favor of Plaintiff) was materially false when Defendant made it, as evidenced by the following facts.

A. Plaintiff is informed and believes and thereon alleges, based upon the sworn statement by Defendant in the Amended Schedule D that he filed on January 31, 2021 (dkt. #18), that when Defendant executed the Loan Agreement he had already granted security interests to three creditors in certain items of Collateral that Defendant pledged to Plaintiff as security for the Loan: (a) to Centennial Bank in 2018, a security interest in his future wages (Sched. D, §2.3), (b) to Professional Bank in March 2019, a security interest in his future wages (Sched. D, §2.7), and (c) to Zions Bancorporation ("Zions") in August 2018, a security interest in deposit accounts held at Zions (Sched. D, §2.11).

B. Plaintiff is further informed and believes and thereon alleges, based upon the Security Agreement signed by Defendant on March 26, 2019 in favor of Professional Bank, a copy of which is attached to the Proof of Claim filed in the Bankruptcy Case by Professional Bank (Claim No. 1), that on March 26, 2019 Defendant granted Professional Bank a security interest in the wages, bonuses and all payments to be received by Defendant pursuant to his NHL Standard Player's Contract with the San Jose Sharks.

C. Plaintiff is further informed and believes and thereon alleges, based upon the Verified Complaint filed by Zions against Defendant on December 20, 2019 in the Santa Clara County Superior Court, case no. 19CV360613, that on August 9, 2018 Defendant executed a Business Loan Agreement in which he granted Zions a security interest in all deposit accounts of Defendant at Zions, including the deposit account that Defendant opened at Zions on August 8, 2018.

D. Plaintiff is further informed and believes and thereon alleges, based upon the Ex Parte Application for Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure filed by Centennial Bank in the Bankruptcy Case (dkt. #40) and the exhibits to the Proof of Claim filed by Centennial Bank on March 18, 2021 (Claim No. 5) that on September 5, 2018, Defendant executed a Security Agreement in which he granted Centennial Bank a security interest in (a) his NHL Standard Player's Contract with the San Jose Sharks, (b) all wages, bonuses, and any other payments Defendant would receive under his Player's Contract, and (c) in a depository account he was to open at Centennial Bank.

E. On March 26, 2019 and on March 27, 2019, respectively, Centennial Bank and Professional Bank filed UCC Financing Statements with the California Secretary of State. These UCC Financing Statements perfected the secured party's security interest in Defendant's NHL Player's Contract with the San Jose Sharks and all of Defendant's deposit accounts, general intangibles, and equipment. True copies of the UCC Financing Statements filed by Centennial Bank and Professional Bank are attached hereto as Exhibits "E" and "F", respectively, and incorporated herein by this reference.

14. The representation and warranty that Defendant made to Plaintiff in §4.1.h. of the Loan Agreement (to wit: that there are no lawsuits pending against Defendant) was materially false when Defendant made it, as evidenced by the following facts.

A. Plaintiff is informed and believes and thereon alleges that when Defendant executed the Loan Agreement, he was defending a lawsuit filed by Rachel Kuechle ("Kuechle") that she filed against him on July 1, 2016 in the Erie County, New York, Supreme Court, index no. 807030/2016, in which she sought damages resulting from alleged physical battery resulting in personal injury (the "Kuechle Suit"). Attached hereto as Exhibits "G-1" and "G-2", respectively, are true copies of the Summons and

Complaint filed by Keuchle and the court docket for the Kuechle Suit dated as of March 10, 2021 and incorporated herein by this reference.

B. Plaintiff is further informed and believes and thereon alleges that when Defendant executed the Loan Agreement, he was defending a lawsuit filed by Hope Parker ("Parker") that she filed against him on October 24, 2018 in the Santa Monica County, California, Superior Court, case no. 18SMCV00095, in which she sought damages resulting from alleged fraud (the "Parker Suit"). Attached hereto as Exhibit "H" and incorporated herein by this reference is a true copy of the court docket for the Parker Suit as it existed on March 17, 2021.

15. The representation and warranty that Defendant made to Plaintiff in §4.1.k. of the Loan Agreement (to wit: that all taxes owed by Defendant had been paid) was materially false when Defendant made it, as evidenced by the following. Plaintiff is informed and believes and thereon alleges, based upon the Proof of Claim filed in the Bankruptcy Case by the Michigan Department of Treasury (Claim No. 2) that when Defendant executed the Loan Agreement he owed income taxes to the State of Michigan and the City of Detroit for the tax period 1/1/2018 – 12/31/2018. Attached hereto as Exhibit "I" is a true copy of the Proof of Claim filed by the Michigan Department of Treasury and incorporated herein by this reference.

16. Defendant knew the Representations and Warranties were false when he made them.

17. Defendant made the Representations and Warranties with the intention of deceiving Plaintiff and inducing Plaintiff to make the Loan to Defendant.

18. Plaintiff, at the time Defendant made the Representations and Warranties and at the time Plaintiff made the Loan to Defendant, was ignorant of the falsity of the Representations and Warranties and reasonably relied upon them in its decision to make the Loan to Defendant. Had Plaintiff known the true facts, it would not have made the Loan to Defendant.

19. Plaintiff's damages, as documented in the Judgment entered in the State Court Action, proximately resulted from the Representations and Warranties.

20. The debt in the amount of $1,101,429.87 owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(2)(B).

WHEREFORE, Plaintiff prays for judgment against Defendant as hereafter set forth.

## SECOND CLAIM FOR RELIEF

(11 U.S.C. §523(a)(2)(A)

21. Plaintiff incorporates by reference paragraphs 1 through 10, 12 through 17, and19, above, as though fully set forth herein.

22. Plaintiff, at the time Defendant made the Representations and Warranties and at the time Plaintiff made the Loan to Defendant, was ignorant of the falsity of the Representations and Warranties and justifiably relied upon them in its decision to make the Loan to Defendant. Had Plaintiff known the true facts, it would not have made the Loan to Defendant.

23. If or to the extent any of the Representations and Warranties are not statements respecting Defendant's financial condition, they satisfy the requirements for false representations and actual fraud, and in that case the debt in the amount of $1,101,429.87 owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. On the First and Second Claims for Relief, that the Court determine that the debt owed by Defendant to Plaintiff in the amount of $1,101,429.87 as of the Petition Date is nondischargeable and that Plaintiff have judgment against Defendant for same.

///
///
///

Case 21-50028 Doc# 116 Filed 05/04/21 Entered 05/04/21 11:23:34 Page 7 of 8
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. §523(a)(2)(A) and (B)) Page 7

B. For costs of suit and such other and further relief as the Court deems just and proper.

Dated: May 4, 2021	BINDER & MALTER, LLP

By: */s/ David B. Rao*
David B. Rao, Attorneys for
South River Capital, LLC

SouthRiverCapital/Pleadings/DischargeabilityComplaint