Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Appellant ZIONS BANCORPORATION, N.A., dba California Bank & Trust

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>    Debtor. | Case No. 21-50028-SLJ<br><br>Chapter 7<br><br>District Court Case No. *pending* |
| ZIONS BANCORPORATION, N.A., dba California Bank & Trust,<br><br>    Appellant,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>    Appellee. | **STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL BY APPELLANT ZIONS BANCORPORATION, N.A.**<br><br>[Fed. R. Bankr. P. 8009(a)]<br><br>Notice of Appeal Filed: May 3, 2021 |

Appellant Zions Bancorporation, N.A., dba California Bank & Trust ("Zions") hereby submits its statement of issues on appeal regarding Zions' appeal of the Order Denying Motion to Convert (Dkt. 101) pursuant to Civil Local Rule 16-4 and Rule 8009(a) of the Federal Rule of Bankruptcy Procedure:

**Statement of Issues on Appeal**

1. The Debtor, Mr. Evander Kane, has an NHL contract that provides for $29 million in earnings and signing bonuses through league year 2025. The record also reflects that Mr. Kane could, at the very least, pay an 11-14% dividend to creditors over a five-year chapter 11 plan. Did the bankruptcy court err when it found that "I do not conclude that the interests of creditors are paramount," and that "the benefit of conversion to Creditors is unproven"?

2. Section 706(b) does not require bankruptcy courts to conduct a hypothetical confirmation hearing to determine whether conversion is appropriate. *See In re Baker*, 503 B.R. 751, 759 (Bankr. M.D. Fla. 2013) (finding that under section 706(b) bankruptcy courts should not analyze a motion to convert to chapter 11 as if it were a noticed chapter 11 confirmation hearing). Did the bankruptcy court err when it found that Zions was required to prove that a hypothetical plan would, in fact, be confirmed without objections?

3. In an individual chapter 11 case, the automatic stay prevents all collection activities against the debtor outside a confirmed plan until such time as the debtor's discharge is granted (or denied) which occurs, not upon confirmation, but rather upon completion of plan payments or upon the court granting an early discharge. 11 U.S.C. §§ 362(c)(2)(C); 1141(d)(5). Here, it is undisputed that Mr. Kane has significant earnings and significant putative non-dischargeable claims against him. Did the bankruptcy court err when it found that "even if a plan is confirmed, if Creditors are successful in having their claims declared non-dischargeable, nothing in the Code will prevent them from continuing to collect from Debtor outside the plan"?

4. In an individual chapter 11 case, if an unsecured creditor objects, the plan must pay the value of the debtor's projected disposable income over a period of five years be confirmed, but the debtor may obtain permission to modify the plan at any time after confirmation and before

completion of plan payments. 11 U.S.C. §§ 1129(a)(15); 1127(e). Mr. Kane's NHL contract provides that he will continue to receive his full salary and signing bonuses through league year 2025 even if he were to sustain physical injuries while playing hockey (or hockey-related travel). Did the bankruptcy court err when it found that it was "not convinced a plan so dependent on Debtor continuing to play hockey for several years without interruption has a reasonable probability of success" and that feasibility of any plan would be brought into doubt if Mr. Kane sustained physical injuries while playing hockey?

5. A chapter 11 trustee may not assume a personal services contract without the consent of the parties to that contract. 11 U.S.C. § 365(c)(1). It is undisputed that Mr. Kane's NHL contract is a personal services contract, and Zions specifically analyzed in its briefing the fact that, under section 365(c)(1), a chapter 11 trustee would not be able to assume Mr. Kane's NHL contract unless the parties to that contract, including Mr. Kane, consent. Did the bankruptcy court err when it found that if the case were converted to chapter 11 and a trustee appointed, "it would fall to that trustee" to make key decisions under Mr. Kane's NHL contract?

6. An individual chapter 11 debtor may receive a discharge by (a) completing payments under a plan as originally confirmed, (b) completing payments under a plan as modified by the debtor, or (c) obtaining an early discharge which is permitted where unsecured creditors have received as much as they would have received in chapter 7 and plan modification is not practicable. 11 U.S.C. § 1141(d)(5); *see also* 11 U.S.C. § 1129(a)(15). Did the bankruptcy court err when it found that converting Mr. Kane's case to chapter 11 would imperil Mr. Kane's ability to discharge debt because he could only receive a chapter 11 discharge "if a plan is confirmed and then only if payments are complete"?

7. In a chapter 7, creditors holding non-dischargeable claims are free to pursue collection activities against the debtor under non-bankruptcy law immediately after the earliest of closure of the case, dismissal of the case, or when the debtor receives a discharge (or that discharge is denied). 11 U.S.C. §§ 362(c)(2)(C); 727. Here, creditors have filed multiple adversary proceedings to deny Mr. Kane's chapter 7 discharge entirely and, for other parties, the deadlines to file such adversary proceedings have been extended. Did the bankruptcy court err when it found

Case: 21-50028 Doc# 143 Filed: 05/19/21 Entered: 05/19/21 15:43:23 Page 3 of 4

3

that chapter 7 would benefit Mr. Kane by providing "a relatively quick and final resolution to his current financial troubles"?

8. Did the bankruptcy court err when it found that if the case were converted to chapter 11, grounds might exist for immediate reconversion to chapter 7 unless a trustee were appointed, where—at the same time—the court would not consider Zions' concurrent request in its motion for a trustee to be appointed because that would be putting "the cart before the horse"?

9. Did the bankruptcy court err when it found "It is not relevant to this analysis whether a party in interest would [seek to reconvert the case to chapter 7]; what matters is that they could, so the inquiry turns to whether the record shows grounds for reconversion"?

10. Did the bankruptcy court err when it found that if the case were converted to chapter 11, Mr. Kane would lose the ability to fund his defense of non-dischargeability actions against him?

11. Did the bankruptcy court err when it found that Mr. Kane's plan could be imperiled by certain creditors' purported security interests in Mr. Kane's earnings?

12. Did the bankruptcy court commit any error in denying Zions' motion to convert?

13. Did the bankruptcy court apply the wrong legal standard when denying Zions' motion to convert?

DATED: May 19, 2021

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By: /s/ Michael Gerard Fletcher
MICHAEL GERARD FLETCHER
Attorneys for Appellant Zions Bancorporation, N.A., dba California Bank & Trust