Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 616-0466
Fax:    (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Debtor,
Evander Frank Kane

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br>Chapter 7<br><br>**DEBTOR'S OPPOSITION TO OBJECTION TO HOMESTEAD EXEMPTION FILED BY ZIONS BANCORPORATION, N.A[1]**<br><br>Hearing:<br>Date:   June 9, 2021<br>Time:   2:00 p.m. Pacific Time<br>Place:  Via Zoom videoconference |

Evander F. Kane ("Kane" or the "Debtor") files the following opposition to the objection to Kane's homestead exemption (the "Objection") filed by Zions Bancorporation N.A. ("Zions") on March 25, 2021 (ECF 74).

**I.   SUMMARY**

Kane requests that the Court overrule the Objection based on the following grounds: (i) the Objection is untimely as it was not served on Kane until 62 days after the conclusion of the meeting of creditors; (ii) as California is an "opt-out" state, the limitations of § 522(p) do not

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in this proceeding.

OPP TO HOMESTEAD OBJECTION                                                                                             1

apply to Kane's bankruptcy; (iii) there is no evidence upon which to base an objection under § 522(o) and application of § 522(o) to the current facts is contrary to Ninth Circuit law; (iv) Section 522(p) was not enacted to apply to situations like Kane's; and (iv) if the Court determines that § 522(p) applies, the limitation is applied as of the time of purchase of the homestead and does not apply to future appreciation, which is otherwise covered by Kane's exemption.

## II. BACKGROUND FACTS

The following facts are relevant to the instant dispute:

1. Kane moved to California in February 2018 when he was traded by the Buffalo Sabres hockey team to the San Jose Sharks. Upon his arrival in California, Kane moved into rented housing and continued renting until August 2020.

2. Kane and his wife were married in 2018. Kane and his wife purchased the single-family home located at 2301 Richland Ave., San Jose, California (the "Residence") in August 2020 for $3,030,000. The funds for the down payment came partially from Kane's salary and partially from a loan secured against properties Kane owns in Vancouver, Canada (the "Canadian Properties"). Kane used a portion of his salary bonus from July 2020 to pay off a then-existing junior loan on the Canadian Properties which had become due. After paying off the existing second loan, he obtained a new loan secured by a junior deed on the Canadian Properties for approximately $435,000 USD. He combined the loan proceeds with funds left from his salary bonus to make a down payment of approximately $705,000 on the purchase of the Residence.

3. Kane and his wife initially held title to the Residence in the name of Lions Properties LLC, a limited liability company which they jointly owned. They transferred title to the Residence into their own names just prior to Kane filing his voluntary petition case on January 9, 2021 (ECF 1).

4. Kane listed the Residence on his Schedule A – valuing it at $3,000,000 (ECF 1). Kane claimed an exemption in the Residence of $600,000 based upon the recently enacted Cal. Code Civ. P. ("CCP") § 704.730 (ECF 1).

5. The Notice of Chapter 7 Bankruptcy Case set the Meeting of Creditors (the "§ 341 Meeting") for February 3, 2021 and a deadline for objections to exemptions 30 days after the conclusion of the § 341 Meeting (ECF 4). The Chapter 7 Trustee conducted the § 341 Meeting on February 3, 2021 and continued the § 341 Meeting to February 23, 2021 (see docket entry prior to ECF 23). The Chapter 7 Trustee conducted the continued § 341 Meeting and concluded the meeting of creditors at its completion (see docket entry prior to ECF 31). As such, any objections to Kane's exemptions were due on or before March 25, 2021.

6. Subsequent to the completed § 341 Meeting, Kane and the Chapter 7 Trustee reached a settlement regarding Kane's homestead exemption, as well as other exemptions not relevant to the Objection (the "Exemption Settlement"). The Exemption Settlement was reached after the Trustee obtained an opinion from a local realtor valuing the Residence at $3,275,000, which value formed the basis of the Exemption Settlement.

7. The Trustee filed a motion seeking approval of the Exemption Settlement (ECF 42). Zions filed its Objection (ECF 74) and objected to the Trustee's Exemption Settlement based upon its Objection (ECF 76).

8. Zions filed the Objection along with a supporting declaration on March 25, 2021 and set the matter for hearing on May 4, 2021 (ECF 75). The Objection included a Certificate of Service (ECF 74-2), indicating that the Objection and related documents were served on: Debtor's counsel, the Chapter 7 Trustee and his counsel, the United States Trustee and counsel for creditor Lone Shark. Zions set a hearing on its Objection for May 2, 2021 (ECF 75).

