UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>    EVANDER FRANK KANE,<br><br>        Debtor. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**CORRECTED [1] NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO RESOLVE DISPUTE CONCERNING BANK ACCOUNTS AND TO ABANDON INTEREST IN CANADIAN REAL PROPERTY**<br><br>[No Hearing Required Unless Requested] |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE THAT** Fred Hjelmeset, the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Evander Frank Kane ("Estate"), has entered into an "Agreement Concerning Bank Accounts and Canadian Real Property" ("Agreement")[2] with Evander Frank Kane ("Debtor"). If the Trustee is authorized to enter into the Agreement, the Trustee shall: (i) retain the sum of $16,250 that the Debtor has paid to the Estate to resolve a dispute between the Trustee and the Debtor with regard to the Estate's interest in certain bank accounts scheduled in the Debtor's bankruptcy case, and (ii) the Estate will relinquish its interest in two homes in Canada. The Trustee seeks authorization to enter into the Agreement.

**Background**
The Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on January 9, 2021 ("Petition Date"). According to the Debtor's sworn bankruptcy schedules, the Debtor: (i) is the co-owner, with his mother, of residential real property commonly referred to as 3457 W 35th Ave., Vancouver, British Columbia, Canada (the "35th Ave. Property"); and (ii) is the owner, in fee simple, of residential real property commonly referred to as 8447 Isabel Place, Vancouver, British Columbia, Canada (the "Isabel Property"). The Isabel Property and the 35th Ave. Property are collectively referred to as the "Canadian Properties."

**Bank Accounts**
According to the Debtor's sworn bankruptcy schedules, the Debtor maintained, as of the Petition Date, deposit accounts in the United States with Bank of America and Wells Fargo. In addition, the Debtor maintained bank accounts, as of the Petition Date, with Scotia Bank and the Royal Bank of Canada. On the Petition Date, the Debtor's non-debtor spouse, Deanna Sara Jean Kane ("Spouse"), maintained a checking account with Wells Fargo Bank. The scheduled value of these accounts was approximately $38,895

---

[1] The Trustee's August 23, 2021 notice inadvertently omitted language regarding objection deadlines pursuant to Local Bankruptcy Rule 9014-1, which are provided in this corrected notice at Page 4. The notice is otherwise unchanged.

[2] The summary of the Agreement set forth in this Notice is for illustrative purposes only and is qualified in its entirety by reference to the Agreement. In the event of any inconsistencies between the summary in this Notice and the Agreement, the Agreement controls in all respects. A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Fred Hjelmeset in Support of Motion for Authority to Resolve Dispute Concerning Bank Accounts and Real Property.

(collectively, "Bank Accounts").[3] On February 26, 2021, the Debtor filed amended schedules with the Bankruptcy Court. Among other things, through the amended schedules, the Debtor revised some of his claims of exemption. The Debtor asserts a claim of exemption for all funds maintained in the Bank Accounts. The exemption is made pursuant to California Code of Civil Procedure Section 704.225, which provides: "Money in a judgment debtor's deposit account that is not otherwise exempt under this chapter is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor."

**Canadian Properties**

The Debtor asserts that, under California Code of Civil Procedure 704.225, he is entitled to exempt all funds in the Bank Accounts at the time that the case was filed, as the sums were necessary for the support of the Debtor and his Spouse and dependents. The Trustee disputes the Debtor's blanket claim of exemption as to the Bank Accounts. Rather than litigate this issue, the parties have agreed, for purposes of the Agreement, to value the Estate's interest in the Bank Accounts as of the Petition Date at $16,250.

Following the Petition Date, the Trustee worked with real estate brokers and agents to evaluate the Canadian Properties. Based on their evaluation, the Trustee estimates, as follows.

The fair market value of the Isabel Property is approximately $2,900,000 (CAN). Based on this valuation, the Trustee has calculated the estimated net value of the Isabel Property, after payment of liens and real estate commissions, as *negative* $272,500 (CAN):

| | |
|---|---|
| Fair market value of Isabel Property | $2,900,000 (CAN) |
| Senior lienholder, Scotia Bank, | -$2,450,000 (CAN) |
| Junior lien cross-collateralized on 35th Ave. Property | -$600,000 (CAN) |
| estimated costs of sale of 5% | -$122,500 (CAN) |
| net proceeds | -$272,500 (CAN) |

The fair market value of the 35th Ave. Property is approximately $3,300,000 (CAN). Based on this valuation, the Trustee has calculated the estimated net value of the 35th Ave. Property, after payment of liens and real estate commissions, as *negative* $131,843 (CAN):

| | |
|---|---|
| Fair market value of 35th Ave. Property | $3,300,000 (CAN) |
| Senior lienholder, Scotia Bank, | -$2,994,343 (CAN) |
| Unpaid junior lien cross-collateralized on Isabel Property | -$272,500 (CAN) |
| estimated costs of sale of 5% | -$165,000 (CAN) |
| net proceeds | -$131,843 (CAN) |

Based on the foregoing, the Trustee submits that the Canadian Properties are burdensome, of inconsequential value and benefit to the Estate and therefore should be abandoned pursuant to 11 U.S.C. § 554.

