UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

EVANDER FRANK KANE,

Debtor.

Case No. 21-50028 SLJ
Chapter 7
Hon. Stephen L. Johnson

[No Hearing Required Unless Requested]

# NOTICE AND OPPORTUNITY FOR HEARING
# ON MOTION TO: (I) SELL REAL PROPERTY, SUBJECT TO OVERBID;
# (II) PAY LIENS, COSTS OF SALE, REAL ESTATE COMMISSION AND TAXES;
# AND (III) PAY DEBTOR HIS HOMESTEAD EXEMPTION
# (2301 Richland Avenue, San Jose, CA 95125)

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE THAT** Fred Hjelmeset, the duly appointed and acting Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of Evander Frank Kane ("**Estate**"), has entered into a "California Residential Purchase Agreement and Joint Escrow Instructions" dated August 25, 2021, as amended by other addenda (collectively the "**Agreement**") with Sharon Ruthanne DeAngelo, Bruce Rollins Jr., and Sharlee Marie DeAngelo (collectively, "**Buyer**"); concerning the sale of the Estate's right, title, and interest in and to real property commonly known as 2301 Richland Avenue, San Jose, CA 95125 ("**Property**"), for $3,375,000, which amount is equal to an effective purchase price of $3,410,000,[1] pay liens asserted against the Property, costs of sale, real estate commissions and any taxes that may arise from the sale of the Property, and pay the Debtor his homestead exemption.

In the event that there is an overbid, the auction will take place telephonically on **September 7, 2021, at 1:00 p.m. PDT**, with dial-in information provided to all qualified overbidders and the Buyer. If the sale is approved, the Trustee estimates that the Estate will receive, after paying costs of sale, commissions and liens, and after paying the Debtor his homestead exemption, approximately $700,000. The Trustee seeks authorization to enter into the Agreement.

**Background**
The Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on January 9, 2021 ("**Petition Date**"). According to the Debtor's sworn schedules, as of the Petition Date, the Debtor and his non-debtor spouse, Deanna Sara Jean Kane, are the owners of the Property. The Trustee has reviewed the preliminary title report for the Property. Other than real estate taxes, the only lien of record relates to an interest only loan in the principal amount of $2,272,500.00 in favor of Pacific Private Money, Inc. ("**Lender**"), which loan is secured by a first priority deed of trust against the Property. Monthly interest only payments are $17,990.63. The Trustee is informed that the Debtor was current on these payments through June 2021. It is anticipated that approximately $50,000 in unpaid interest and costs will be owed to the Lender when the sale closes. Based on information presently available to the Trustee today, he anticipates that the Estate will incur little or no capital gains taxes,

---

[1] As discussed below in the Section entitled "Purchase Offer" the Buyer will, subject to court approval, pay to the Trustee $3,375,000 for the Property, and, the Buyer's broker has agreed to accept a $35,000 *reduction* in its commission (roughly a 1.5% commission vs. 2.5% commission). When the $35,000 in actual cost reduction is added to the $3,375,000 purchase price the *effective price is $3,410,000.* Because the Trustee received multiple offers for the Property, he wants to make sure any party that makes an overbid understands the effective value of the Buyer's offer.

### Purchase Offer
The Trustee has accepted a purchase offer for the Property in the aggregate amount of $3,375,000, to purchase the Property. The actual effective value of the Buyer's offer to the Estate is $3,410,000 because the Buyer's broker has agreed to accept a $35,000 _reduction_ in its commission (roughly a 1.5% commission vs. 2.5% commission). When the $35,000 in actual cost reduction is added to the $3,375,000 purchase price the _effective price is $3,410,000._ The sale to the Buyer of the Estate's right, title and interest in the Property is subject to overbid and Court approval. A true and correct copy of the Agreement is attached as Exhibit B to the motion filed by the Trustee to sell the Property.

