ANTHONY & PARTNERS, LLC
JOHN A. ANTHONY (FL SBN 0731013)
  janthony@anthonyandpartners.com
ANDREW J. GHEKAS (FL SBN 0119169)
*Both Appearing Pro Hac Vice*
aghekas@anthonyandpartners.com
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813.273.5616
Facsimile: 813.221.4113

COOPER, WHITE & COOPER LLP
PETER C. CALIFANO (CA SBN 129043)
  pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: 415.433.1900
Facsimile: 415.433.5530

Attorneys for Creditor Centennial Bank

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | CASE NO. 21-50028 SLJ<br><br>Chapter 7<br><br>**CENTENNIAL BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS CASE AS A BAD FAITH FILING PURSUANT TO § 707(a) [DOC. 172]**<br><br>Date:    October 5, 2021<br>Time:   2:00 p.m.<br>Place:   Via Zoom Video Conference<br>Judge:  Hon. Stephen L. Johnson |

Centennial Bank, an Arkansas state-chartered bank, by and through its undersigned counsel of record, hereby respectfully submits this reply in support of "Centennial Bank's Motion to Dismiss Case As A Bad Faith Filing Pursuant To § 707(a)" (the "Dismissal Motion") [Doc. 172], and in response to "Debtor's Opposition to Centennial Bank's Motion to Dismiss Case as a Bad Faith Filing Pursuant to Section 707(a)" (the "Dismissal Opposition") [Doc. 222] filed Evander Frank

Kane (the "Debtor") on September 21, 2021.[1]

## INTRODUCTION

There is no constitutional right for an individual to have their debts discharged. <u>U.S. v. Kraus</u>, 409 U.S. 434, 445 (1973). A discharge is a privilege offered to the "honest but unfortunate debtor" pursuant to the Bankruptcy Code. <u>Grogan v. Garner</u>, 498 U.S. 279, 286-87 (1991) (quoting <u>Local Loan Co. v. Hunt</u>, 292 U.S. 234, 244 (1934)). However, the Bankruptcy Code and the protections it offers a debtor is not a "weapon" to be "deployed against honest but unfortunate creditors who stand in the path of a dishonest bankrupt." <u>In re Krueger</u>, 812 F.3d 365, 373 (5th Cir. 2016). As one court has explained:

> The Bankruptcy Code is intended to serve those persons who, despite their best effort, find themselves hopelessly adrift in a sea of debt. Bankruptcy Protection was not intended to assist those who, despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors. Good faith and candor are necessary prerequisites to obtaining a fresh start. The bankruptcy laws are grounded on the fresh start concept. There is no right, however, to a head start.

<u>In re Jones</u>, 114 B.R. 917, 926 (Bankr. N.D. Ohio 1990) (citing <u>Zines v. Fredrick</u>, 400 U.S. 18, 21 (1970)).

The Debtor is neither honest nor unfortunate. Despite filing for bankruptcy protection, Kane indicated that his plan was to retain his three multi-million-dollar homes and his two recently leased 2021 luxury automobiles, and to continue a lavish lifestyle as evidenced by his own testimony and spending. None of these circumstances are "unfortunate." Moreover, "[t]here is nothing either honest or unfortunate about a debtor who, though able, chooses not to pay a meaningful dividend to his creditors through chapter 11, chapter 13, or otherwise. And that is so whether a debtor's debts are business debts or consumer debts." <u>In re Rahim</u>, 442 B.R. 578, 583 (Bankr. E.D. Mi. 2010).

"Indeed, the present case brings considerations of ability to pay and continuing lavish lifestyle to a new order of magnitude that simply cannot be condoned. It is truly an 'egregious'

---

[1] For purposes of brevity, Centennial utilizes those terms that are more fully defined in the Dismissal Motion.

case." In re Rahim, 442 B.R. at 582. The Debtor, although appearing to have minimal assets, is "seeking a 'head start' with no attempt to deal with creditors on an equitable basis." In re Zick, 931 F.2d 1124, 1128 (6th Cir. 1991) (quoting In re Krohn, 886 F.2d 123, 127-28, aff'g 87 B.R. 926 (Bankr. N.D. Ohio 1988)). In light of this longstanding principle, dismissal of this Bankruptcy Case is warranted.

