MACDONALD | FERNANDEZ LLP
Reno F.R. Fernandez III (SBN 251934)
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 392-5544

Attorneys for Creditor,
RACHEL KUECHLE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

**EVANDER FRANK KANE**,

        Debtor.

Case No. 21-50028-SLJ-7

Chapter 7

R.S. No. MF-1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RACHEL KUECHLE'S MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

Date: November 9, 2021
Time: 10:00 a.m.
Place: Via Zoom Video Conference

Honorable Stephen L. Johnson

## I. INTRODUCTION

Evander Frank Kane, Debtor herein, sexually assaulted Rachel Kuechle in the City of Buffalo, New York, after midnight on the morning of December 27, 2015. See the Complaint attached as Exhibit "A" to the Request for Judicial Notice filed concurrently herewith (the "RJN"). Ms. Kuechle sued the Debtor in New York and prosecuted her case almost to trial when the within bankruptcy case intervened. As discussed below, the complaint alleges causes of action under New York law and demands a trial by jury; Ms. Kuechle and all of the witnesses and evidence are in New York; discovery is nearly completed; and there is potential insurance coverage, under which the Debtor has been provided attorneys to defend him in New York.

The potential insurance coverage would apply to Ms. Kuechle's negligence claim, recovery

1

Case: 21-50028    Doc# 242-2    Filed: 10/26/21    Entered: 10/26/21 16:07:34    Page 1 of 9

upon which may obviate the need to establish liability upon any other causes of action. Moreover, Ms. Kuechle wishes to proceed efficiently and not to unnecessarily burden the Debtor. Accordingly, Ms. Kuechle requests limited relief from the automatic stay to allow her negligence claim to be determined and liquidated in New York, and to allow her to receive any insurance proceeds to which she is or will become entitled, but not to enforce any judgment or claim against the Debtor or the estate absent further order of this Court.

## II.  FACTS

The following facts appear as matters of record and, in any event, are not reasonably subject to any genuine dispute:

1. On July 1, 2016, Ms. Kuechle filed the Complaint with the State of New York Supreme Court, County of Eerie, commencing the action now pending (but stayed by the automatic stay) as *Kuechle v. Kane*, Index No. 807030/2016 (the "Litigation"). Summons thereon was issued and served, and the court in New York obtained personal jurisdiction over the Debtor.

2. The Complaint alleges causes of action for battery (Complaint, pp. 3-4, ¶¶ 11-17), intentional infliction of emotional distress (Complaint, pp. 4-5, ¶¶ 18-23), negligent infliction of emotional distress (Complaint, p. 5, ¶¶ 24-27) and negligent injury (Complaint, p. 6, ¶¶ 28-32). This motion requests relief from the automatic stay to proceed on the claim for negligent injury only.

3. The Complaint demands a trial by jury.

4. All acts and omissions alleged in the Complaint occurred (or, in the case of omissions, should have occurred) in the State of New York.

5. Ms. Kuechle resides in the State of New York (Complaint, p. 2, ¶ 1).

6. The Complaint alleges that the Debtor maintains a residence in the State of New York (Complaint, p. 2, ¶ 2).

7. All known potential witnesses and evidence are in the State of New York. See the Declaration of Samuel J. Capizzi filed concurrently herewith (the "Capizzi Decl.", 2:9).

8. Several discovery scheduling orders have been entered in the Litigation. For example, see the first Discovery Scheduling Order and the Seventh Amended Discovery Scheduling Order attached, respectively, as Exhibits "B" and "C" to the RJN.

9. In fact, extensive discovery in the Litigation has been completed, and discovery in general is nearly complete (Capizzi Decl., 2:10-12).

10. Significant motions and other activities have been completed. In particular, an answer with counterclaims has been filed (see Item No. 3 of the Document List (the "NY Docket") attached as Exhibit "D" to the RJN), a reply to counterclaims has been filed (NY Docket No. 4), a preliminary status conference was requested and held (NY Docket No. 5), a motion to dismiss counterclaims was filed and heard (NY Docket Nos. 7-13 & 15-20), an appeal and a cross-appeal from the court's order on the motion were taken and resolved (NY Docket Nos. 21-24, 27 & 29-30) and at least seven witnesses were subpoenaed (NY Docket Nos. 32-34 & 36-40).

11. Aside from possible pretrial motions, the only substantial task remaining in the Litigation is to hold a trial by jury on factual issues (Capizzi Decl., 2:14-15).

12. The automatic stay intervened when the Debtor commenced the within case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code on January 9, 2021 (Docket No. 1). In his Amended Schedule E/F (Item No. 4.17), the Debtor disclosed a claim by Ms. Kuechle identified as a "litigation claim" with a value of "unknown" and marked as disputed (Docket No. 18). On April 14, 2021, Ms. Kuechle timely filed her Proof of Claim, estimating her damages to be at least $3,000,000 (Claim No. 10).

13. But for the automatic stay, the Litigation would be ready for trial in approximately 3 to 6 months (Capizzi Decl., 2:16-17).

14. There is insurance coverage potentially responsive to the aforesaid negligence claim. Specifically, Co-operators General Insurance Company has issued a reservation of right but has appointed defense counsel in the meantime ([authenticate reservation of rights letter]).

