Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Plaintiff ZIONS BANCORPORATION, N.A., dba California Bank & Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028-SLJ<br><br>Chapter 7<br><br>Adversary No. |
| ZIONS BANCORPORATION, N.A., dba California Bank & Trust,<br><br>Plaintiff,<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Defendant. | **COMPLAINT BY ZIONS BANCORPORATION, N.A. AGAINST EVANDER FRANK KANE FOR DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727**<br><br>Hon. Stephen L. Johnson |

4445185v1 | 031205-0132    1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Plaintiff Zions Bancorporation, N.A., dba California Bank & Trust ("Zions"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. Defendant Evander Frank Kane ("Kane") filed a voluntary chapter 7 bankruptcy petition on January 9, 2021, in the United States Bankruptcy Court for the Northern District of California, commencing the instant bankruptcy case. An order for relief was entered that same day.

2. This Court has jurisdiction over the subject matter of this adversary complaint under and by virtue of the provisions of 28 U.S.C. §§ 1334 and 157, as the matters alleged herein arise under, arise in, or are related to the instant bankruptcy case.

3. The matters alleged in this adversary complaint are "core" matters within the meaning of 28 U.S.C. § 157, including, but not limited to, 28 U.S.C. § 157(b)(2)(J).

4. This Court has the power to enter final orders concerning such matters.

5. Zions consents to entry of a final judgment by the Court in this proceeding.

6. Venue is proper in this Court under the provisions of 28 U.S.C. § 1409.

**PARTIES**

7. At all times relevant to this Complaint, Zions was and is a national banking association organized and existing under and by virtue of the laws of the United States of America. Zions is authorized to, and is conducting business in, the State of California. Zions is exempt of the usury laws of Article VX, Section 1 of the California Constitution.

8. Zions is informed and believes and thereon alleges that Kane is an individual residing in this federal judicial district and is a professional hockey player, who plays for the San Jose Sharks professional hockey team of the National Hockey League ("NHL").

**GENERAL ALLEGATIONS**

9. The following are general allegations applicable and relevant to this adversary proceeding by Zions against Kane.

**Kane Admissions About the Debt Owed to Zions**

10. In his schedules (Dkt. 1 pg. 10 of 12), Kane admits that he owes Zions no less than $4,250,000.00, based on pre-petition dealings between Kane and Zions and that Zions is a prepetition unsecured creditor of Kane. As to the petition date and order for relief, Zions is and was, therefore, a creditor of Kane and has been such at all times prepetition that are material to this adversary complaint.

**Kane Hires Pachulski Stang**

11. Zions is informed and believes and thereon alleges that: (a) on October 2019, Kane hired Pachulski Stang Ziehl & Jones LLP ("Pachulski Stang"); (b) Kane hired Pachulski Stang because of Kane's concern over his inability to meet his debt obligations as they came due; (c) Kane hired Pachulski Stang to consult with him concerning his insolvency and to engage in pre-bankruptcy asset protection strategies; (d) Kane hired Pachulski Stang to coordinate a scheme to shield assets from creditors; (e) this scheme, which is alleged more fully below, involved the use of real estate loan transactions and transfers of non-exempt assets to and from a newly-formed Florida shell entity, which concealed these assets until the eve of Kane's bankruptcy filing, when Kane caused the entity to transfer real property to himself and his wife, file bankruptcy, then invoke California's newly-augmented homestead exemption in that bankruptcy case; and (f) Kane orchestrated this scheme while he was significantly and knowingly insolvent, being sued by multiple creditors in multiple actions, including by Zions, and incurring multi-million dollar gambling losses.

**The Zions State Court Action**

12. On December 20, 2019, Zions sued Kane in Santa Clara Superior Court for, among other things, breach of contract based upon his payment and covenant defaults under the Loan Documents ("Zions Action"). In February of 2020, Kane, though his counsel at Pachulski Stang, appeared in the Zions Action.

**Kane Forms Florida Limited Liability Company**

13.  Zions is informed and believes and thereon alleges that on May 26, 2020, at a time when Zions (and others) had sued and were actively litigating against Kane, he formed a Florida limited liability company named Lions Properties, LLC ("Lions Properties").

