UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO ABANDON ESTATE'S RIGHT, TITLE, AND INTEREST IN STATE COURT LITIGATION COUNTERCLAIM**<br><br>[No Hearing Required Unless Requested] |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST:**

**PLEASE TAKE NOTICE THAT** Fred Hjelmeset, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Evander Frank Kane ("Debtor"), has filed a motion seeking Bankruptcy Court authorization to abandon the estate's counterclaim in that certain litigation entitled *Kuechle v. Kane*, pending in the State of New York Supreme Court, County of Erie, Index No. 807030/2016 ("Litigation"). After the Litigation was filed in 2016, the Debtor filed an answer and a counterclaim. The counterclaim asserts, among other things, claims against the plaintiff that statements made by her with regard to the Debtor were false and defamatory, libel *per se* and slander *per se* ("Counterclaim"). The Debtor is seeking unspecified damages against the plaintiff arising out of the Counterclaim. The Trustee has evaluated the Counterclaim and has concluded that, while it may be a viable claim for the Debtor to pursue against the plaintiff, it is not a viable claim for the estate to pursue and has little or no economic value to the estate. In sum, the Trustee believes the Counterclaim has no value to the estate.

Section 554 of the Bankruptcy Code provides that the Trustee may abandon property of the estate if it is of inconsequential value to the estate or a burden to the estate. The Trustee has concluded that the Counterclaim is burdensome to the estate and of inconsequential value to the estate and, herein, seek authority to abandon it.

**PLEASE TAKE NOTICE THAT** due to the shelter in place requirements caused by the COVID-19 pandemic, all appearances will be by telephone, or, in the Court's sole discretion, by video conference. Instructions on how to file opposition, if any, and how to appear by phone are contained provided at the following link on the Court's website https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak and further detailed in the Court's Eighth Amended General Order 38, effective December 1, 2021.

Information regarding Clerk's office Intake Counter hours of public operation, the electronic submission of documents, mailing addresses and the location of drop-boxes is available on the Court's website home page under the banner "Court Operations during the COVID-19 Outbreak Information about Hearings, Filings, and Operations": https://www.canb.uscourts.gov/content/page/court-operations-during-covid-19-outbreak.

ECF Registered Participants must continue to file all documents electronically. All other parties may submit documents for filing by mail, electronically via the Court's website, in designated drop-box locations or at the Clerk's office Intake Counter during the posted hours of public operation. Filing fee payments (no cash) may be submitted electronically, by mail or drop-box, or at the Clerk's office Intake Counter during the posted hours of public operation.

In-person hearings may be held in the sole discretion of the presiding judge and in accordance with practices and procedures adopted by each judge. No judge is required to conduct in-person hearings. Each judge will publish their practices and procedures for in-person hearings on their page on the court's website. All counsel, parties and other interested persons shall consult each judge's practices and procedures for in-person hearings (to be published on each judge's page on the court's website) for information concerning whether a given hearing or

calendar will be conducted in-person and for other relevant instructions. All counsel, parties, and other interested persons shall comply with each judge's practices and procedures concerning in person hearings. Any failure to comply with such practices and procedures may result in the imposition of sanctions.

Unless otherwise instructed by the presiding judge in their practices and procedures concerning in-person hearings adopted pursuant to this order, all notices of any motion or application filed with the Court and served on any party which sets a hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video, and include the following language: "All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about Court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website."

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed abandonment or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: January 19, 2022     RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com