Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

EVANDER FRANK KANE,

Debtor.

Case No. 21-50028 SLJ
Chapter 7
Hon. Stephen L. Johnson

**APPLICATION FOR AUTHORITY TO (I) EMPLOY SPECIAL COUNSEL ON CONTINGENCY FEE BASIS (II) COMPENSATE DEBTOR FOR ASSISTING SPECIAL COUNSEL FROM JUDGMENT AND/OR SETTLEMENT PROCEEDS, AND (III) REIMBURSE DEBTOR FOR EXPENSES DEBTOR HAS ADVANCED (Putterman Yu Wang LLP)**

[No Hearing Required Unless Requested]

Fred Hjelmeset, Trustee in Bankruptcy of the estate of the above-named Debtor ("Applicant" or "Trustee") respectfully represents:

1. The Trustee seeks to employ the law firm Putterman Yu Wang LLP ("Law Firm") for the purposes of pursuing claims against Sure Sports, LLC *fka* Sure Sports Lending, LLC ("Sure Sports") regarding certain pre-petition loans that were entered into between the Debtor and third-party lenders and arranged by Sure Sports.

2. Prior to the Debtor's January 9, 2021 petition date, Sure Sports and the Debtor were parties to one or more agreements, some of which were entitled "Underwriting Fee Payment

Case: 21-50028    Doc# 263    Filed: 02/14/22    Entered: 02/14/22 10:55:22    Page 1 of 4        1

Agreement." Through these agreements, Sure Sports provided its "underwriting services" and, commencing in 2018, helped "arrange financing via loans, lines of credit and equity transactions" in excess of $12 million.

3. On April 21, 2021, Sure Sports filed a claim against the Debtor's estate for a "breach of underwriting fee payment agreements." The claim asserts that the estate is obligated to Sure Sports in the amount of $1,187,950.94 ("Claim").

4. The agreements between the Debtor and Sure Sports may violate, among other things, provisions of the Miller-Ayala Act (Business and Professions Code §§ 18895, *et seq.*) ("MAAA"). The provisions of the various agreements between the Debtor and Sure Sports state that Sure Sports "provided underwriting services" to the Debtor Kane in connection with various loans, and state that Sure Sports will be compensated for "services rendered" to "arrange financing via loans, lines of credit and equity transactions." As such, these agreements appear to fall under the statutory definition of the MAAA concerning "financial services contracts," which are defined as including "the making or execution of an investment or other financial decision, or counseling as a to a financial decision." Bus. & Prof. Code §18895.2(e). Based on its activities in recruiting or soliciting the Debtor to enter into various loan agreements with lenders Sure Sports appears to be an "athlete agent" as defined by the MAAA. Bus. & Prof. Code §18895.2 (b)(1) ("athlete agent" includes "any person who, directly or indirectly, recruits or solicits an athlete to: enter into any agent contract, endorsement contract, financial services contract.").

5. The MAAA requires any individual or company that is an "athlete agent" as defined in the Act to take various actions, including to file certain information with the California Secretary of State (Bus. & Prof. Code §18896), to maintain an insurance policy or bond as security for potential claims by athletes (Bus. & Prof. Code §18897.87), and to make certain disclosures when dealing with athletes (Bus. & Prof. Code §18897.3). The Trustee is informed and believes, and on that basis alleges, that Sure Sports has not complied with any of the foregoing requirements.

6. As a result, the Debtor's estate has claims against Sure Sports, which may include, without limitation: voiding all agreements between Sure Sports and the Debtor; precluding Sure Sports from seeking further payments from the Debtor, including invalidating Sure Sports' Claim;

return of money paid by the Debtor to Sure Sports pursuant to the agreements; obtaining statutory damages under the MAAA; and attorneys' fees and court costs incurred in the prosecution of a claim under the MAAA. (Bus. & Prof. Code §18897.8-18897.9).

7. The Trustee seeks to further investigate claims the estate may have against Sure Sports and, if appropriate, pursue affirmative claims it has against Sure Sports in the bankruptcy case, including claims that may arise under MAAA, and to seek to disallow the Claim.

8. The Debtor's estate is not in a position to employ counsel on an hourly basis to investigate and pursue the claims it may have against Sure Sports. His general counsel is not in a position to pursue these claims on a contingency fee basis. The Law Firm is willing to pursue the claims on behalf of the bankruptcy estate on a contingency fee basis and is willing to advance certain costs discussed below.

9. Under the terms of the proposed engagement agreement with the Law Firm ("Agreement"), a copy of which is attached to the Declaration of George Chikovani filed concurrently herewith, the Law Firm will be paid 45% through settlement or judgment of any Net Recovery. The term "Net Recovery" means: (1) the total of all amounts received by settlement, arbitration award, or judgment, including any award of attorney's fees, (2) minus all costs and disbursements paid by the estate, Evander Kane and/or the Law Firm.

10. In order to pursue claims against Sure Sports, the Trustee will need the assistance of the Debtor who has personal knowledge about the Sure Sport agreements. The Debtor has agreed to assist the estate in exchange for payment of 10% of the Net Recovery. In addition, the Debtor has agreed to advance the sum of $15,000 to the Law Firm to pay the actual costs that the Law Firm may incur related to pursuing the claims against Sure Sports. In the event of a Net Recovery against Sure Sports, the Debtor will be reimbursed the costs he has advanced, in addition to receiving a sum equal to 10% of the Net Recovery.

11. The Trustee is informed that the Law Firm is well versed in the facts and the law related to this matter, and has pursued multiple claims under the MAAA.

12. The Trustee is seeking to employ the Law Firm, on a contingency fee basis under 11 U.S.C. §§ 327(a) and 328(a). Because of the estate's limited resources, the Trustee is not in a

position to employ counsel to prosecute the litigation on an hourly rate basis. Section 328(a) permits contingency fee arrangements.

13. The Trustee predicts that litigation will be expensive and that a contingency fee arrangement is in the best interest of the estate because of the substantial commitment that will be required of counsel and the limited funds in the estate.

WHEREFORE, the Trustee requests entry of an order authorizing him to employ the Law Firm and enter into the Agreement

DATED: February 14, 2022

FRED HJELMESET,
Trustee in Bankruptcy

DATED: February 14, 2022   RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for FRED HJELMESET,
Trustee in Bankruptcy