| | |
|---|---|
| 1 | Michael Gerard Fletcher (State Bar No. 070849) |
| | mfletcher@frandzel.com |
| 2 | Gerrick M. Warrington (State Bar No. 294890) |
| | gwarrington@frandzel.com |
| 3 | FRANDZEL ROBINS BLOOM & CSATO, L.C. |
| | 1000 Wilshire Boulevard, Nineteenth Floor |
| 4 | Los Angeles, California 90017-2427 |
| | Telephone: (323) 852-1000 |
| 5 | Facsimile: (323) 651-2577 |

Attorneys for Plaintiff ZIONS BANCORPORATION, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 21-50028-SLJ |
| EVANDER FRANK KANE, | Chapter 7 |
| Debtor. | Adversary No. 21-05056 |
| ZIONS BANCORPORATION, N.A., dba California Bank & Trust, | **MOTION BY PLAINTIFF ZIONS BANCORPORATION, N.A. FOR AN ORDER APPROVING DISMISSAL OF ADVERSARY PROCEEDING OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO FED. R. BANKR. P. 7041; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiff, | |
| v. | |
| EVANDER FRANK KANE, | |
| Defendant. | Date: February 7, 2023<br>Time: 2:00 p.m.<br>Place: 280 South First Street, Courtroom 9<br>San Jose, California 95113* |
| | **\*the hearing will not be conducted in the judge's courtroom but instead will be conducted by telephone or video** |
| | Hon. Stephen L. Johnson |

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| MOTION | | 4 |
| MEMORANDUM OF POINTS AND AUTHORITIES | | 7 |
| I. | STATEMENT OF ISSUES TO BE DECIDED | 7 |
| II. | FACTS | 7 |
|   | A. The State Court Action | 7 |
|   | B. The Bankruptcy | 7 |
|   | C. The Conversion Motion | 7 |
|   | D. The Homestead Objection | 8 |
|   | E. The § 727 Action | 8 |
|   | F. The § 523 Claims: | 9 |
|   | G. The Parties' Settlement Discussions | 10 |
| III. | DISCUSSION | 10 |
| IV. | CONCLUSION | 13 |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re de Armond*,
  240 B.R. 51 (Bankr. C.D. Cal. 1999) .................................................................................. 10

*In re Djili*,
  No. 09-47844, 2012 WL 5246510 (Bankr. N.D. Cal. 2012) .................................................. 10

*In re Kent*,
  594 B.R. 863 (E.D. Mich. 2018) ........................................................................................... 12

*In re Speece*,
  159 B.R. 314 (Bankr. E.D. Cal. 1993) ....................................................................... 10, 11, 12

*In re Woodson*,
  839 F.2d 610 (9th Cir. 1988) ................................................................................................. 11

**Statutes**

11 U.S.C. § 522(o) .......................................................................................................................... 8

11 U.S.C. § 522(p) .......................................................................................................................... 8

11 U.S.C. § 523 ............................................................................................................................... 9

11 U.S.C. § 727 ................................................................................................................... 8, 10, 12

11 U.S.C. § 727(a)(2) ..................................................................................................... 7, 11, 12, 13

**Rules**

Fed. R. Bankr. P. 7041 .................................................................................................. 7, 10, 11, 12

Plaintiff Zions Bancorporation, N.A., dba California Bank & Trust ("Zions"), moves the Court for an order pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure and BLR 9013-1 approving its settlement with the Debtor, Evander Frank Kane ("Kane" and together with Zions, the "Parties") and dismissing this adversary proceeding, with prejudice.

## INTRODUCTION

The Parties have reached a settlement of this action whereby Kane has agreed to (a) pay Zions $150,000 within 30 days of approval of the settlement, (b) dismiss his Ninth Circuit appeal ("Homestead Appeal") of the Court's Order on Homestead Objection (Dkt. 178) entered on July 9, 2021, sustaining in part and overruling in part Zions' Homestead Objection, (c) acknowledge the validity and enforceability of Zions' prepetition proof of claim, and (d) agree not to oppose any request by Zions for allowance and/or payment of any administrative claim it may assert. In exchange, Zions has agreed to (a) dismiss its appeal ("Conversion Appeal") of this Court's Order Denying Conversion (Dkt. 101), (b) move to dismiss its § 727(a)(2) action against Kane entitled *Zions v. Kane*, Adversary Number 21-05056 (i.e., file this Motion) ("727 Action"), and (c) dismiss its state court action against Kane entitled *Zions v. Kane*, Santa Clara Superior Court Case No. 19CV360613. The settlement contains limited mutual releases between Zions and Kane related to, among other things, the 727 Action, Homestead Appeal, and Conversion Appeal.

