Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-50028 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**LIMITED OBJECTION TO APPLICATION BY ZIONS BANCORPORATION, N.A. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**<br><br>Date: June 20, 2023<br>Time: 2:00 p.m.<br>Place: AT&T Connect Teleconference or Zoom Video Conference |

Fred Hjelmeset, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Evander Frank Kane ("Debtor"), files this limited objection to the motion filed by Zions Bancorporation, N.A. ("Zions"), seeking allowance and payment of an administrative claim pursuant to Bankruptcy Code § 503(b)(1)(A) [Docket 296] ("Motion").

**A.  Introduction**

Zions seeks allowance and payment of a Chapter 7 administrative expense in the amount of $109,939.50 in legal fees, and reimbursement of costs in the amount of $2,222.83 with regard to its objection to the Debtor's homestead exemption and its successful defense of the Debtor's appeal of

the Bankruptcy Court's order affirming Zions' homestead objection. The Motion is made pursuant to 11 U.S.C. § 503(b)(1)(A). In order for Zions to establish that it has a valid administrative claim under Section 503(b)(1)(A), courts in the Ninth Circuit have held that

> "[t]he claimant must show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate."

*In re DAK Industries, Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995) (citations omitted). The Trustee does not dispute that Zions' objection to the Debtor's claimed homestead exemption directly and substantially benefited the Debtor's estate. The Trustee is filing this limited objection, in part, because the Trustee does not believe that Zions has satisfied the first prong of *DAK Industries* – that the transaction was related to a post-petition transaction with the Trustee.

In the event that the Court grants in the Motion in whole or in part, the award should be reduced for services related to

(a) (i) Settlement and dismissal of homestead appeal - $7,766.00; and (ii) Homestead settlement approval motion $7,959.00, as it appears that material time was billed to these categories that involved settlement of Zions' Section 727 complaint, and court authorization of that settlement, which fees/services benefitted only Zions and should not be paid under Section 503; and

(b) Preparation of the Motion - $14,965, which sum is equal to approximately 15.75% of the $94,974.50 sought for fees related to the homestead objection, the appeals, and the settlement of Zions Section 727 complaint. This sum sought for fee application preparation is excessive in light of the five percent ceiling set by the Guidelines for Compensation and Expense Reimbursement for Professionals and Trustees that is applicable to cases filed in the Northern District of California.

**B.     Argument**

1. <u>The Motion Fails to Satisfy the First Requirement of Dak Industries</u>

The claimant has the burden of proving it is entitled to an administrative expense claim. *In re DAK Indus., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995). Bankruptcy courts generally are directed to strictly construe administrative expense requests in large part because allowance of such expenses

reduces funds available for distribution to claims of pre-petition creditors. *Id.* 66 F.3d at 1094.

As noted above, the Trustee does not dispute that Zions' homestead objection [Docket 74] and successful defense of the Debtor's appeal of the Court's order sustaining the objection under 11 U.S.C. § 522(p), directly and substantially benefited the Debtor's estate. The Trustee has filed this limited objection because he does not believe that Zions satisfies the first prong of *DAK Industries* – that the services related to a post-petition transaction with the Trustee.

Zions filed its objection to the Debtor's homestead exemption on March 25, 2021. Docket 74 ("Homestead Objection"). Based on Exhibit 2 attached to the Warrington Declaration, Zions' counsel began analyzing a possible objection to the Debtor's claimed homestead exemption on January 11, 2021, and completed its Homestead Objection on March 15, 2021. At no point in time before or after the filing of the Homestead Objection did Zions or its counsel communicate with the Trustee or his counsel to alert them to Zions' concerns related to the vulnerability of the Debtor's claimed homestead, or establish that the Trustee induced Zions' performance. *See*, Declaration of Fred Hjelmeset Re Limited Objection to Motion of Zions Bancorporation, N.A. for Allowance of Administrative Expense Claim, ¶¶ 6-7, and Declaration of Gregg S. Kleiner Re Limited Objection to Motion of Zions Bancorporation, N.A. for Allowance of Administrative Expense Claim, ¶¶ 6-7. .

> The purpose of the administrative expense priority afforded by the Code is to encourage third parties to enter into agreements with the trustee for the benefit of the estate. *Boeing v. N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1026 (9th Cir.2005); *In re Kadjevich*, 220 F.3d 1016, 1019 (9th Cir.2000) (noting that the policy underlying administrative priority status is to encourage parties to take risks in entering agreements with trustee); *In re Abercrombie*, 139 F.3d at 757 (citing encouragement of third parties to deal with the trustee).
>
> In determining whether there was a transaction with the trustee, the creditor asserting an administrative expense claim must prove there was some inducement by the trustee causing the creditor to incur the expense. *In re United Trucking Servs., Inc.*, 851 F.2d 159, 162 (6th Cir.1988). The alternative to proving a transaction, a showing that the claimant gave consideration to the trustee, requires that the creditor prove that the trustee induced the creditor's performance, and that performance was then rendered by the creditor to the estate. *In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir.1987).

> Here, the bankruptcy court had repeated, uncontroverted statements from Trustee that she had never been contacted regarding the expenses for which Nichols sought administrative expense approval and had never approved any of the expenses. Mrs. Nichols never contradicted Trustee's assertions or attempted to prove that there was a transaction or inducement from Trustee for Mrs. Nichols to incur the expenses. Consequently, the bankruptcy court had ample factual grounds for its finding that, "the trustee never authorized it, the trustee never knew about it."

*In re Nichols*, WL 6259965 at *5-6 (9th Cir. BAP 2010); accord, *In re Machevsky*, 637 B.R. 510, 524 (Bankr. CD CA 2021, *aff'd, In re Machevsky*, 640 B.R. 210 (CD CA 2022).

