Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

EVANDER FRANK KANE,

Debtor.

Case No. 21-50028 SLJ
Chapter 7
Hon. Stephen L. Johnson

**OPPOSITION TO DEBTOR'S MOTION FOR STAY PENDING APPEAL OF THE TURNOVER ORDER**

Date: November 7, 2023
Time: 2:00 p.m.
Place: AT&T Connect Teleconference or Zoom Video Conference

On September 21, 2023, the Bankruptcy Court entered a turnover order requiring the Debtor, Evander Frank Kane, to deliver to the Trustee the sum of $170,350 within 21 days of the entry of the order – October 12, 2023 [Docket 313] ("Turnover Order"). On October 3, 2023, the Debtor filed a Notice of Appeal of the Turnover Order [Docket 319]. The Debtor now seeks a stay of the Turnover Order pending appeal [Dockets 325-328] ("Motion").

The Trustee opposes the Motion for a stay pending appeal. To the extent a stay is granted, the Debtor must be required to deliver a bond or otherwise collateralize the $170,350 ("Proceeds") he has been ordered to turnover to ensure that, if the Court's order is affirmed on appeal, the estate

has the Proceeds in its possession and is not compelled to take action to collect this amount from the Debtor who resides in Canada.[1]

I.     **LEGAL ANALYSIS**

In determining whether to grant a stay pending appeal, the Court considers the following:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotations omitted).

In evaluating these four factors articulated by the Supreme Court, the first two factors are the most critical. *Id.*

A.     **Likelihood of Success on the Merits**

This first of the two "critical" factors, at least for purposes of a stay, is not necessarily a particularly high bar. Unlike an injunction, the showing for a stay pending appeal does not require the movant to establish that they will win on the merits. *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). Among the multiple factors to evaluate likelihood of success on the merits, is whether "serious legal questions are raised." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

For purposes of the motion, only, the Trustee will concede that the subject of the Turnover Order is somewhat novel. That said, the Trustee submits that the Court's September 15, 2023 oral ruling is the correct interpretation of applicable state and federal law and that the Debtor is obligated, pursuant to C.C.P. § 704.720(b), to turn over the Proceeds to the Trustee because he failed to timely reinvest them. The Trustee is confident that the District Court will affirm this Court's ruling on appeal.

---

[1] It is unclear whether Federal Rule of Civil Procedure 62 applies to an appellant seeking a stay pending appeal in a contested matter. *See, e.g., In re Ewell*, 958 F 2d. 276 (9th Cir. 1992), Federal Rule of Bankruptcy Procedure 9014(c).

### B. There is No Evidence of Irreparable Injury

#### 1. The Debtor's Gross Annual Income is $5,250,000

This second "critical" factor is evidence of an irreparable injury. The Motion asserts that the Debtor will "…suffer irreparable injury in the absence of stay. At a minimum compliance with the order during the appeal will be a significant burden to Kane if not irreparable harm." Motion, Page 10, Lines 8-10. The Motion, however, provides no evidence of irreparable injury or harm to the Debtor if a stay is not granted.

In fact, the exact opposite is true. The Debtor will suffer no harm if a stay is not entered. As made clear in the request for judicial notice filed in support of the Motion, the Debtor's *average* annual gross income through calendar year 2026 is $5.25 million. *See*, Request for Judicial Notice, Exhibit A, Docket 327. The Turnover Order requires the Debtor to deliver to the Trustee just slightly more than three percent (3%) of his gross annual income. Turning over such a sum is highly unlikely to result in irreparable harm to the Debtor. As to this second of the two critical factors, it is the Debtor who, in seeking the stay, is required to "… demonstrate that irreparable injury is *likely* in the absence of an injunction." *Nken*, 129 S. Ct. at 375 (emphasis in original).

> In other words, [the moving party's] burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as she must show that an irreparable injury is the more probable or likely outcome.

*Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

Under applicable binding authority in this Circuit, because the Debtor "…has not made a certain threshold showing regarding irreparable harm …then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

#### 2. The Bankruptcy Estate Will Be Harmed If a Stay is Granted Without a Bond

While there is no evidence that the Debtor will be harmed if a stay is granted without a bond, the same cannot be said about the bankruptcy estate. The estate is likely to be harmed if the Debtor is granted a stay *without* requiring him to post a bond. The Motion conveniently disregards the

Debtor's documented and acknowledged high stakes gambling addiction. *c.f.,* Order Following Trial, *Centennial Bank v. Evander Kane*, Adversary Proceeding 21-5016, Page 3, Lines 13-16. "The testimony at trial demonstrated that Kane has a profound gambling addiction. Kane admits as much, describing his gambling as 'volatile.'"

While the Trustee understands that the Debtor may be receiving counseling with regard to his gambling problems, there is no guaranty that the Debtor will not relapse during the pendency of the appeal or somehow no longer be engaged as a professional hockey player and still have the means to return the Proceeds to the Trustee as required by the Turnover Order.

In January 2022, the San Jose Sharks placed the Debtor on unconditional waivers for the purpose of terminating his contract, due to the alleged violation of COVID-19 protocols. The Trustee does not know if the Debtor received further compensation from the Sharks. The abrupt end to the Debtor's relationship with the Sharks is a concern to the Trustee, as it is possible for the Debtor to have a dispute with his current team resulting in a loss of income – sums that could be used to pay the Proceeds to the Trustee.

Again, because the Debtor has not made a "threshold showing regarding irreparable harm …then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

**C.     Balancing of Hardships**

A stay pending appeal will put the estate at risk of not being able to collect the Proceeds from the Debtor. As noted in the prior section concerning irreparable injury, there is no evidence that the Debtor, with an annual gross income of $5.25 million, will face any hardship in paying the Proceeds to a bonded trustee, or tendering a bond to ensure payment of the Proceeds to the estate while the appeal is pending. On the other hand, the estate will put in the position of potentially not being able to collect the Proceeds in the future if the Debtor ceases playing hockey, if his contract with the Edmonton is terminated, or if he simply gambles it all away.

The Proceeds equal roughly 25% of the funds presently on hand in the estate. The Proceeds constitute a material portion of sums of the estate that can be paid to creditors with allowed claims.

The Trustee contends that the third factor favors the Trustee.

### D. Where the Public Interest Lies

In the Trustee's opinion, the public interest is not implicated in the motion for the stay or the Trustee's opposition to it. To the extent that the Court may consider the Debtor's theory that the public interest lies in getting a published decision on these issues from the District Court, a stay pending an appeal will not make any difference in an opinion from the District Court. The Debtor has filed his appeal and has not presented any evidence that he will not be able to pursue the appeal if a stay is not granted.

While not expressly stated in the Motion, the purpose of the Motion is simple – the Debtor, who can currently easily afford to pay $170,350, does not want to pay now and likely wants to avoid the hassle and embarrassment of having the Trustee take action to collect the Proceeds.

## II. CONCLUSION

Because the Debtor has not made a "threshold showing regarding irreparable harm …" the motion must be denied *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). There is no basis for a stay. The Trustee respectfully requests the Court to deny the Motion.

DATED: October 24, 2023     RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET,
Trustee in Bankruptcy