9. Kane filed a response to the Objection on April 27, 2021 (ECF 106), noting that Zions failed to comply with Bankruptcy Rule 4003(b)(4), which requires a party objecting to a claim of exemption to deliver or mail a copy of the objection to the several parties, including the Debtor. Zion served Kane with its Objection via mail and overnight mail on April 26, 2021, which was 62 days after the conclusion of the § 341 Meeting.

10. Zions then filed a motion to continue the hearing on its Objection (ECF 109) and the Court entered an order setting the hearing for June 9, 2021 (ECF 110).

///

## III. LEGAL ARGUMENT

Before discussing the various responses to the Objection, it is important to note a basic approach to the analysis of exemptions and objections to them. A court should give liberal construction to exemptions to favor those benefitted by them. *In re Pettit*, 61 B.R. 341 (Bankr. W.D. Wash 1986). "Exemption statutes in bankruptcy law should be construed liberally in favor of the debtor," meaning that "[w]here the text of a statutory exemption is ambiguous as to whether it applies, the debtor is entitled to the exemption." *In re Tober*, 688 F.3d 1160, 1163 (9th Cir. 2012) (citation omitted); *see also In re Arrol*, 170 F.3d 934, 937 (9th Cir. 1999) (interpreting ambiguous California homestead exemption to apply to residence outside of California).

### A. The Objection is Untimely and Should be Overruled.

Bankruptcy Rule 4003(b)(4) requires that an objecting party file <u>and</u> deliver or mail an objection to the trustee, the debtor and the debtor's attorney. If the objection is not served by the 30-day time limit, it is untimely and should be overruled. A situation similar to the one at hand arose in a case before the Bankruptcy Court for the Eastern District of Washington, *In re Bush*, 346 B.R. 523 (Bankr. E.D. WA 2006).

In *Bush*, the meeting of creditors was held and concluded on January 27, 2006. The Chapter 7 trustee filed an objection to the exemption claim on February 26, 2006, which filing was within the 30-day limit. The Trustee did not mail the objection until April 24, 2006. As the Court framed the issue: "The question before the court is whether a trustee's objection to a debtor's claim of exemptions is timely when the objection was filed on the 30th day and served on the 87th day after the conclusion of the first meeting of creditors." *Id.* at 524. Determining that the strict time period was intended to provide the debtor with timely notice of an objection, the court in *Bush* held that in order to be timely, the objection must be delivered or mailed to the debtor and debtor's attorney. Because the objection was not mailed by the 30th day, the Court dismissed the objection. *Id.*

The trustee in *Bush* argued that because Bankruptcy Rule 4003 did not specify a time for the objecting party to serve the objection, it need only be filed within the 30-day time limit. The

trustee also argued that the electronic filing, then in use, resulted in receipt of the objection by the debtors' attorney. The court rejected both arguments.

As to the first, the court noted that the purpose of the rule was to provide timely notice to the debtor of an objection. If a court employed a more flexible approach, such as requiring mailing or delivery within a reasonable time, then disputes would arise as what was reasonable. "If timely notice is the purpose behind Rule 4003(b), how can the court interpret the rule as having no time line or a flexible time line in the delivery of mailing of the objection? Timely notice is accomplished by serving the objection, not by filing it." *Id.* at 526.

As to the trustee's second argument, the court noted that the rule specifically required delivery or mailing of the objection to the debtor. *Id.* The court in *Bush* also noted that decisions interpreting Bankruptcy Rule 4003 applied a strict interpretation to the rule for the protection of debtors. *Id.* at 527.[2]

Here, Zions filed the Objection on the 30th day after conclusion of the § 341 Meeting, but did not mail or deliver the Objection to Kane until 62 days after the conclusion. As such, the Objection is untimely and should be overruled.

B. Section 522(p) Does Not Apply as California is an Opt-Out State.

Kane's homestead exemption is asserted under California law. California is an "opt-out" state, such that residents are not allowed to utilize the federal exemptions. CCP § 703.130. In *In re McNabb*, 326 B.R. 785 (Bankr. D. Az. 2005), the court was asked to apply § 522(o) and 522(p) as a basis to disallow or limit the debtor's exemptions. As noted in *McNabb*, federal bankruptcy exemptions may not be elected by a debtor if the applicable state law does not authorize it. *Id.* at 788. In "opt-out" states like California (*McNabb* involved Arizona law) a debtor cannot elect state exemptions. The court in *McNabb* reasoned that § 522(p) did not apply

---

[2] Referencing *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) (prohibiting the challenging of even facially invalid exemptions outside of the 30-day window) and *In re Laurain*, 113 F. 3d 595 (6th Cir. 1997) (requiring a court to act within the 30-day period to extend the time for the filing of an objection).