**Agreement**

Under the provisions of the Agreement, the Debtor has agreed to pay to the Estate (and has already paid to the Estate) the sum of $16,250 in resolution of a dispute between the Trustee and the Debtor with regard to the Estate's interest in the Bank Accounts. The Agreement further provides that the Debtor will acquire the

---

[3] Based on the Trustee's review of the statements for the bank accounts, on the Petition Date the aggregate balance in the accounts was approximately $33,538.

Estate's right, title and interest in the Canadian Properties. As noted above, there is no equity in the Canadian Properties after payment of liens and costs of sale.

The Trustee seek authorization to include a provision in the order granting the Motion that it is effective upon entry, and the stay imposed by Rule 62(a) of FRCP and/or Bankruptcy Rule 6004(h) shall not apply.

**Standards for Approval of a Compromise**
Approval or rejection of a compromise is within the Court's discretion. In considering the approval of a proposed compromise, the Court must take into account the following factors: 1. The probability of success in the litigation; 2. The difficulty, if any, to be encountered in collection; 3. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; 4. The paramount interest of creditors and proper deference to their reasonable views. *In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

With regard to the probability of success, the Trustee believes that if he were to pursue litigation to seek to resolve the Estate's interest in the Bank Accounts, he is unsure if he would prevail. California Code of Civil Procedure Section 704.225, which was enacted on January 1, 2020, allows a debtor a very broad claim of exemption in funds in deposit accounts. While the Debtor's income is unquestionably significant, the Trustee believes that the Debtor could be able to retain at least 50% of the funds on deposit on the Petition Date - $16,769 - if he is able to establish that sums he has exempted in the Bank Accounts are actually necessary for his support and the support of his Spouse and dependents. Rather than litigating this issue, the parties agree to settle the matter, with the Estate receiving approximately 50% of the sums maintained in the Bank Accounts as of the Petition Date. The Trustee has not investigated the difficulties that might be encountered in collection. The Trustee does note that several of the Bank Accounts are maintained in Canada and the Trustee anticipates that it would difficult to collect sums maintained outside of the United States. The potential litigation to resolve the dispute with regard to the Bank Accounts may be expensive. The Trustee believes that determining whether or not the funds in the Bank Accounts are necessary for the support of the Debtor and his dependents would require discovery, including engaging accountants to review the Debtor's expenses and income, and a mini-trial as part of a contested matter. A trial would not likely result in a material delay of the Trustee's administration of the Estate. It is possible that the likely legal and accounting fees and expenses that could be incurred could exceed the disputed portion of the Deposit Account balances. Entering into the Agreement is in the best interest of creditors as the Estate will receive a fixed sum, $16,250, without the costs and risks of litigation.

**PLEASE TAKE NOTICE THAT** due to the shelter in place requirements caused by the COVID-19 pandemic, all appearances will be by telephone, or, in the Court's sole discretion, by video conference. Instructions on how to file opposition, if any, and how to appear by phone are contained provided at the following link on the Court's website https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak and further detailed in the Court's Seventh Amended General Order 38, effective June 28, 2021.

The Court's Seventh Amended General Order specifies the following: "All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about Court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website."

Effective June 28, 2021, the Intake Counter at Clerk's office locations in San Francisco, San Jose and Oakland will re-open to the public with limited hours of operation. The hours of operation are subject to change and may vary by location. ECF Registered Participants must continue to file all documents electronically.

All other parties may submit documents for filing by mail, electronically via the Court's website, in designated drop-box locations or at the Clerk's office Intake Counter during the posted hours of public operation. Filing fee payments (no cash) may be submitted electronically, by mail or drop-box, or at the Clerk's office Intake Counter during the posted hours of public operation. Information regarding Clerk's office Intake Counter hours of public operation, the electronic submission of documents, mailing addresses and the location of drop-boxes is available on the Court's website home page under the banner "Court Operations during the COVID-19 Outbreak Information about Hearings, Filings, and Operations": https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak.

All counsel, parties and other interested persons who intend to appear on a calendared motion or application shall appear telephonically or, at the presiding judge's discretion, by video. Again, absent express order of the presiding judge, there will be no physical access to any courtroom. Instructions for appearing via AT&T (telephonic only) or Zoom (telephonic or video) can be found on each individual judge's calendar page on the Court's website: https://www.canb.uscourts.gov/calendars/judges. There is NO COST for these services.

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the Trustee's resolution of the dispute concerning bank accounts and real property or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

DATED: August 30, 2021   RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com