The Buyer has requested that the Trustee seek a finding that the Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m). In the event that there is an overbid, the Trustee anticipates that the overbidder, too, will seek a § 363(m) finding. The Trustee requests that the sale order provide that, in the event that the Buyer does not timely close the transaction, the Trustee shall be authorized to seek to sell the Property under substantially the same terms and conditions and at the same or a higher price to an alternative purchaser, without the need of further notice to creditors or a hearing. The Trustee requests that the order approving the sale of the Property include the following provision: "This order is effective upon entry and any stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

### Payment of Liens, Real Estate Commission and Costs
Subject to Bankruptcy Court approval sought herein, the Trustee shall pay the following obligations from the sale proceeds: (a) sums due and owing to the Lender, estimated at approximately $2,322,500; (b) a real estate commission equal to 4% of the gross purchase price (approximately $135,000), to be divided between the real estate brokers, as detailed in the following paragraph; (c) ordinary closing costs of sale and other payments (transfer taxes, recording fees, etc.) that are made in sales of real property in Santa Clara County, California; (d) miscellaneous costs, which may include home warranty inspections, smoke detectors, carbon monoxide detectors, reimbursement to the Estate's broker for advancing payment for inspections costs, etc.; (e) tax obligations, if any; and (f) the Debtor's homestead exemption in the amount of $170,350.

Subject to Court approval, the Trustee intends to pay from the sale proceeds a commission equal to 4% of the gross sale price, to be divided between (a) the Estate's broker, Intero Real Estate Services which will receive 2.5% of the 4% commission, and (b) the Buyer's broker which will receive 1.5% of the 4% commission. **The broker's commission and estimated costs _will increase_ in the event that the Property is sold at overbid for a higher price, and if the Property is purchased by someone other than the Buyer, the commission will be 5% of the gross purchase price.**

### Payment of Debtor's Homestead Exemption
At the time the Debtor filed his bankruptcy petition, he asserted a $600,000 homestead exemption in the Property, which exemption was made pursuant to Code of Civil Procedure Section 704.730. On July 9, 2021, the Bankruptcy Court entered its order sustaining the objection of Zions Bancorporation, N.A. to the Debtor's claimed homestead exemption ("Order"). Among other things, the Order concluded that the Debtor's maximum allowed homestead exemption is $170,350, pursuant to Bankruptcy Code Section 522(p), which section limits a homestead exemption to that amount where the debtor acquired the property within 1,215 days of the petition date. The Order has been appealed by the Debtor and the appeal is currently pending before the District Court. As noted above, the anticipated proceeds from the sale of the Property are approximately $700,000, _after_ payment of the liens, of costs of sale and a $170,350 homestead. Following the closing of the sale of the Property to the Buyer, the Trustee shall deliver to the Debtor the sum of $170,350, as his homestead exemption. The Trustee shall reserve the sum of $429,650 in the event that the District Court overrules the Order, and awards the Debtor a homestead exemption up to the aggregate amount of $600,000.

### Sale Subject to Overbid
The sale of the Property is subject to overbid. In the event that there is an overbid for the Property, the overbid

auction will take place telephonically on **September 7, 2021, at 1:00 p.m., PDT**. All qualified overbidders and the Buyer and their respective real estate agents and brokers will be provided a telephone dial-in number in advance of the telephonic auction.

The following terms shall apply to all parties seeking to make an overbid for the Property:

1.  On or before **September 3, 2021, 5:00 pm PDT**, bidders must (i) provide evidence to the Trustee at fhtrustee@gmail.com (with a copy to Trustee's counsel – gkleiner@rinconlawllp.com), that they can close and pay the purchase price in cash, (ii) deliver to the Escrow Agent, a $105,000 deposit ("Deposit"), and (iii) agree to be bound by the terms of the Agreement (except the amount of the purchase price, which amount will be the amount of a party's highest offer). The Deposit must be delivered to: Lawyers Title Company, Rosa Anna Juarez, Escrow Officer, 20520 Prospect Road, Suite 390, Saratoga, CA 95070, RosaAnna.Juarez@LTIC.com /TEAMMartha@LTIC.com, (408) 588-3858.

2.  The initial overbid must be at least $3,430,000, approximately $20,000 higher than the Buyer's *effective offer*. Thereafter, additional bidding shall proceed in minimum increments of $2,000.