## "BAD FAITH" IS SUFFICIENT CAUSE

Predictably, the Debtor relies upon the Ninth Circuit's decisions in Padilla and Sherman, Doc. 222 at ¶8, in arguing that a debtor's "bad faith" is not the standard in addressing dismissal under 11 U.S.C. § 707(a). As pointed out in the Dismissal Motion, however, Padilla was decided prior to both the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") and the United State Supreme Court's decision in Marrama v. Citizens Bank of Mass., 549 U.S. 365 (2007).[2] One of the bases for the Ninth Circuit's decision in Padilla, was that there is "[n]o provision that protects Chapter 7 creditors and the public explicitly uses the words 'good faith' or 'bad faith." 222 F.3d 1184, 1192-93 (9th Cir. 2000) (and again later finding that "there is "[n]o mention of good faith or bad faith is made in Chapter 7"). While once true, after the enactment of BACPA in 2005, "bad faith" has been expressly listed "as an example of 'abuse' of the bankruptcy system warranting dismissal of a Chapter 7 case." In re Mitchell, 357 B.R. 142, 153 (Bankr. C.D. Cal. 2006); see also In re U.S. Voting Machines, Inc., 2007 WL 4287526, *5 n.5 (N.D. Cal. 2007). And while In re Mitchell did indeed deal with dismissal pursuant to 11 U.S.C. § 707(b)(3), the Debtor has put forth no argument as to why a purported nonconsumer case should be treated any differently. See In re Watson, 2010 WL 4497477, *4 (Bankr. N.D. W.Va. Nov. 1, 2010) ("Considering that Chapter 7 consumer bankruptcy cases are now explicitly subject to a bad faith analysis, it would make little sense to treat differently those Chapter 7 cases where the debts are primarily business debts.").

Additionally, in Marrama the Supreme Court confirmed that "[b]ankruptcy courts

---

[2] It would appear that Sherman, although post-dating both the enactment of BAPCPA and the decision in Marrama did not address either. 491 F.3d 948 (9th Cir. 2007).

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" 549 U.S. at 373. And while the Debtor takes a narrowed view of the Marrama holding, such a narrowed view is not in line with other courts' interpretations. See, e.g., In re Krueger, 812 F.3d at 373 ("Finally, the Supreme Court has held that bad faith can be the basis of a decision under the Code even if the text does not require its consideration.") (citing Marrama); In re Piazza, 719 F.3d 1253, 1265 (11th Cir. 2013) ("In Marrama, the Supreme Court made clear bad faith is pertinent in all Chapters of the Bankruptcy Code, regardless of whether a provision contains an explicit good-faith filing requirement."). Marrama reaffirms that this Court has broad authority to take any action that is necessary or appropriate to curtail bad faith and prevent abuse of the bankruptcy process. Marrama, 549 U.S. at 375-76.

"Allowing an atypical debtor who files a Chapter 7 petition in bad faith to remain in Chapter 7 on the grounds that § 707(a) does not include bad faith as a type of 'cause' sufficient to dismiss the filing of the petition contravenes the principal purpose of the Bankruptcy Code." In re Watson, 2010 WL 4497477, at *4.

### **CAUSE EXISTS REGARDLESS OF THE "BAD FAITH" MONIKER**

Even if this Court were to find that the Ninth Circuit's reasoning in Padilla and Sherman has not been abrogated, this Bankruptcy Case should still be dismissed as cause still exists. Under the two-part test for cause articulated by Padilla, this Court first must consider whether the circumstances asserted to constitute "cause" are contemplated by any specific Bankruptcy Code provision, and if it is found that the asserted cause is not contemplated by a specific provision, the court must further consider whether the circumstances asserted otherwise meet the criteria for cause for dismissal. Sherman, 491 F.3d at 970-71. As confirmed by the Debtor in the Dismissal Response, there are several bases for cause asserted by Centennial that are not addressed in other sections of the Bankruptcy Code that are available to Centennial – i.e. the Debtor has sufficient resources to repay his debts and has made no lifestyle adjustments, continuing to live a lavish lifestyle. [Doc. 222 at ¶9]. "[T]he fact that some of the alleged conduct asserted as grounds for dismissal would fit under 11 U.S.C. § 727 or 11 U.S.C. § 523 will not prevent dismissal under 11 U.S.C. § 707(a) based in part on that conduct." In re Quinn, 490 B.R. 607, 617-18 (Bankr. D. N.M. 2012).