15. The distance between the court in New York and this Court is approximately 2,680 miles.[1]

/ / /

/ / /

---

[1] To the extent necessary, Ms. Kuechle requests that the Court take judicial notice of this fact. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b).

3

## III. ARGUMENT

### A. THERE IS CAUSE SUCH THAT THE AUTOMATIC STAY MUST BE LIFTED BECAUSE PUBLIC POLICY AND THE BALANCE OF HARDSHIPS STRONGLY FAVOR RESOLUTION OF THE LITIGATION WHERE IT IS PENDING, BEFORE THE COURT IN NEW YORK

There is cause such that this Court must lift the automatic stay to allow the Litigation to proceed as to the negligence claim. Bankruptcy Code § 362(d)(1) requires the Court to provide relief from the automatic stay for cause. "A clear congressional policy exists to give state law claimants a right to have claims heard in state court." *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986). Congress has stated:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564, 566-567 (9th Cir. BAP 1995), quoting S.Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in 1978 U.S.C.C.A.N. 5787, 5836. "Congress' above-quoted language does not imply that the debtor can use the bankruptcy forum to defer or deflect resolution of claims against it by another forum with proper jurisdiction." *Santa Clara County Fair*, 180 B.R. at 567. Cause is determined on a case-by-case basis. *In re Aquarius Disk Servs.*, 254 B.R. 253, 260 (Bankr. N.D. Cal. 2000). Cause is determined with reference to the following factors:

1. whether the action causes the debtor great prejudice;
2. whether a balancing of the respective hardships tips in favor of the debtor or creditor, resulting from denial or granting of the relief;
3. whether public policy supports the type or kind of action.

*In re America West Airlines*, 148 B.R. 920, 923 (Bankr. D. Ariz. 1993), *cited with approval by In re Santa Clara County Fair Ass'n*, 180 B.R. 564, 567 (9th Cir. BAP 1995). Each of these factors favors lifting the automatic stay to allow the Litigation to proceed to judgment.

Here, the Litigation will cause the Debtor no great prejudice; in fact, liquidating the claim in New York will be most efficient for the estate, where the Debtor already has insurer-provided

counsel. Moreover, the hardship of requiring Ms. Kuechle to re-start and prosecute the litigation in a second forum, thousands of miles away from all witnesses and evidence, significantly outweighs any hardship upon the Debtor in defending the claim in the state in which his own problematic conduct occurred. Finally, public policy strongly supports lifting the automatic stay as New York has a vital interest in protecting its residents from harm occurring in the state. Accordingly, the stay must be lifted to allow the Litigation to proceed in New York.

**B.     THERE IS FURTHER CAUSE TO LIFT THE STAY BECAUSE IT WOULD BE MORE EFFICIENT FOR ALL PARTIES TO RESOLVE THE LITIGATION WHERE IT IS PENDING, IN NEW YORK**

There is ample cause to lift the automatic stay to allow the Litigation to proceed as to the negligence claim. "'Cause' for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised." *In re Marvin Johnson's Auto Serv., Inc.*, 192 B.R. 1008, 1013 (Bankr. N.D. Ala. 1996) (footnote omitted; collecting authorities). "Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (identifying twelve non-exclusive factors).[2] "Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief." *In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564, 566 (9th Cir. BAP 1995) (collecting cases).

The circumstances, including the *Tucson Estates* factors, support lifting the automatic stay. The *Tucson Estate* factors are:

> (1) [T]he effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

---

[2] Counsel has observed that some courts prefer to apply the factors provided in *In re Curtis*, 40 B.R. 795 (Bankr. D.Utah 1984). However, it has been noted that *Curtis* has not been cited in any published opinion of the United States Court of Appeals for the Ninth Circuit or its Bankruptcy Appellate Panel. *In re Quintrall*, Adv. Proc. No. 06-90399, 2007 Westlaw 7540996, *5 (9th Cir. BAP July 5, 2007). In any event, the *Curtis* factors support relief from the automatic stay in this case.

> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

Here, (1) there is no indication that resolving the Litigation in New York will not negatively impact the administration of the within bankruptcy case. (2) State law issues overwhelmingly predominate over bankruptcy issues, of which there are none. (3) New York tort and negligence law is not particularly difficult or unsettled for a court in New York, but applying New York law would be more difficult for a bankruptcy court in California. (4) The Litigation was commenced and substantially prosecuted pre-petition. (5) The court in New York has personal and substantive jurisdiction, whereas there is no basis for federal jurisdiction other than 28 U.S.C. § 1334. (6) The issues are remote and unrelated to any bankruptcy issues in this case. (7) But for the incidental fact that the Litigation will liquidate a claim against the estate, the substance of the matter is "non-core." (8) There would be no difficulty in this Court allowing liability to be determined in New York while retaining control over the enforcement of any resulting judgment against the Debtor or the estate. (9) Whereas re-litigating the matter here would unnecessarily burden this Court's docket, completing the Litigation in New York would reduce the Court's burden. (10) There is no indication of forum shopping, and this factor is arguably neutral, but it bears emphasis that litigating the matter more than 2,000 miles away from Ms. Kuechle and all of the witnesses and evidence would impose and undue burden upon her and would confer and undue advantage upon the Debtor. (11) Ms. Kuechle has a right to trial by jury, and she has timely requested a jury trial. Finally, (12) although there are no non-debtor parties named in the Litigation, there is potential insurance coverage.