14.  Zions is informed and believes and thereon alleges that Kane and his wife, Deanna Kane, were designated by Kane as managers of Lions Properties and that each held 50% membership interests in Lions Properties, totaling 100% ownership and control by Kane and his wife in and of Lions Properties.

**Kane Converts $600,000 in Non-Exempt Assets Into a Homestead Exemption**

15.  Zions is informed and believes and thereon alleges that in August 2020, Kane obtained a $600,000.00 loan ("Property Loan") from 1000568 B.C. Ltd. for the purpose of shielding significant non-exempt equity then held in two of Kane's investment real properties located in Canada, from Kane's creditors, including Zions.

16.  Zions is informed and believes and thereon alleges that Kane used the Property Loan proceeds to infuse same into Lion Properties, which increased the value of Lions Properties as a result. Lions Properties then used the proceeds of the Property Loan as a partial down payment for Lions Properties to purchase the real property located at 2301 Richland Avenue, in San Jose, CA 95125 ("San Jose Property").

17.  The Property Loan was evidenced by, among other things, junior deeds of trust recorded and cross-collateralized against two Canadian real properties owned by Kane—the property located at 3457 West 35th Avenue, Vancouver, BC Canada ("35th Avenue Property") and 8447 Isabel Place, Vancouver, BC Canada ("Isabel Place Property" and together with 35th Avenue Property, the "Canadian Properties").

18.  Zions is informed and believes and thereon alleges that at the time of the Property Loan, the Canadian Properties contained significant non-exempt equity, which equity would have otherwise been available for attachment and/or execution by creditors of Kane, or which could have been liquidated by a bankruptcy trustee for the benefit of Kane's creditors.

19. Zions is informed and believes and thereon alleges that, in addition to the Property Loan proceeds, the down payment that Kane made on the San Jose Property was sourced from other forms of non-exempt assets, including, but not limited to, Kane's earnings from playing professional hockey.

20. Zions is informed and believes and thereon alleges that at all relevant times, including at the time of the Property Loan, the Canadian Properties constituted substantially all of Kane's non-exempt, unencumbered interests in real property.

21. Zions is informed and believes and thereon alleges that on August 21, 2020, Kane recorded a grant deed, which was signed and dated March 8, 2020, transferring the San Jose Property from a third-party to Lions Properties. Zions is informed and believes and thereon alleges that Kane formed Lions Properties for the sole purpose of taking title to the San Jose Property and shielding the Property Loan proceeds and the equity in the Canadian Properties from creditors, including Zions.

22. Zions is informed and believes and thereon alleges that Kane is, and was at all times relevant to this Complaint, the sole owner of the Isabel Place Property. Zions is informed and believes and thereon alleges that Kane jointly owns and had owned, at all times relevant to this Complaint, the 35th Avenue Property jointly with his mother, Sherri Lynn Kane.

23. Zions is informed and believes and thereon alleges that Kane's parents reside at the Isabel Place Property and that the 35th Avenue Property, which is currently vacant, is and has been used by Kane as a rental property.

24. Zions is informed and believes and thereon alleges that Kane resided at the San Jose Property as a tenant at all times prior to Kane's use of the Property Loan proceeds to purchase the San Jose Property.

25. Zions is informed and believes and thereon alleges that Kane caused Lions Properties to take title to the San Jose Property, and that Kane himself did not take title to the San Jose Property, and that the purpose of this transaction was to place these non-exempt assets out of the reach of creditors and to hinder, delay, and/or defraud creditors of Kane, including Zions, and

Case: 21-50028    Doc# 256    Filed: 12/09/21    Entered: 12/09/21 12:40:34    Page 5 of 8

4445185v1 | 031205-0132    5

to thwart their collection efforts, and/or to hide from Kane's creditors, including Zions, the cash proceeds from the Property Loan.

**Kane Fraudulently Converts $600,000.00 in  
Non-Exempt Assets to Exempt Assets**

26. Zions is informed and believes and thereon alleges that on January 8, 2021, Kane in his capacity as the manager of Lion Properties recorded a quitclaim deed, transferring the San Jose Property from Lions Properties to Kane himself, and to his wife "as husband and wife as community property with right of survivorship."