As analyzed below, the Court should enter an order dismissing the Complaint and this entire adversary proceeding, with prejudice, pursuant to Rule 7041.

## LEGAL STANDARDS

As grounds for the Motion, Rule 7041 provides in relevant part that "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." Fed. B. Bankr. P. 7041. Courts apply the so-called *Woodson* factors evaluating whether settlements under Rule 7041 are "fair and equitable." *See In re de Armond*, 240 B.R. 51, 56 (Bankr. C.D. Cal. 1999) (citations omitted); *In re Djili*, No. 09-47844, 2012 WL 5246510, at *4 (Bankr. N.D. Cal. 2012) (citing *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re Speece*, 159 B.R. 314, 317 (Bankr.

E.D. Cal. 1993)). "The 'paramount' status afforded to the interest of creditors recognizes that the decision to settle or litigate is an investment decision that puts at risk their money and their rights. Accordingly, this factor has relatively greater weight than probability of success, collectability, complexity, expense, inconvenience, and delay." *In re Speece*, 159 B.R. at 320 (citing *Woodson*, 839 F.2d at 620). Courts have found that the public has an interest in the discharge itself and "the proper administration of bankruptcy laws." *See In re Speece*, 159 B.R. at 320.

## ANALYSIS

Here, Zions' Motion meets the criteria under Rule 7041 for the Court to enter an order dismissing the 727 Complaint and the entire 727 Action based upon the Settlement Agreement, the terms of which are being summarized herein. Zions believes it has valid claims against Kane under § 727(a)(2) related to Kane's hypothecation of the Canadian Properties and use of those proceeds as a down payment to purchase real property in San Jose while taking title to the Property in the name of a newly-formed Florida shell entity, wholly-owned and controlled by Kane and his then-wife, while Kane was insolvent, being sued by several creditors, and incurring significant gambling losses. Although Kane does not dispute many of the material allegations with respect to these prepetition transactions, he does dispute that he intended to hinder, delay, or defraud (within the meaning of § 727(a)(2)) his creditors by his actions. Zions believes that there is at least a significant risk that the Court will not find that Kane exercised the requisite intent at trial. And, the costs of Zions to prove up such allegations (which are its burden) will be significant, but are outweighed by any realistic possibility of prevailing on the merits at trial or on appeal, given the deferential standard of review for findings of fact relating to a debtor's intent.

A trial, Zions would have the ultimate burden of persuasion to demonstrate by a preponderance of the evidence that Kane possessed the requisite intent and that Kane's discharge should, therefore, be denied. While Zions believes that its claims are valid, it understands that the outcome of litigation is never certain, whereas a compromise provides certainty and avoids litigation costs. Difficulties in "collectability" are not really relevant to this Motion, as the § 727 claims only seek denial of discharge, not for entry of a money judgment. And the § 727 claims are the only claims that give rise to the requirements of Rule 7041. *See In re Speece*, 159 B.R. at 319.

The issues raised in the Complaint are complex when considering the factual basis, which must be proven, the majority of which ultimately rests upon Kane's intent, which may be proven only by objective outward manifestations of his subjective intent or "badges of fraud." Trial is scheduled for February 2023; however, the Court has already ruled on many of the factual predicates of this § 727(a)(2) action, albeit in the context of a § 522(*o*) homestead objection. *See, generally*, Order On Zions Bancorporation's Objection To Debtor's Homestead Exemption (Dkt. 178). In addition, the interests of creditors are not being harmed in any way by relief sought in this Motion. Indeed, other creditors and even the United States Trustee have the ability to seek to substitute in place of Zions and take over Zions' § 727(a)(2) claim if they so desire. The Court has the power to approve such substitution under § 105(a) and Rule 7041 itself. *See In re Kent*, 594 B.R. 863, 869–71 (E.D. Mich. 2018) (citations omitted). And, the public has no general policy-based interest in litigation for its own sake, especially in the context of an insolvency proceeding. Moreover, while Zions believes it will ultimately succeed in obtaining an affirmance of the ruling which is the subject of the Homestead Appeal, the settlement resolves this issue and removes any risk to the bankruptcy estate that would occur if Kane were successful with the Homestead Appeal. Accordingly, these factors weigh in favor of the Court granting the Motion.

### REQUEST FOR RELIEF

WHEREFORE, Zions requests that the Court enter an order:

1. Approving the Settlement Agreement and retaining jurisdiction to enforce it
2. Dismissing this action in its entirety, with prejudice, pursuant to Rule 7041; and
3. Granting such other relief as the Court finds just and appropriate.