While Zions' Motion cites multiple cases in and out of the Ninth Circuit for the proposition that there are circumstances by which a creditor can be compensated for providing a material benefit to a Chapter 7 debtor's estate, it does not cite to any case from the Ninth Circuit where a creditor is granted a Section 503 administrative claim where it effectively volunteers its services to the estate without contacting the Trustee about its intent to proceed; or, alternatively, first seeking and obtaining Bankruptcy Court authorization to pursue the Homestead Objection pursuant to § 503(b)(3)(B).[1] *In re Maust Transport, Inc.*, 589 B.R. 887, 897 (Bankr. W.D. Wash. 2018).

Zions cites *In re Connolly N. Am., LLC*, 802 F.3d 810, 818 (6th Cir. 2015) for the proposition that "Failing to award administrative expenses to the rare Chapter 7 creditors who are forced by circumstances to take action that benefits the bankruptcy estate when no other party is willing or able to do so, would deter them from participating in bankruptcy cases and proceedings, which is plainly inconsistent with the purposes of the Act." Motion 13:11-15. *Connolly* involved two creditors who filed a claim for reimbursement of administrative expenses for assistance provided to a successor trustee in obtaining a favorable settlement in an adversary proceeding. *Connolly* at 813.

---

[1] Section 503(b)(3)(B) provides, in relevant part, that a creditor can be awarded an administrative claim by the Bankruptcy Court in circumstances where "a creditor that recovers, after the Court's approval, for the benefit of the estate any property transferred or concealed by the Debtor."

In reversing the Bankruptcy Court's denial of the creditors' administrative claim motion, the Sixth Circuit, applying 11 U.S.C. § 503(b)(3)(D), concluded that the language of this section was flexible and the term "including", which was found in preamble to § 503(b), could apply to Chapter 7 cases, notwithstanding the fact that § 503(b)(3)(D) expressly addresses only cases in Chapters 9 and 11. In reversing the Bankruptcy Court, the Sixth Circuit held: "… that § 503(b)(3)(D) of the Bankruptcy Code does not divest bankruptcy courts of authority to allow reimbursement under § 503(b) of reasonable administrative expenses of creditors whose efforts substantially benefit the bankruptcy estate and its creditors in a Chapter 7 proceeding." *Id.* at 819.

The *Connolly* decision was decided by a two-to-one split on the panel. In her dissent, Judge O'Malley took issue with the majority's broad application of Section 503(b), which has historically been strictly construed to insure the maximum payment of creditor claims versus administrative expenses. *Id*. at 820.

Zions' Motion is made pursuant to Code § 503(b)(1)(A), so *Connolly*, applying only the provisions of § 503(b)(3)(D) is not applicable or binding. In this case, because Zions cannot establish that its actions are the result of a transaction with the Trustee or some inducement by the Trustee, the Motion should be denied. *In re DAK Industries, Inc.*, 66 F.3d at 1094.

### 2. If the Motion is Granted, Certain Categories of Fees Should be Reduced

In the event that the Court grants in the Motion in whole or in part, the award should be reduced for services related to the fees requested on account of "Settlement and dismissal of homestead appeal - $7,766.00" and "Homestead settlement approval motion $7,959.00." These two categories of requested fees total $15,725. The foregoing fees relate Zions motion to settle its Section 727 complaint against the Debtor, and dismiss the Debtor's appeal to the Ninth Circuit related to the homestead objection. Docket 292. Based on a review of the motion to settle the Section 727 complaint and dismiss the appeal, it appears that material time was billed to these two categories that involved Zions' Section 727 complaint. Fees that are related to the Section 727 settlement were performed solely for the benefit of Zions and should not be paid as a Chapter 7 administrative claim. *In re Maqsoudi*, 566 B.R. 40, 45 (Bankr. C.D. CA 2017). In reviewing the over 400 pages of Zions' heavily redacted billing statements, it is not possible for the Trustee to

determine how much time Zions' counsel devoted to settlement of its Section 727 complaint verses dismissal of the appeal. Absent Zions further breakdown of the $15,725 of fees it seeks in these two categories, the Court should disallow this portion of the request.

Zions seeks the sum of $14,965 as an allowed administrative expense for preparation of the Motion. It does appear that if administrative fees are awarded to Zions under its Motion, it is entitled to be compensated for preparation of its fee application. *In re Morry Waksberg M.D., Inc.*, 692 F. App'x 840, 841 (9th Cir. 2017). The sums sought by Zions for fee application preparation equal approximately 15.75% of the $94,974.50 sought for fees related to the homestead objection, the appeals, and the settlement of Zions Section 727 complaint. This sum is excessive in light of the Guidelines for Compensation and Expense Reimbursement for Professionals and Trustees that is applicable to cases filed in the Northern District of California, that sets a ceiling of 5% of the fees sought.[2]

### C. Conclusion

The Trustee prays for an order denying the Motion, or, in the alternative, reducing the sums it grants to Zions as an administrative claim as provided in this limited objection.

DATED: June 6, 2023         RINCON LAW LLP

By: */s/Gregg S. Kleiner*
    GREGG S. KLEINER
    Counsel for FRED HJELMESET,
    Trustee in Bankruptcy

---

[2] "**6. Preparation of Application** - Reasonable fees for preparation of a fee application may be requested. Fees for preparation of a fee application ***may not exceed five percent*** of the total amount of fees and costs requested in this application. This five percent guideline is a ceiling rather than a floor; preparation expenses equaling ***five percent*** are not presumptively reasonable." (emphasis original)