OPP TO HOMESTEAD OBJECTION 5

because the statute's prefatory language conditions its application on the "result of electing under subsection (b)(3)(A) to exempt property under State or local law . . . ." *Id.*

Zions cites to *In re Rasmussen*, 349 B.R. 747, 752 (Bankr. M.D. Fla. 2006) for support of its argument that the "better reasoned cases" hold that § 522(p) applies in "opt-out" states. Of interest is the fact that while *McNabb* and *Rasmussen* were decided roughly 15 years ago, Congress has done nothing to alter or clarify the statutory language discussed in *McNabb*. There can be no question that § 522(p) is triggered by a debtor's election to exempt property under state law. Moreover, the purpose of § 522(p) is not served here. The "mansion loophole," as it was referred to, was enacted to prevent a debtor from fleeing to a state with unlimited exemptions just before filing bankruptcy.[3] As noted in Kane's accompanying declaration, he moved to California in February 2018 as a result of being traded to the Sharks, not in an effort to avoid creditors or find a more favorable exemption statute.

### C. If the Court Finds That § 522(p) Applies, it Only Caps the Equity as of August 2020 and the Future Appreciation is Not Covered by the Cap.

While Kane does not believe the Court should apply § 522(p) because the Objection is untimely and California is an "opt-out" state, were the Court to disagree, the cap only applies to the interest acquired when the Residence was purchased.

The Ninth Circuit explained the language relating to the cap of § 522(p) in *Greene v. Savage (In re Greene)*, 583 F.3d 614 (9th Cir. 2009). *Greene* arose under Nevada law and involved an appeal of an order limiting the debtor's homestead exemption to the then-cap of $125,000 under § 522(p). The lower courts held that the "interest" referred to in § 522(p) was the homestead, which debtor "acquired" when he moved into the residence in question. *Id.* at 619. The court noted that "The homestead exemption and the property interest impressed with that exemption are discrete concepts: the former is the debtor's legal right to exempt certain property interests from the bankruptcy estate, the latter is the debtor's vested economic interest in the property itself." *Id.* at 621 (citing *Wallace v. Rogers*, 513 F.3d 212 (5th Cir. 2008)). This distinction lead the Ninth Circuit to determine that the phrase "any amount of interest that was

---

[3] See the legislative comments to the 2005 amendments to § 522.

acquired" in § 522(p) refers to the acquisition of real property rather than of a homestead. *Id.* at 624.

Courts have held that the focus on the "interest acquired" in § 522(p) means that any appreciation in the real property subsequent to debtor's acquisition of his interest is not covered by the statutory cap. As such, any appreciation may be exempted by the Debtor. *In re Rasmussen*, which Zions relies upon in its Objection, supports this approach. The court there went through an elaborate effort at interpreting the meaning of "acquired by the debtor" and held that the phrase only made sense if interpreted to apply to the debtor's active acquisition of an ownership interest in the real property. Accordingly, appreciation that occurred subsequent to acquisition was not "acquired by the debtor" as that term is used in § 522(p). "The fact that the Homestead may have appreciated substantially in value during the 1,215-day period does not constitute an acquisition of an interest in the Debtors' homestead for purposes of section 522(p)." *In re Rasmussen*, 349 B.R. at 758. *See also, In re Chouinard*, 358 B.R. 814, 815 (Bankr. M.D. Fla. 2006).

The relevant facts are not in dispute. Kane and his wife acquired the Residence in August 2020 for the price of $3,030,000. The Chapter 7 Trustee valued the Residence shortly after the case was filed for $3,275,000, an amount accepted by Kane and which formed the basis for the Exemption Settlement. The appreciation from acquisition is $245,000. If the Court finds that § 522(p) applies, then the cap does not apply to the appreciation, which amount would be added to Kane's capped exemption of $170,350.

D. Zions' Argument Under § 522(o) is Without Merit.

Zions argues that Kane should be denied a homestead entirely. It reaches this absurd conclusion based upon a tortured and misplaced application of § 522(o) and without regard to controlling Ninth Circuit law. Zions asserts that Kane converted equity in a non-exempt asset, the Canadian Properties, in order to acquire exempt property – the Residence, and did so to hinder, delay and defraud his creditors.