3.  In the event that a qualified bidder is not the successful bidder, it may act as a back-up bidder at its last highest offer. The Deposit will be promptly returned to bidders who do not want to act as back-up bidders.

4.  Bids may not contain any contingencies, whatsoever, including, but not limited to, any loan contingencies and inspection contingencies. The bidders must agree and acknowledge that they are purchasing the Property, "as is, where is" with all faults and defects and with no representations or warranties.

5.  In the event there is an overbid, the overbid auction will occur by telephone on **September 7, 2021, at 1:00 pm, PDT**, with dial-in information provided to all qualified overbidders and the Buyer. Prior to the start of the auction, the Trustee will (i) identify any party or parties that have made a qualified bid for the Property and (ii) set forth the auction rules on the record, and may amend, modify or alter any bid procedure, rule or provision as the Trustee deems necessary, just or appropriate. The Trustee reserves the right, in his sole and absolute discretion, to refuse bids that do not, in his sole opinion, conform with the terms of the sale, to modify the terms and conditions of the sale or auction, to continue the sale from time to time. Only qualified bid participants may attend the overbid auction. All disputes with regard to the sale or auction will be resolved by the U.S. Bankruptcy Court. At the conclusion of the auction, the Trustee, in his sole discretion, will determine the highest and best bid and make a recommendation to the Bankruptcy Court to approve the sale of the Property.

6.  The successful bidder for the Property must close escrow by tendering the entire purchase price to the Trustee, less a credit for any deposit held by escrow, not later than fifteen (15) days after the sale order is entered. If the successful bidder fails to timely close, it will forfeit its deposit to the Estate for all purposes. In the event of such a default, the Trustee will, without further order of the Court, be free to sell the Property to another party at the back-up bidder's last highest offer. The back-up bid shall have seven (7) business days, from the date that his/her/its counsel/agent has been notified by email by Trustee's counsel of the default by the original successful bidder, to close escrow. Should the back-up bidder fail to timely tender the purchase price for any reason, they shall be in default, and the deposit that they have tendered to the Trustee shall be forfeited to the Estate for all purposes.

Interested parties or their agents should feel free to contact Trustee's counsel with questions.

**PLEASE TAKE NOTICE THAT** due to the shelter in place requirements caused by the COVID-19 pandemic, all appearances will be by telephone, or, in the Court's sole discretion, by video conference. Instructions on how to file opposition, if any, and how to appear by phone are contained provided at the following link on the Court's website https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak and further detailed in the Court's Seventh Amended General Order 38, effective June 28, 2021.

The Court's Seventh Amended General Order specifies the following: "All interested parties should consult the

Bankruptcy Court's website at www.canb.uscourts.gov for information about Court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website."

Effective June 28, 2021, the Intake Counter at Clerk's office locations in San Francisco, San Jose and Oakland will re-open to the public with limited hours of operation. The hours of operation are subject to change and may vary by location. ECF Registered Participants must continue to file all documents electronically.

All other parties may submit documents for filing by mail, electronically via the Court's website, in designated drop-box locations or at the Clerk's office Intake Counter during the posted hours of public operation. Filing fee payments (no cash) may be submitted electronically, by mail or drop-box, or at the Clerk's office Intake Counter during the posted hours of public operation. Information regarding Clerk's office Intake Counter hours of public operation, the electronic submission of documents, mailing addresses and the location of drop-boxes is available on the Court's website home page under the banner "Court Operations during the COVID-19 Outbreak Information about Hearings, Filings, and Operations": https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak.

All counsel, parties and other interested persons who intend to appear on a calendared motion or application shall appear telephonically or, at the presiding judge's discretion, by video. Again, absent express order of the presiding judge, there will be no physical access to any courtroom. Instructions for appearing via AT&T (telephonic only) or Zoom (telephonic or video) can be found on each individual judge's calendar page on the Court's website: https://www.canb.uscourts.gov/calendars/judges. There is NO COST for these services.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the sale of the Property or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

DATED: August 30, 2021        RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP, 268 Bush Street, Suite 3335, San Francisco, CA 94104
Telephone No.: 415-672-5991 / Facsimile No.: 415-680-1712 / Email: gkleiner@rinconlawllp.com