Although Centennial does not take this time to simply reargue its Dismissal Motion that sufficiently sets forth justification for dismissal of this Bankruptcy Case for cause under the totality of the circumstances, response to certain arguments of the Debtor is required. First, the Debtor argues that Centennial's argument that the Debtor has made no lifestyle adjustments and has continued living a lavish lifestyle ignores post-petition developments. However, the Debtor himself (i) identified his monthly expenses as being approximately $93,000 and stated under oath that he did not expect the same to decrease[3], (ii) testified that he paid "something similar" to the $93,000 in monthly expenses for the month of January 2021, but could not estimate what he paid in February 2021 and was "not sure" whether or not he did anything differently that would have caused his monthly expense to go down[4], (iii) intends to assume the two (2) luxury vehicle leases with a combined monthly cost of over $8,000[5], and (iv) maintain the mortgages on his three (3) multi-million dollar homes. And while the Trustee is in the process of selling the Debtor's California residence, this was not a willing decision of the Debtor who initially sought to assume the mortgage, retain possession, and opposed the "Objection by Creditor Zions Bancorporation, N.A. to Debtor Evander Frank Kane's Homestead Exemption" [Doc. 74]. Moreover, the Debtor has recently taken lavish vacations to Europe, as confirmed by his own Instagram account.[6]

Second, the Debtor most certainly has the ability to pay. While the Debtor attempts to suggest otherwise by citing to this Court's denial of other creditors' motion to convert and "future uncertainties" and "contingencies" that may never arise, what is certain is what the Debtor (i) has previously earned, (ii) has earned since the initiation of this Bankruptcy Case, and (iii) is scheduled to earn in the future. While the Debtor appears to make light of the fact that he has earned approximately $635,000 in net income since the filing of this Bankruptcy Case, that was a number based on a limited schedule – 56 games – and during the Debtor's least most profitable season under the Player's Contract. With the hockey season now in preseason and set to commence in October

---

[3] Dkt. 30, amended Schedule J
[4] Dismissal Motion at Ex. E
[5] Dismissal Motion at Ex. F
[6] See Exhibit "A."

2021, the Debtor is scheduled to earn up to $7,000,000 during this 2021-2022 season, with an additional $2,000,000 bonus slated to be paid on July 1, 2022.

Lastly, the Debtor argues that Centennial's reference to the numerous "OnlyFans" charges that appear on the Debtor's Wells Fargo checking account as well as RBC credit card account was "an attempt to embarrass" the Debtor. Not so. The purpose was to highlight the Debtor's lack of candor as well as his frivolous spending. Although the Debtor argued he was not a subscriber, he fumbled to find an argument as to how such recurring charges appeared on his Wells Fargo checking account statement from September 2020 through January 2021 and postdating the Debtor's initiation of this Bankruptcy Case.

For all these reasons, and for the reasons discussed more fully within the Dismissal Motion, this Bankruptcy Case should be dismissed for cause.

## CONCLUSION

Based on the foregoing, Centennial respectfully requests that this Court enter an order dismissing this case as a bad faith filing, or alternatively, for cause under the totality of the circumstances.

DATED: September 28, 2021　　　ANTHONY & PARTNERS, LLC

By: */s/ John A. Anthony*
John A. Anthony
Attorneys for Creditor Centennial Bank

DATED: September 28, 2021　　　COOPER, WHITE & COOPER LLP

By: */s/ Peter C. Califano*
Peter C. Califano
Attorneys for Creditor Centennial Bank

1510595.1

# Exhibit "A"




evander9kane • Follow

Liked by darriotorres and 2,953 others
AUGUST 28

# PROOF OF SERVICE

## In re EVANDER FRANK KANE
## Case No. 21-50028-SLJ

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 201 California Street, Seventeenth Floor, San Francisco, CA 94111-5002.

On September 28, 2021, I served true copies of the following document(s) described as

**CENTENNIAL BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS CASE AS A BAD FAITH FILING PURSUANT TO § 707(a) [DOC. 172]**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Cooper, White & Cooper LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 28, 2021, at San Francisco, California.

_____
Mercedes Stuefen

# SERVICE LIST

## In Re: EVANDER FRANK KANE
### Case No. 21-50028

| | |
|---|---|
| Stephen D. Finestone<br>Finestone Hayes LLP<br>456 Montgomery St. 20th Fl.<br>San Francisco, CA 94104 | Attorney for Debtor |
| Marta E. Villacorta<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 | U.S. Trustee |
| Gregg S. Kleiner<br>Rincon Law LLP<br>268 Bush St. #3335<br>San Francisco, CA 94104 | Attorney for Chapter 7 Trustee |
| Fred Hjelmeset<br>P.O. Box 4188<br>Mountain View, CA 94040 | Chapter 7 Trustee |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 21-50028    Doc# 228    Filed: 09/28/21    Entered: 09/28/21 11:49:32    Page 10 of 10