To summarize, there is no doubt that allowing the Litigation to proceed to judgment will be more efficient than restarting litigation in this Court. The Court "may properly consider the factor of judicial economy in deciding whether to lift an automatic stay.... The decision to lift the stay could be upheld on this ground alone." *Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble)*, 776 F.2d 802, 807 (9th Cir. 1985). Because both the procedural posture and the subject matter of the

Litigation militate in favor of resolution before the court in New York, relief from the automatic stay should be granted.

### C. POTENTIAL INSURANCE COVERAGE PROVIDES ADDITIONAL CAUSE FOR RELIEF FROM THE AUTOMATIC STAY

The presence of potential insurance coverage provides further cause for limited relief from the automatic stay. Where the estate has no interest or access to insurance proceeds, courts frequently lift the stay to allow plaintiff's to establish liability and collect insurance proceeds. "[T]he vast majority of cases in the bankruptcy courts that have considered this issue show that the district court properly allowed [the plaintiff] to maintain her suit" to determine liability for purposes of receiving insurance proceeds. *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992) (so commenting in context of discharge injunction provided in Bankruptcy Code § 524). "[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (also holding debtor's duty to cooperate in defense, insufficiency of coverage or presence of deductible not sufficient to establish prejudice). Concerns for costs of defense and impact on potential global settlement are "insufficient to preclude a creditor from proceeding against the debtor simply to establish liability as a prerequisite to recover from another, an insurer, who may be liable." *In re Scott Wetzel Servs., Inc.*, 243 B.R. 802, 805-806 (Bankr. M.D. Fla. 1999), *citing In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir.1989) (discharge injunction properly modified even where defense funds could have been used in reorganizing debtor). Unlike certain forms of business insurance, the proceeds of an ordinary liability policy are usually not available to the estate. "[A] debtor will not have a cognizable interest in the proceeds of the typical liability policy because the proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract." *Scott Wetzel Servs., Inc.*, 243 B.R. at 804.

Here, there are no other known claimants, and there is no indication that the Debtor would have access to any insurance proceeds by reason of his own wrongdoing. If anything, Ms. Kuechle recovering insurance proceeds would benefit the estate by paying or reducing a large claim against

7

the estate. Moreover, the fact that the Debtor has been provided with insurer-appointed defense counsel in New York shows that it will be beneficial for the Debtor to litigate there; by contrast, litigating the issues before this Court would require such counsel to travel extensively, to transport witnesses and evidence and to retain local counsel, all to the prejudice of the Debtor.

### D. THE DEBTOR IS UNABLE TO CARRY HIS BURDEN OF PROVING THAT RELIEF FROM THE AUTOMATIC STAY IS NOT WARRANTED

The Debtor bears the ultimate burden of proof. Bankruptcy Code § 362(g) assigns to the Debtor the burden of proof on all issues other than equity in property, which is not at issue. "Once a prima facie case has been established, the burden shifts to Debtor to show that relief from the stay is not warranted." *In re Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009), *citing Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). It is beyond cavil that the foregoing facts establish a prima facie case for lifting the stay, and the burden of proving that relief is not warranted rests upon the Debtor. The Debtor will be unable to offer sufficient evidence to carry his burden of proof.

### E. RELIEF FROM STAY MAY BE GRANTED AT THE INITIAL HEARING AS THE MATERIAL FACTS ARE NOT REASONABLY SUBJECT TO DISPUTE

The material facts supporting the within motion are chiefly matters of record and are not reasonably subject to any genuine dispute. Accordingly, the motion can be resolved at the initial hearing hereon. See Rule 56(a) of the Federal Rules of Civil Procedure (incorporated in Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure). "A motion for stay relief is a summary proceeding…. In a summary proceeding, the court's discretion is broad. Courts may consider the factor of judicial economy when deciding lift stay issues." *In re Santa Clara Cty. Fair Ass'n, Inc.*, 180 B.R. 564, 566 (B.A.P. 9th Cir. 1995) (citations omitted). Ms. Kuechle suggests and requests that the motion be resolved at the initial hearing. Alternatively, in the event the Court determines that there is a question of fact, Ms. Kuechle requests that the Court set an evidentiary hearing and issue an appropriate scheduling order.

///

## IV. CONCLUSION

In light of the foregoing, the automatic stay should be lifted to permit Plaintiff Kuechle to prosecute the Litigation to judgment upon the aforesaid cause of action for negligent injury but not to enforce the judgment against the Debtor or assets of the estate without further order of the Court; provided, however, that she may collect any insurance proceeds to which she is or may become entitled.

DATED: October 26, 2021    MACDONALD FERNANDEZ LLP

By: /s/ *Reno F.R. Fernandez III*
    Reno F.R. Fernandez III
    Attorneys for Creditor,
    RACHEL KUECHLE