27. On January 9, 2021, merely a few hours after this recording and transfer of the San Jose Property from Lions Properties to himself and his wife, Kane filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, commencing the instant bankruptcy case.

28. Zions is informed and believes and thereon alleges that Lions Properties is and was at all relevant times a shell entity, formed and designed for the sole purpose of allowing Kane to secretly shield his assets from creditors. Zions is informed and believes and thereon alleges that Lions Properties has never had any other assets other than the San Jose Property, has never had any ongoing business activities other than shielding Kane's assets from creditors, and has never been an operating entity with any business plan other than concealment of Kane's assets from creditors.

29. Kane's bankruptcy schedules reflect that the San Jose Property is worth $3,000,000.00 and is encumbered by a $2,320,000.00 first mortgage, leaving $680,000.00 in equity as of the petition date. On Schedule C of his bankruptcy schedules, Kane claimed $600,000.00 homestead exemption in the Property pursuant to California Code of Civil Procedure § 704.730.

30. The chapter 7 trustee sold the San Jose Property on or about October 8, 2021, realizing gross sale proceeds of $3,438,718.08 and net proceeds to the estate of $692,371.45. *See* Trustee's Report of Sale (Dkt. 231).

**Kane's Gambling Losses, Lawsuits, and Insolvency**

31. Zions is informed and believes and thereon alleges that Kane incurred at least $1,500,000.00 in gambling losses within the year preceding his bankruptcy filing.

32. Zions is informed and believes and thereon alleges that numerous creditors had filed lawsuits against Kane for, among other things, breach of contract and fraud within the year preceding his bankruptcy filing.

33. Kane's bankruptcy schedules reflect that on the petition date he was balance sheet insolvent, with total assets of $10,224,743.65 and total liabilities of $26,837,340.00. Zions is informed and believes and thereon alleges that Kane was significantly insolvent at all times during the year preceding his bankruptcy filing.

34. Zions is informed and believes and thereon alleges that at all relevant times alleged herein Kane specifically intended to hinder, delay, and defraud his creditors by employing a scheme or plot to (a) convert substantial and material portions of his non-exempt and non-exemptible equity in real property into exempt assets (including the Canadian Property equity and other non-exempt assets as well as his NHL earnings) on the eve of bankruptcy (or to transfer a significant portion of those non-exempt assets to his wife), while (b) concealing those transfers and shielding those assets in a newly-formed Florida shell entity for (c) the purpose of thwarting creditor collection efforts at a time when (d) Kane was significantly insolvent (or became insolvent as a result of the San Jose Property Loan transactions and related transfers), (e) being sued by multiple creditors in numerous lawsuits, and (f) incurring multi-million dollar gambling losses.

**CLAIM FOR RELIEF**

**Denial of Discharge Under 11 U.S.C. § 727(a)(2)**

35. Zions refers to each and every allegation contained in paragraphs 1 through 34, and incorporates the same herein by reference as though set forth in full.

36. Zions is informed and believes and thereon alleges that, at all times material hereto and within one year before the date of Kane's filing chapter 7 bankruptcy, Kane, with the intent to hinder, delay, and/or defraud Zions and his other creditors, transferred, removed, destroyed,

mutilated, and/or concealed his property, and/or permitted or caused his property to be transferred, removed, destroyed, mutilated, and/or concealed, from creditors including, but not limited to, Zions.

37. As a result of the foregoing, the Court should enter judgment in favor of Zions, denying Kane's discharge under 11 U.S.C. § 727(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Zions prays for judgment as follows:

38. For a determination that Kane's chapter 7 discharge be denied pursuant to 11 U.S.C. § 727(a)(2); and

39. For such other and further relief to Zions as the Court deems just and proper.

DATED: December 9, 2021

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By: /s/ Michael Gerard Fletcher
MICHAEL GERARD FLETCHER
Attorneys for Plaintiff ZIONS
BANCORPORATION, N.A., dba
California Bank & Trust

4445185v1 | 031205-0132     8