DATED: January 9, 2023    FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON


By: ___/s/ Gerrick M. Warrington___
GERRICK M. WARRINGTON
Attorneys for Plaintiff Zions Bancorporation, N.A.

4805405v1 | 031205-0132    6

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Zions Bancorporation, N.A., dba California Bank & Trust ("Zions"), submits this Memorandum of Points and Authorities in support of its Motion for an order pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure ("Rules") and BLR 9013-1 approving the Parties' settlement and dismissing this adversary proceeding, with prejudice, which proceeding asserts a claim against Kane under 11 U.S.C. § 727(a)(2).

## I. STATEMENT OF ISSUES TO BE DECIDED

Per BLR 9013-1(b)(2), Zions requests that the Court address the following basic issues, which are each issues to be decided under the Motion:

Whether the Court should enter an order approving the Parties' Settlement Agreement and dismissing the 727 Action.

## II. FACTS

The following background facts are relevant to the Motion.

### A. The State Court Action

On December 20, 2019, Zions filed a Verified Complaint For: 1. Breach of Note; 2. Money Lent; 3. Specific Performance (Judicial Reference); and 4. Injunctive Relief in Santa Clara Superior Court, commencing case number 19CV360613 ("State Court Action").

In the State Court Action, Zions seeks, among other things, over $3 million in damages for Kane's breach of a promissory note.

### B. The Bankruptcy

Kane filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, on January 9, 2021, commencing the instant bankruptcy case ("Bankruptcy Case"). An order for relief was entered that same day.

On April 13, 2021, Zions filed a timely proof of claim number 9, reflecting a claim for $3,740,305.15 ("Zions' Claim"). (POC 9).

### C. The Conversion Motion

Zions filed a Motion to Convert Case to Chapter 11 and to Appoint Chapter 11 Trustee ("Conversion Motion") on February 26, 2021. (Dkt. 33).

Kane opposed the Conversion Motion (Dkt. 65), and Zions filed a reply in support of conversion to chapter 11 (Dkt. 77).

After a hearing, the Court denied the Conversion Motion by entering its Order Denying Motion to Convert (the "Conversion Order"). (Dkt. 101).

Zions appealed the Conversion Order to the United States United States District Court for the Northern District of California, case number 3:21-cv-03765-WHO, which affirmed the bankruptcy court's denial of the Conversion Motion (the "District Court Order").

Thereafter, Zions appealed the District Court Order to the United States Court of Appeals for the Ninth Circuit, case number 22-16304 ("Conversion Appeal").

Briefing for the Conversion Appeal is not yet due and no briefs have been filed.

### D. The Homestead Objection

On March 25, 2021, Zions filed an objection to Kane's claimed $600,000.00 homestead exemption under 11 U.S.C. §§ 522(o) and (p). (Dkt. 74).

Kane opposed the Homestead Objection (Dkt. 146), and Zions filed a reply (Dkt. 153).

The Court entered its Order on Homestead Objection (the "Homestead Order") (Dkt. 178) on July 9, 2021, sustaining in part and overruling in part Zions' Homestead Objection.

Subsequently, Kane appealed the Homestead Order to the United States District Court for the Northern District of California, case number 3:21-cv-08209-WHO, which affirmed the ruling of the bankruptcy court (the "District Court Homestead Order").

Later, Kane appealed the District Court Homestead Order to the United States Court of Appeals for the Ninth Circuit, case number 22 16674 ("Homestead Appeal").

Briefing for the Homestead Appeal is not yet due and no briefs have been filed.

### E. The § 727 Action

After several stipulated extensions of time, on December 9, 2021, Zions timely filed an adversary complaint against Kane entitled Complaint by Zions Bancorporation, N.A. Against Evander Frank Kane for Denial of Discharge Under 11 U.S.C. § 727 ("727 Complaint") (Adv. Dkt. 1, 21-05056), commencing the instant adversary proceeding.

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

4805405v1 | 031205-0132

8

In the 727 Complaint, Zions alleges, that: (a) on October 2019, Kane hired Pachulski Stang Ziehl & Jones LLP; (b) Kane hired Pachulski Stang because of Kane's concern over his inability to meet his debt obligations as they came due; (c) Kane hired Pachulski Stang to consult with him concerning his insolvency and to engage in pre-bankruptcy asset protection strategies; (d) Kane hired Pachulski Stang to coordinate a scheme to shield assets from creditors; (e) this scheme, which involved the use of real estate loan transactions and transfers of non-exempt assets to and from a newly-formed Florida shell entity, which concealed these assets until the eve of Kane's bankruptcy filing, when Kane caused the entity to transfer real property to himself and his wife, file bankruptcy, then invoke California's newly-augmented homestead exemption in that bankruptcy case; and (f) Kane orchestrated this scheme while he was significantly and knowingly insolvent, being sued by multiple creditors in multiple actions, including by Zions, and incurring multi-million dollar gambling losses.