The facts set forth above and in the accompanying declaration make clear that Zions' allegations are untrue. There was no equity in the Canadian Properties until Kane paid off an

OPP TO HOMESTEAD OBJECTION 7

Case: 21-50028 Doc# 146 Filed: 05/26/21 Entered: 05/26/21 23:37:14 Page 7 of 10

existing second deed of trust with a portion of his salary bonus in July 2020 because the loan had become due. He subsequently borrowed the equivalent of $435,000 USD (not the $600,000 alleged by Zions) against the Canadian Properties and combined that with some of his salary bonus to make a down payment of approximately $705,000 on the Residence. If he were planning to hinder, delay and defraud his creditors, why create equity in the Canadian Properties to begin with? Rather, the transactions were a result of the timing of events – the existing second deed had become due and Kane and his wife wished to buy a home. Absent the matured second deed of trust, Kane could have only used his salary bonus to make the down payment. Would Zions have alleged doing so was also a transfer to hinder, delay and defraud?

Moreover, to the extent Zions could convince this Court that the transactions described above were part of clever bankruptcy planning, the law in the Ninth Circuit is clear that such planning is allowed, including the transfer of nonexempt property into exempt property. *See Gill v. Stern (In re Stern)*, 345 F.3d 1036, 1043-1044 (9th Cir. 2003). Zions fails to reconcile its interpretation of § 522(o) with countervailing Ninth Circuit law.

To the extent the Court finds it advisable to follow the bankruptcy court decision from Massachusetts, Kane briefly addresses it below. *In re Corbett*, 478 B.R. 62, 69 (Bankr. D. Mass. 2012). Zions describes the "Corbett test" as containing four required elements.

1. Debtor disposed of the property during the ten years prior to filing;
2. The property was not exempt;
3. The proceeds were used to either buy a homestead, improve a homestead or reduce debt associated with it.[4]
4. Debtor disposed of the property with the intent to hinder, delay or defraud creditors.

Starting with the first element, although Zions argues that borrowing money secured by the Canadian Properties constitutes "disposing" of property, it cites no authority for this argument. Zions' interpretation is certainly not a standard definition of "disposing" and absent

---

[4] This element sounds a lot like the planning allowed by *In re Stern*, calling into question the applicability of *Corbett* in the Ninth Circuit.

OPP TO HOMESTEAD OBJECTION 8

some convincing or controlling authority in support of its interpretation, the Court should not adopt it.

With regard to the second element, Kane agrees that the Canadian Properties were not exempt. Kane also acknowledges that the proceeds from the loan were combined with his other funds to make the down payment on the Residence.

There is no evidence that the alleged "disposition" was done to hinder, delay or defraud Kane's creditors. Zions lays out a timeline that it theorizes establishes a master plan by Kane (perhaps with the aid of past counsel), including the tracking of potential legislation to increase the homestead exemption, from which the Court can infer an intent to hinder, delay or defraud. There is of course no evidence to support Zions' theory of case.[5]

The paying off of the maturing second deed on the Canadian Properties and the subsequent refinance were very close in time. The series of transactions was not designed to effect creditors but was done to retire matured debt and then purchase a home for Kane, his wife and their newborn daughter.[6]

IV. **CONCLUSION:**

Coming on the heels of a recently expanded homestead exemption in California, this case presents some new issues, as bankruptcy courts in California have not had prior occasion to apply Section 522(p) to California homestead law. However, the requirement to timely serve an objection pursuant to Bankruptcy Rule 4003(b) is nothing new and clearly was not accomplished here. Moreover, the interpretation of Sections 522(o) and (p) urged by Zions runs contrary to the language of the statute and relevant case law and are based upon speculation rather than facts. Finally, were the Court to apply Section 522(p) in this matter, the exemption cap does not apply to the post-acquisition appreciation of $245,000 established by the Chapter 7 Trustee's own

---

[5] While there was pending litigation at the time, the creditors were far from any judgment, let alone the steps required to enforce any judgment against property in Canada.

[6] Zions also insinuates that Ms. Kane's co-ownership of the Residence and Lions Properties LLC is suggestive of sinister intent because Ms. Kane owned no interest in the Canadian Properties. This ignores the obvious point that Ms. Kane's interests were community property and as such part of the bankruptcy estate pursuant to §541(a)(2).

realtor. Accordingly, Evander Kane respectfully requests that the Court overrule or deny the Objection and allow homestead exemption as claimed.

Dated May 26, 2021

FINESTONE HAYES LLP

*/s/ Stephen D. Finestone*
Stephen D. Finestone
Attorneys for Debtor,
Evander Frank Kane