Zions further alleges in the 727 Complaint that: Kane specifically intended to hinder, delay, and defraud his creditors by employing a scheme or plot to (a) convert substantial and material portions of his non-exempt and non-exemptible equity in real property into exempt assets (including the Canadian Property equity and other non-exempt assets as well as his NHL earnings) on the eve of bankruptcy (or to transfer a significant portion of those non-exempt assets to his wife), while (b) concealing those transfers and shielding those assets in a newly-formed Florida shell entity for (c) the purpose of thwarting creditor collection efforts at a time when (d) Kane was significantly insolvent (or became insolvent as a result of the San Jose Property Loan transactions and related transfers), (e) being sued by multiple creditors in numerous lawsuits, and (f) incurring multi-million dollar gambling losses.

On January 20, 2022, Kane answered the 727 Complaint, generally denying certain of the complaint's material allegations. (Adv. Dkt. 12). Trial is currently set for February 22, 2023.

**F.    The § 523 Claims:**

The Parties entered into certain stipulations to extend the deadline for Zions to bring any claims pursuant to Bankruptcy Code § 523 ("523 Claims"). As of the date of this Settlement Agreement, Zions has not filed an adversary proceeding asserting any 523 Claims.

### G. The Parties' Settlement Discussions

The Parties engaged in settlement discussions which have resulted in their entry into a Settlement Agreement, aimed at resolving their disputes concerning the State Court Action, Conversion Appeal, Homestead Appeal, the 727 Action, and the 523 Claims.

The Motion seeks approval of the Settlement Agreement and dismissal of the 727 Action.

## III. DISCUSSION

As grounds for the Motion, Rule 7041 provides in relevant part that "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." Fed. B. Bankr. P. 7041.

Courts have employed various analytical approaches to Rule 7041. The majority rule, adopted by Courts in the Ninth Circuit, is that the Court should evaluate a Rule 7041 motion to dismiss an adversary proceeding containing § 727 claims by evaluating the underlying compromise to determine whether the settlement is fair and equitable and in the best interests of the estate and all creditors. *See In re de Armond*, 240 B.R. 51, 56 (Bankr. C.D. Cal. 1999) (citations omitted); *In re Djili*, No. 09-47844, 2012 WL 5246510, at *4 (Bankr. N.D. Cal. 2012) (finding that this approach is the majority rule) (citing *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re Speece*, 159 B.R. 314, 317 (Bankr. E.D. Cal. 1993)).

"Under the fair and equitable standard, the court considers: (a) probability of success in the litigation; (b) collectability; (c) complexity, expense, inconvenience, and delay attendant to continued litigation; and (d) the interest of creditors." *In re Speece*, 159 B.R. at 317 (citing *Woodson*, 839 F.2d at 620). "The interest of creditors is paramount, and the court must give proper deference to their reasonable views." *Id.* (citing *Woodson*, 839 F.2d at 620). "A fifth factor applies under the fair and equitable test when a denial of discharge is involved: the public interest in proper administration of the bankruptcy laws must be considered." *Id.* "The 'paramount' status afforded to the interest of creditors recognizes that the decision to settle or litigate is an investment decision that puts at risk their money and their rights. Accordingly, this

factor has relatively greater weight than probability of success, collectability, complexity, expense, inconvenience, and delay." *In re Speece*, 159 B.R. at 320 (citing *Woodson*, 839 F.2d at 620). Courts have found that the public has an interest in the discharge itself and "the proper administration of bankruptcy laws." *See In re Speece*, 159 B.R. at 320.

## ANALYSIS

Here, on or about December 31, 2022, the Parties entered into a Settlement Agreement, which provides, among other things, for a dismissal of the 727 Action by Zions. The Settlement Agreement's terms are summarized as follows:

Kane has agreed to (a) pay Zions $150,000 within 30 days of approval of the settlement, (b) dismiss his Ninth Circuit appeal of the Court's Order on Homestead Objection (Dkt. 178) entered on July 9, 2021, sustaining in part and overruling in part Zions' Homestead Objection, (c) acknowledge the validity and enforceability of Zions' prepetition proof of claim, and (d) agree not to oppose any request by Zions for allowance and/or payment of any administrative claim it may assert.

In exchange, Zions has agreed to (a) dismiss its appeal of this Court's Order Denying Conversion (Dkt. 101), (b) move to dismiss its § 727(a)(2) action against Kane entitled *Zions v. Kane*, Adversary Number 21-05056, and (c) dismiss its state court action against Kane entitled *Zions v. Kane*, Santa Clara Superior Court Case No. 19CV360613. The settlement contains limited mutual releases between Zions and Kane related to, among other things, the 727 Action, Homestead Appeal, and Conversion Appeal. Zions' Motion meets the criteria under Rule 7041 for the Court to enter an order dismissing the 727 Complaint and the entire 727 Action based upon the Settlement Agreement, the terms of which are being summarized herein.

As analyzed below, the Settlement Agreement satisfies each one of the *Woodson* factors. Zions believes it has valid claims against Kane under § 727(a)(2) related to Kane's hypothecation of the Canadian Properties and use of those proceeds as a down payment to purchase real property in San Jose while taking title to the Property in the name of a newly-formed Florida shell entity, owned by Kane and his then-wife, while Kane was insolvent, being sued by several creditors, and incurring significant gambling losses. Although Kane does not dispute most of the material

allegations with respect to these prepetition transactions, he does dispute that he intended to hinder, delay, or defraud (within the meaning of § 727(a)(2)) his creditors by his actions. Zions believes that there is at least a significant risk that the Court will not find that Kane exercised the requisite intent at trial. And, the costs of Zions to prove up such allegations (which are its burden) will be significant, but are outweighed by any realistic possibility of prevailing on the merits at trial or on appeal, given the deferential appellate standard of review for findings of fact relating to a debtor's intent.

A trial, Zions would have the ultimate burden of persuasion to demonstrate by a preponderance of the evidence that Kane possessed the requisite mental state—i.e., his intent—and that Kane's discharge should, therefore, be denied. While Zions believes that its claims are valid, it also understands that the outcome of litigation is never certain and that a compromise may inure to its benefit while avoiding unnecessary and ultimately fruitless litigation costs. Difficulties in "collectability" are not really relevant to this Motion, as the § 727 claims only seek denial of discharge, not for entry of a money judgment. And the § 727 claims are the only claims the give rise to the requirements of Rule 7041. *See In re Speece*, 159 B.R. at 319.

The issues raised in the Complaint are complex when considering the factual basis, which must be proven, the majority of which ultimately rests upon Kane's intent, which may be proven only by objective outward manifestations of his subjective intent or "badges of fraud." Trial is scheduled for February 2023; however, the Court has already ruled on many of the factual predicates of this § 727(a)(2) action, albeit in the context of a § 522(*o*) homestead objection. *See, generally*, Order On Zions Bancorporation's Objection To Debtor's Homestead Exemption (Dkt. 178). In addition, the interests of creditors are not being harmed in any way by relief sought in this Motion. Indeed, other creditors and even the United States Trustee have the ability to seek to substitute in place of Zions and take over Zions' § 727(a)(2) claim if they so desire. The Court has the power to approve such substitution under § 105(a) and Rule 7041 itself. *See In re Kent*, 594 B.R. 863, 869–71 (E.D. Mich. 2018) (citations omitted).

And, the public has no general policy-based interest in litigation for its own sake, especially in the context of an insolvency proceeding. Those public interests—which look not only

to the instant action but also to similar situations which might occur in the future—weigh in favor of granting the Motion. Although Zions contends that it has valid claims against Kane under § 727(a)(2), Kane has his alleged defenses, and it is unknown at this time whether Kane would be entitled to a discharge if this matter proceeded to trial. But, the public has no general policy-based interest in litigation for its own sake, especially in the context of an insolvency proceeding. And, in this case, prolonging litigation between Zions and the debtor is wasteful and antithetical to public policy concerns and considering the emphasis on efficiency in insolvency proceedings. The Motion also promotes finality and compromise while avoiding unnecessary risks and losses, which aspects also promote the public's interests from a policy perspective. These public policy considerations are met in this case as well as future cases involving similar situations.

All of these factors weigh in favor of the Court granting the Motion.

## IV. CONCLUSION

Based on the foregoing and as supported by the Motion and accompanying declaration, the Court should enter an order granting the relief sought in the Motion in full, dismissing this action, with prejudice, pursuant to Rule 7041, and retaining jurisdiction to enforce the settlement and the Court's orders.

DATED: January 9, 2023

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Plaintiff Zions Bancorporation, N.A.

4805405v1 | 031205-0132        13